# MUTUAL NON-DISCLOSURE AGREEMENT

This Agreement is made and entered into as of the last date signed below (the "Effective Date") by and between Sarah [redacted] (the "First Party") and Gregory Avarre, whose principal mailing address is 5001 Fe Yri Lane NW (the "Second Party"). Effective Date: 1-18-19

WHEREAS The First Party and the Second Party (the "Parties") have an interest in participating in discussions, collaborations & other interactions wherein either Party might share information with the other that the disclosing Party considers to be proprietary and confidential to itself ("Confidential Information"); and

WHEREAS the Parties agree that Confidential Information of a Party might include, but not be limited to that Party's: (1) business plans, methods, and practices; (2) personal stories, private information regarding anything associated with both parties; (3) any other conversations or events, or other related information;

NOW, THEREFORE, the Parties agree as follows:

1. Either Party may disclose Confidential Information to the other Party in confidence provided that the disclosing Party identifies such information as proprietary and confidential. All information and events are to be mutually considered confidential until both parties agree specific information is not confidential.

2. All information disclosed between both parties as well as events witnessed are to be kept between said parties until both parties mutually agree information is no longer private. If only one-party consents to release of information, and information is released, it is a violation of this agreement.

3. All Confidential Information disclosed under this Agreement shall be and remain the property of the disclosing Party and nothing contained in this Agreement shall be construed as granting or conferring any rights to such Confidential Information on the other Party. The Recipient shall honor any request from the disclosing Party to promptly return or destroy all copies of Confidential Information disclosed under this Agreement and all notes related to such Confidential Information. The Parties agree that the disclosing Party will suffer irreparable injury if its Confidential Information is made public, released to a third party, or otherwise disclosed in breach of this Agreement and that the disclosing Party shall be entitled to obtain injunctive relief against a threatened breach or continuation of any such breach and, in the event of such breach, an award of actual and exemplary damages from any court of competent jurisdiction.

4. Notwithstanding the above, the Parties agree that information shall not be deemed Confidential Information and the Recipient shall have no obligation to hold in confidence such information, where such information:
   (a) Is or becomes publicly known through no wrongful act of the Recipient, its employees, officers, directors, or agents; or
   (b) Is approved for release (and only to the extent so approved) by the disclosing Party; or
   (c) Is disclosed pursuant to the lawful requirement of a court or governmental agency or where required by operation of law.

5. Nothing in this Agreement shall be construed to constitute an agency, partnership, joint venture, or other similar relationship between the Parties.

6. Neither Party will, without prior approval of the other Party, make any public announcement of or otherwise disclose the existence or the terms of this Agreement.

7. This Agreement contains the entire agreement between the Parties and in no way creates an obligation for either Party to disclose information to the other Party or to enter into any other agreement.

8. Parties are forbidden from producing false statements about one another to any third parties in addition to keeping all actual occurring conversations and events private and mutually exclusive.

9. This Agreement shall remain in effect for a period of five (5) years from the Effective Date. The requirement to protect Confidential Information disclosed under this Agreement shall survive termination of this Agreement.

IN WITNESS WHEREOF:

FIRST PARTY

[redacted] 1/18/19

Signature Date

Sarah [redacted]

Printed Name

[redacted]

Phone Number

SECOND PARTY

1-18-19

Signature Date

Gregory Avarog

Printed Name

[redacted]

Phone Number

# MUTUAL NON-DISCLOSURE AGREEMENT

This Agreement is made and entered into as of the last date signed below (the "Effective Date") by and between Sarah [redacted] (the "First Party") and Taylor Avarae, whose principal mailing address is 5001 Fern Ln Gig Harbor, WA 98335 (the "Second Party"). Effective Date: 01/15/2019

WHEREAS The First Party and the Second Party (the "Parties") have an interest in participating in discussions, collaborations & other interactions wherein either Party might share information with the other that the disclosing Party considers to be proprietary and confidential to itself ("Confidential Information"); and

WHEREAS the Parties agree that Confidential Information of a Party might include, but not be limited to that Party's: (1) business plans, methods, and practices; (2) personal stories, private information regarding anything associated with both parties; (3) any other conversations or events, or other related information;

NOW, THEREFORE, the Parties agree as follows:

1. Either Party may disclose Confidential Information to the other Party in confidence provided that the disclosing Party identifies such information as proprietary and confidential. All information and events are to be mutually considered confidential until both parties agree specific information is not confidential.

2. All information disclosed between both parties as well as events witnessed are to be kept between said parties until both parties mutually agree information is no longer private. If only one-party consents to release of information, and information is released, it is a violation of this agreement.

3. All Confidential Information disclosed under this Agreement shall be and remain the property of the disclosing Party and nothing contained in this Agreement shall be construed as granting or conferring any rights to such Confidential Information on the other Party. The Recipient shall honor any request from the disclosing Party to promptly return or destroy all copies of Confidential Information disclosed under this Agreement and all notes related to such Confidential Information. The Parties agree that the disclosing Party will suffer irreparable injury if its Confidential Information is made public, released to a third party, or otherwise disclosed in breach of this Agreement and that the disclosing Party shall be entitled to obtain injunctive relief against a threatened breach or continuation of any such breach and, in the event of such breach, an award of actual and exemplary damages from any court of competent jurisdiction.

4. Notwithstanding the above, the Parties agree that information shall not be deemed Confidential Information and the Recipient shall have no obligation to hold in confidence such information, where such information:
   (a) Is or becomes publicly known through no wrongful act of the Recipient, its employees, officers, directors, or agents; or
   (b) Is approved for release (and only to the extent so approved) by the disclosing Party; or
   (c) Is disclosed pursuant to the lawful requirement of a court or governmental agency or where required by operation of law.

5. Nothing in this Agreement shall be construed to constitute an agency, partnership, joint venture, or other similar relationship between the Parties.

6. Neither Party will, without prior approval of the other Party, make any public announcement of or otherwise disclose the existence or the terms of this Agreement.

7. This Agreement contains the entire agreement between the Parties and in no way creates an obligation for either Party to disclose information to the other Party or to enter into any other agreement.

8. Parties are forbidden from producing false statements about one another to any third parties in addition to keeping all actual occurring conversations and events private and mutually exclusive.

9. This Agreement shall remain in effect for a period of five (5) years from the Effective Date. The requirement to protect Confidential Information disclosed under this Agreement shall survive termination of this Agreement.

IN WITNESS WHEREOF:

| FIRST PARTY | | SECOND PARTY | |
|---|---|---|---|
| [redacted] | 1/18/19 | | 01/18/2019 |
| Signature | Date | Signature | Date |
| Sarah [redacted] | | Taylor Arance | |
| Printed Name | | Printed Name | |
| [redacted] | | [redacted] | |
| Phone Number | | Phone Number | |