**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| SARAH,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br>Defendants. | CASE NO.: 1:23-CV-00223<br><br>HON. HALA Y. JARBOU |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS JAMES AND LUCAS JACKSON'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(3), AND 12(b)(5), OR IN THE ALTERNATE, TO DISMISS OR TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS


CONCISE STATEMENT IN SUPPORT OF PLAINTIFF'S POSITION .......... 1

STATEMENT OF FACTS .......... 3

ARGUMENT .......... 6

I. DISMISSAL IS NOT PROPER UNDER RULE 12(b)(2) .......... 6
- A. Plaintiff Only Required to Make A *Prima Facie* Showing of Personal Jurisdiction .......... 6
- B. Plaintiff's Claims Have National Jurisdiction .......... 7
- C. Alternatively, Defendants have Specific Personal Jurisdiction in this District .......... 10

II. VENUE IS PROPER IN THIS DISTRICT .......... 15
- A. The Claims Have Transactional Venue In This District .......... 15
- B. Defendants' Motion to Transfer Venue Should be Denied 17

III. THE JACKSON DEFENDANTS WERE PROPERLY SERVED .......... 20

CONCLUSION .......... 20

PROOF OF SERVICE .......... 22

## TABLE OF AUTHORITIES

### Cases

*Accord, Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131 (6th Cir.1991) ....... 19

*Amphion, Inc. v. Buckeye Elec. Co.*, 285 F.Supp. 2d 943 (E.D. Mich. 2003)... 17

*Bird v. Parsons,* 289 F.3d 865 (6th Cir. 2002).................................... 1, 2, 7, 10

*Bridgeport Music, Inc. v. Still N The Water Pub.,* 327 F.3d 472 (6th Cir. 2003) .................................................................... 2, 7, 11, 12

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).............................. 12, 13

*CompuServe, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir. 1996)............................7

*Denny's, Inc. v. Cake*, 364 F.3d 521 (4th Cir. 2004) ........................................ 20

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006) ...........7

*Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F.Supp. 371 (W.D. Mich. 1990) ........................................................................... 3, 19

*Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir.1978)...................... 18

*First of Michigan Corp. v. Bramlet*, 141 F.3d 260 (6th Cir. 1998) ............. 2, 16

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983) .......8

*Gen. Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F.Supp. 656 (E.D. Mich. 1996) ........................................................................... 3, 19

*Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915 (2011) ....... 11

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ..........................................................................................7

*Grand Kensington, LLC v. Burger King Corp.*, 81 F.Supp.2d 834 (E.D. Mich. 2000) ........ 3, 19

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ........ 18

*Haile v. Henderson Nat'l Bank*, 657 F.2d 816 (6th Cir. 1981)........9

*Helder v. Hitachi Power Tools, USA Ltd.*, 764 F.Supp. 93 (E.D. Mich. 1991) 19

*In Re: Hotel TVPRA Litigation*, No. 2:22-CV-1924, 2023 WL 3075851 (S.D. Ohio Apr. 25, 2023)........ 1, 9

*In Re Oil Spill by Amoco Cadiz,* 954 F.2d 1279 (7th Cir. 1992)........9

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement,* 326 U.S. 310 (1945)........ 11

*IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049 (2d Cir. 1993)..... 9, 10

*Med. Mut. of Ohio v. DeSoto*, 245 F.3d 561 (6th Cir. 2001)........ 1, 9

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 954 F.2d 1174 (6th Cir. 1992)........ 10, 11

*Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883 (6th Cir.2002)........ 12

*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955)........ 18

*Peay v. BellSouth Med. Assistance Plan,* 205 F.3d 1206 (10th Cir. 2000)........8

*Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990)........ 18

*Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2022 WL 106733 (M.D. Tenn. Jan. 11, 2022)........ 1, 8

*Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212 (6th Cir. 1989) ........7

*Sifers v. Horen,* 385 Mich. 195, n. 2, 188 N.W.2d 623 (1971)........ 11

*Southern Machine Company v. Mohasco Industries*, Inc., 401 F.2d 374 (6th Cir. 1968)........ 2, 12

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)........ 18, 19

*Sullivan v. Tribley*, 602 F. Supp. 2d 795 (E.D. Mich. 2009) .......................... 18

*Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991) ........................ 1, 6, 11

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .................................................. 18

*Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002) .............7

**Statutes**

18 U.S.C. § 1595 .........................................................................................8

18 U.S.C. § 2255 ................................................................................... *passim*

18 U.S.C. § 2255(a) ..................................................................................... 15

18 U.S.C. § 2255(b)(2) ............................................................................ 3, 20

18 U.S.C. § 2255(c)(1) ................................................................................. 15

21 U.S.C. § 1331 .........................................................................................8

28 U.S.C. § 1391 ......................................................................................... 15

28 U.S.C. § 1391(a)(2) ................................................................................. 16

28 U.S.C. § 1391(b) ............................................................................... 15, 16

28 U.S.C. § 1391(b)(1) ................................................................................. 16

28 U.S.C. § 1391(b)(2) ................................................................................. 16

28 U.S.C. § 1404 ................................................................................... 17, 18

28 U.S.C. § 1404(a) ............................................................................... 18, 23

29 U.S.C. § 1132(e)(2) ............................................................................ 8, 20

**Rules**

14D Fed. Prac. & Proc. Juris. § 3804 (4th ed.) ............................................ 16

Fed. R. Civ. P. 4(k)(1) .................................................................................8

Fed. R. Civ. P. 12(b)(2) ....................................................................... 1, 5, 6, 7

Fed. R. Civ. P. 12(b)(3) .......... 2, 5, 6, 15

Fed. R. Civ. P. 12(b)(5) .......... 5, 6

## CONCISE STATEMENT IN SUPPORT OF PLAINTIFF'S POSITION

When evaluating a Motion to Dismiss pursuant to Rule 12(b)(2) on the pleadings and affidavits, the plaintiff only has to make a *prima facie* showing that personal jurisdiction exists in order to overcome dismissal. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). If the defendant presents affidavits which conflict with plaintiff's pleadings and affidavits, the court cannot consider such conflicting facts, as the facts must be viewed in a light most favorable to the plaintiff. *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002).

This Court has personal jurisdiction over Defendants James and Lucas Jackson (the "Jackson Defendants") because Plaintiffs have filed suit under 18 U.S.C. § 2255 which conveys national jurisdiction and national service of process. *Ramsbottom v. Ashton,* 3:21-cv-00272, *13 (M.D. Tenn. Jan. 11, 2022); *In Re: Hotel TVPRA Litigation*, No. 2:22-CV-1924, 2023 WL 3075851, *9 (S.D. Ohio Apr. 25, 2023) (citing *Med. Mut. of Ohio v. DeSoto*, 245 F.3d 561, 567 (6th Cir. 2001). Defendant's conduct has been alleged to have occurred fully within the United States.

Alternatively, where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction exists over a defendant 'if the defendant is amendable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction

would not deny the defendant [ ] due process.'" *Bird v. Parson,* 289 F.3d 865, 871 (6th Cir. 2002) (citations omitted). Michigan's long arm statute is constitutional and application of service of process does not violate due process. *Bridgeport Music, Inc. v. Still N The Water Pub.,* 327 F.3d 472, 477 (6th Cir. 2003). Due process is met for each of the Jackson Defendants in this case because they purposefully availed themselves to the jurisdiction of this District when they groomed and transported Plaintiff in this District, the cause of action arose from defendant's grooming tactics in this District, and the defendant's actions and the consequences of those actions have a substantial connection to Michigan to make the exercise of jurisdiction over the Jackson Defendants reasonable. *Southern Machine Company, Inc. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

The Jackson Defendants also moved to dismiss this action pursuant to Rule 12(b)(3) and claimed that this action was not filed in the proper venue. This is not correct. Defendants have transactional venue with this District, as a substantial part of the events giving rise to the claim arose in this District. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). Plaintiff has alleged substantial communications and grooming that took place while Plaintiff was in this District, as well as transportation as part of a sex trafficking scheme that originated in the Western District of Michigan.

Defendants move to transfer this case to Washington State as the forum that is the most convenient for the Jackson Defendants. A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another. *See Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F.Supp. 371, 377 (W.D. Mich. 1990). Absent a proper showing for the need to transfer, the plaintiff's choice of forum should be given deference. *Grand Kensington, LLC v. Burger King Corp.*, 81 F.Supp.2d 834, 836 (E.D. Mich. 2000) (citing *Gen. Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F.Supp. 656, 668 (E.D. Mich. 1996)). The Jackson Defendants have failed to meet their burden of proof and have not provided any evidentiary or affidavit support for their claims of convenience.

The Jackson Defendants moved to quash service, alleging that service did not conform with Rule 4. This argument fails however, because Section 2255 conveys national service of process and the defendant(s) can be served in any district in the United States. 18 U.S.C. § 2255(b)(2).

Consequently, the Jackson Defendant's motion should be denied and the parties should be permitted to engage in discovery.

## STATEMENT OF FACTS

Plaintiff Sarah filed this lawsuit based on facts and circumstances which occurred online and offline in the state of Michigan, as well as for conduct that occurred in the state of Washington. (*See* Plaintiff Affidavit). Defendant James

Jackson ("Onision") became a YouTube partner and was running multiple YouTube channels that were monetized through the YouTube Partnership Program. (PageID.20 ¶115). Onision married Defendant Lucas Jackson ("Lainey") in 2012. (PageID.25 ¶145). Soon after, Onision and Lainey began working together to groom and lure underage girls through the Onision YouTube channels and online forums (PageID.26 ¶146–150, PageID.27 ¶156–158). The audience for Onision's channels and forums extended to this District and one member of the Onision and Lainey audience was Plaintiff. (PageID.29–30 ¶176–177; Plaintiff Affidavit ¶2). While living in Michigan as a young child, Plaintiff had access to a computer and used her computer to view Onision and Lainey's channels and forums. (PageID.29 ¶176, Plaintiff Affidavit ¶2). Around the time that Plaintiff turned 14 years old, Lainey befriend this minor child online and began talking with her. (PageID.7 ¶39). From the next two years, Lainey, working in coordination with Onision, began grooming Plaintiff with highly sexualized commentary, flirtations, sexual and flirtatious photos, and proclamations of love. (PageID.30–36 ¶181–209). The Jackson Defendants repeatedly sent grooming communications targeted at Plaintiff while she was a minor living in the state of Michigan.

On multiple occasions from 2016 to 2019, the Jackson Defendants lured and enticed Plaintiff to travel across interstate lines from her home state of Michigan to their home state of Washington while she was a minor for the

purpose of grooming and manipulation of this minor child. (PageID.36, 37, 40, 41, 42, 43, 44, 48 ¶210, 220, 239, 244, 254, 266, 276, 311, 312, 315; Plaintiff Affidavit ¶6–7). Whenever the Jackson Defendants became upset with Plaintiff, they would send her back to Michigan as a punishment. (PageID.40, 41, 47 ¶241, 251–252, 307). Lainey obtained power of attorney and guardianship over Plaintiff, which was obtained and authorized by Plaintiff's mother in this District. (PageID.37 ¶218; Plaintiff Affidavit ¶9). When Plaintiff finally turned 18, after be groomed for the past four years, the Jackson Defendants finally attempted to engage in sexual activity with Plaintiff. (PageID.45 ¶277–283). Ultimately, Onision raped Plaintiff. (PageID.45–46 ¶283–299).

Over the years, the Jackson Defendants have continued to attempt to silence Plaintiff. After another person filed suit in Florida against the Jackson Defendants, both of the Jackson Defendants called Sarah in the Western District of Michigan and attempted to manipulate her into not filing this lawsuit. (PageID.51 ¶329). In a further effort to shame Plaintiff into silence, Onision also released defamatory statements against Plaintiff, claiming that Plaintiff had raped him, amongst other things. (PageID.49–51 ¶317–327; Plaintiff Affidavit ¶11).

On April 2, 2023, the Jackson Defendants filed a Motion to Dismiss Plaintiff's complaint pursuant to Fed. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(5), as well as an incorporated Motion to Transfer Venue.

## ARGUMENT

The Jackson Defendants have moved this Court to dismiss under a theory of lack of personal jurisdiction pursuant to Rule 12(b)(2) and improper venue under Rule 12(b)(3). The Jackson Defendants further seek to transfer jurisdiction to the State of Washington, and seek to quash service pursuant to Rule 12(b)(5). The Jackson Defendants motions are incorrect and should be denied.

### I. DISMISSAL IS NOT PROPER UNDER RULE 12(B)(2)

#### A. Plaintiff Only Required to Make A *Prima Facie* Showing of Personal Jurisdiction

A district court has discretion to decide a 12(b)(2) motion either on (1) affidavits alone, (2) it may allow discovery in aid of deciding the motion, or (3) it may conduct an evidentiary hearing to resolve any apparent factual questions. *Theunissen*, 935 F.2d at 1458 (citing *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). If the court decides the issue without conducting an evidentiary hearing, the plaintiff only has to make a *prima facie* showing that personal jurisdiction exists in order to overcome

dismissal. *Id.* (*citing Serras*, 875 F.2d at 1214); *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996).

Importantly, if the defendant presents affidavits which conflict with plaintiff's pleadings and affidavits, the court cannot consider such conflicting facts, as the facts must be viewed in a light most favorable to the plaintiff. *Bird,* 289 F.3d at 871; *Theunissen,* 935 F.2d at 1459; *Bridgeport Music,* 327 F.3d at 478 (in the absence of an evidentiary hearing, court must review documentary evidence in light most favorable to plaintiff and without considering defendant's controverting assertions). If a plaintiff makes a *prima facie* showing of jurisdiction, a motion to dismiss pursuant to 12(b)(2) must be denied.

**B. Plaintiff's Claims Have National Jurisdiction**

The Jackson Defendants argue that dismissal is proper under Rule 12(b)(2) because this Court lacks personal jurisdiction over the Jackson Defendants. (PageID.178). Defendants ignore, however, that this court has de facto personal jurisdiction over Defendants based on the national jurisdiction created by the Plaintiff's cause of action under 18 U.S.C. § 2255, and as pled in the Complaint. (PageID.11 ¶64).

Federal law includes an act of Congress or a regulation issued under an act of Congress. *See Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002). A case generally arises under federal law when federal law

creates the cause of action. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (jurisdiction upheld); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (jurisdiction lacking) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983) (jurisdiction lacking)) ("A case 'aris[es] under' federal law within the meaning of § 1331…if 'a well-pleaded complaint establishes … that federal law creates the cause of action…'"). Plaintiff sufficiently pleaded causes of action which arise under federal law within the meaning of 21 U.S.C. § 1331 by asserting claims under 18 U.S.C. §§ 1595 and 2255. While Section 1595 does not specifically provide for national service of process, Section 2255 does.

18 U.S.C. § 2255(c)(2) provides that:

> (2) Service of process.—In an action brought under subsection (a), process may be served in any district in which the defendant—
> (A) is an inhabitant; or
> (B) may be found.

Numerous courts, including the Sixth Circuit, have held that this language "authorizes nationwide service of process." *Ramsbottom,* 3:21–cv–00272, *13 (citing *Peay v. BellSouth Med. Assistance Plan,* 205 F.3d 1206, 1210 (10th Cir. 2000) (finding that identical language in 29 U.S.C. § 1132(e)(2) unquestionably authorizes nationwide service of process in ERISA cases).

"The Federal Rules of Civil Procedure set forth the relationship between service of process and personal jurisdiction. Serving a summons or filing a

waiver of service will establish personal jurisdiction over defendants when authorized by federal statute." Fed. R. Civ. P. 4(k)(1). Congress thus has the power to confer nationwide personal jurisdiction when it includes a nationwide service of process provision in a statute. *In Re: Hotel TVPRA Litigation*, No. 2:22–CV–1924 at *9 (citing *DeSoto*, 245 F.3d at 567. With nationwide jurisdiction, the inquiry is not if the defendant has minimum contacts to the forum state, but rather, if the defendant has minimum contacts to the United States. *See Id.* at 567; *see also Haile v. Henderson Nat'l Bank*, 657 F. 2d 816, 826 (6th Cir. 1981) (a court should "apply a minimum contacts with the United States analysis" when Congress authorized nationwide service of process because typical limitations on state extra-territorial power had been rendered "simply inapposite"); *In re Oil Spill by Amoco Cadiz,* 954 F.2d 1279, 1294 (7th Cir. 1992) ("[w]hen the national sovereign is applying national law, the relevant contacts are the contacts between the defendant and the sovereign's nation.")

Additionally, the doctrine of pendent personal jurisdiction provides that "where a federal statute authorizes nationwide service of process, and the federal and state claims derive from a common nucleus of operative fact, the district court may assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available." *IUE*

*AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1056 (2d Cir. 1993) (citation and internal quotation marks omitted).

Defendants, by their own admission, reside in and work in the United States, they were served by a process server in the United States, and their conduct in relation to this lawsuit all has been alleged to have occurred within the United States. Defendants' lack of personal jurisdiction arguments are moot; personal jurisdiction is established under 18 U.S.C. § 2255 and pendant personal jurisdiction extends to all Plaintiff's claims.

**C. Alternatively, Defendants have Specific Personal Jurisdiction in this District**

Even if 18 U.S.C. § 2255 did not provide for national service of process, the Defendants are subject to this Court's jurisdiction despite being outside of the forum state. "Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction exists over a defendant 'if the defendant is amendable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant [ ] due process.'" *Bird,* 289 F.3d at 871 (citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992).

Personal jurisdiction can be general or specific. *Id.* at 873. General personal jurisdiction exists when a defendant's contacts with a state are

sufficiently continuous and systematic. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011). Specific jurisdiction exists over an out-of-state defendant who has minimum contacts with the state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co.,* 326 U.S. 310, 316 (1945)). Plaintiff only asserts that this Court has specific jurisdiction over the Jackson Defendants.

### *1. Defendants are Amendable to Service of Process Under Michigan's Long-Arm Statute, MCL § 600.705*

Michigan's Long Arm Statute allows personal jurisdiction to extend to the limits imposed by the federal constitution's due process clause. *Griepentrog,* 954 F.2d at 1176. Michigan's legislature expanded its "full potential *limited* personal jurisdiction" over nonresidents of the State of Michigan. *Theunissen*, 935 F.2d at 1462 (citing *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971)). As such, "where the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Bridgeport Music*, 327 F.3d at 477.

### *2. The Exercise of Personal Jurisdiction Would Not Deny the Defendant Due Process*

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has

established no meaningful "contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (citing *Int'l Shoe*, 326 U.S. at 319). The exercise of personal jurisdiction is constitutional if the non-resident defendants have sufficient minimum contacts to the State of Michigan. In order to determine if such sufficient minimum contacts exist, the Sixth Circuit has employed a three-prong test referred to as the *Mohasco* test. The three prongs are: (1) defendants purposefully availed themselves of the privilege of acting in the state or causing a consequence in state, (2) the cause of action must arise from the defendant's activities there, and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Mohasco Industries*, 401 F.2d at 381.

"[P]urposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of [the forum state's] opportunities." *Bridgeport Music*, 327 F.3d at 478 (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 891 (6th Cir. 2002)) (internal citation and quotation omitted). The purpose is to ensure that a defendant "will not be

haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilaterally activity of another third party." *Id.* (citing *Burger King,* 471 U.S. at 474–75) (internal quotations omitted).

Defendant James Jackson ("Onision") became a YouTube partner and was running multiple YouTube channels that were monetized through the YouTube Partnership Program. (PageID.20 ¶115). Onision married Defendant Lucas Jackson ("Lainey") in 2012. (PageID.25 ¶145). Soon after, Onision and Lainey began working together to groom and lure underage girls through the Onision YouTube channels and online forums (PageID.26 ¶146–150, PageID.27 ¶156–158). The audience for Onision's channels and forums extended to this District and one member of the Onision and Lainey audience was Plaintiff. (PageID.29-30 ¶176–177; Plaintiff Affidavit ¶2). While living in Michigan as a young child, Plaintiff had access to a computer and used her computer to view Onision and Lainey's channels and forums. (PageID.29 ¶176, Plaintiff Affidavit ¶6).

Lainey, working in coordination with Onision, began texting, messaging, and otherwise communicating with Plaintiff for the purpose of grooming her for sex trafficking and to lure and entice this minor child for illicit sexual purposes. (PageID.30–43 ¶181–265). Plaintiff's grooming occurred in this District as she both received and was affected by the grooming communications sent to her. Onision and Lainey invited Plaintiff to visit them and transported

her by airline from Michigan to Washington. This transportation and solicitation originated in this District. (PageID.36, 37, 40, 41, 42, 43, 44, 48 ¶210, 220, 239, 244, 254, 266, 276, 311, 312, 315; Plaintiff Affidavit ¶6–7). Whenever the Jackson Defendants became upset with Plaintiff, they would send her back to Michigan as a punishment. (PageID.40, 41, 47 ¶241, 251–252, 307). This was an additional manipulative act that furthered Plaintiff's grooming. Lainey obtained power of attorney and guardianship over Plaintiff, which was obtained and authorized in this District. (PageID.37 ¶218; Plaintiff Affidavit ¶9). Over the years, Onision has continued to attempt to silence Plaintiff. After another person filed suit in Florida against the Jackson Defendants, both of the Jackson Defendants called Sarah in the Western District of Michigan and attempted to manipulate her into not filing this lawsuit. (PageID.51 ¶329). Finally, Plaintiff lives in this District currently and when Defendant defamed her, his defamatory comments were expressly aimed at harming Plaintiff in Michigan, knowing the effects of that harm would be felt there. (PageID.49–51 ¶317–327; Plaintiff Affidavit ¶11–12).

As such, a substantial part of the events giving rise to Plaintiff's causes of action occurred in the Western District of Michigan. (PageID.10–11 ¶61, 65). When the Jackson Defendants engaged in criminal and tortious conduct that occurred in part in the Western District of Michigan, they purposefully availed themselves to the jurisdiction of this District, the cause of action arose from

defendant's grooming tactics in this District, and the defendant's actions and the consequences of those actions have a substantial connection to Michigan to make the exercise of jurisdiction over the Jackson Defendants reasonable. Therefore, the Jackson Defendants have sufficient minimum contacts to this District so that there is specific jurisdiction over them.

## II. VENUE IS PROPER IN THIS DISTRICT

The Jackson Defendants argue that dismissal is proper under Rule 12(b)(3) because this District is not the proper venue. (PageID.191). Defendants again ignore the plain language of 18 U.S.C. 2255(c)(1) which provides that "[a]ny action brought under subsection (a) may be brought in the district court of the United States that meets applicable requirements relating to venue under section 1391 of title 28." 18 U.S.C. § 2255(a).

### A. The Claims Have Transactional Venue In This District

Section 1391(b) is the primary provision in the federal venue statute. It consists of three subsections. Stated generally, these allow venue in any district (1) in which all defendants reside ("residential venue"), or (2) where a substantial part of the claim arose ("transactional venue"), or, if there is no district satisfying either of those, where any defendant is subject to personal jurisdiction for the present case ("fallback venue"). 18 U.S.C. § 1391(b).

Residential venue under Section 1391(b)(1) is proper in a district "in which any defendant resides, if all defendants are residents of the state in

which the district is located." If there are multiple defendants residing in different states, like in this case, residential venue cannot be satisfied.[1] Since residential venue is inapplicable, this case must be analyzed under Section 1391(b)(2), which states venue exists in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" (transactional venue).

The Sixth Circuit has determined that pursuant to Section 1391(b)(2) "the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *Bramlet*, 141 F.3d at 263. The "substantial part" standard does not require that a majority of the acts or omissions giving rise to a plaintiff's claims occur in the venue chosen by Plaintiff. *Id.* In addition, Section 1391(a)(2) "does not require venue in the district with the most substantial contacts to the dispute. Rather, it is sufficient that a substantial part of the events occurred in the challenge venue, even if a greater part of the events occurred elsewhere." *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003).

The luring, enticing, and grooming of Plaintiff by the Jackson Defendants occurred in this District. (PageID.30–43 ¶181–265). Furthermore,

[1] *See* § 3804 Structure and Overview of the General Venue Provision, 28 U.S.C. § 1391, 14D Fed. Prac. & Proc. Juris. § 3804 (4th ed.).

the transportation of Plaintiff from Michigan to Washington was planned and originated from communications targeted at a resident of this District. (PageID.36, 37, 40, 41, 42, 43, 44, 48 ¶210, 220, 239, 244, 254, 266, 276, 311, 312, 315; Plaintiff Affidavit ¶6–7). Defendants' scheme to groom Plaintiff for multiple years (age 13–15) was entirely done while Plaintiff was in the District. (PageID.30-36 ¶181–209). Plaintiff received all grooming communications while in the District. (Id.) Plaintiff travelled from the District to visit Defendants in Washington after being invited – a communication sent to and received in the District. (PageID.36, 37, 40, 41, 42, 43, 44, 48 ¶210, 220, 239, 244, 254, 266, 276, 311, 312, 315; Plaintiff Affidavit ¶6–8). Plaintiff's claims have substantial portions of it that occurred in the Western District of Michigan. As such, venue is appropriate in this District.

**B. Defendants' Motion to Transfer Venue Should be Denied**

28 U.S.C. § 1404 permits the Court to transfer venue to another district where it might have been brought if it is necessary for the convenience of the parties and witnesses or the interests of justice. The burden is on the moving party to establish the need for a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978), *overruled on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990). "Unless the balance is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be

disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). *See also Sullivan v. Tribley*, 602 F. Supp. 2d 795, 799 (E.D. Mich. 2009)

The Jackson Defendants have not established the elements necessary to justify a transfer of venue. Courts have broad discretion to transfer an action pursuant to Section 1404 to avoid unnecessary delay and to protect parties, witnesses, and the public from undue expenses and inconvenience. *See generally Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955). The U.S. Supreme Court instructs that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 29 (1988) (*quoting Van Dusen*, 376 U.S. at 622). Courts consider the following factors when ruling on a motion to transfer under § 1404(a): (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining unwilling witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice. *Grand Kensington*, 81 F.Supp.2d at 836; *Helder v. Hitachi Power Tools, USA Ltd*., 764 F.Supp. 93, 96 (E.D. Mich. 1991); *Accord, Moses v. Bus. Card Express, Inc*., 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 30 (1988))

(holding that a "court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"). Additionally, the Court may consider the forum's familiarity with the governing law. See *Grand Kensington*, 81 F.Supp.2d at 836 (citing *Gulf Oil*, 330 U.S. at 508–09). Generally, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing. *See Grand Kensington*, 81 F.Supp.2d at 836 (citing *Gen. Motors Corp.*, 948 F.Supp. at 668). A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another. *See Evans Tempcon*, 778 F.Supp. at 377.

Defendants have failed to meet their burden to show that transfer is appropriate. Defendants have stated in their motion without any supporting evidence that they are of "average means" and they "cannot afford to travel and defend a case in Michigan." They have also alleged that the witnesses in the case reside in Washington yet have no knowledge of who or where Plaintiff's witnesses reside. Without any evidence or affidavits to support such allegations, the Jackson Defendants have not met their burden and have not provided this Court any analysis as to the seven factors that must be considered beyond the above stated, unsupported statements. Plaintiff has

properly filed their case in the Western District of Michigan and venue should not be disturbed.

## III. THE JACKSON DEFENDANTS WERE PROPERLY SERVED

The Jackson Defendants contest this court's power to assert personal jurisdiction over them on the basis that they were not served in the state of Michigan. To state the argument is to rebut it, particularly because Plaintiff's claims are based on a federal statute with national service of process.

As previously discussed, Masha's Law or 18 U.S.C. § 2255's national service of process provision is analogous to the ERISA statute found at 29 U.S.C. § 1132(e)(2). See *Denny's, Inc. v. Cake*, 364 F.3d 521, 524 (4th Cir. 2004) ("ERISA contains a nationwide service of process provision.") With a national service of process provision, service of process may be achieved "in any district in which the defendant (A) is an inhabitant or (B) may be found." 18 U.S.C. § 2255(b)(2). Defendants concede they are inhabitants and reside in Washington, and that they were personally served via process server in Washington. As such, Defendants have admitted that under § 2255, service was proper.

## CONCLUSION

For all the above reasons, this District has personal jurisdiction over the Jackson Defendants, venue is proper in this District, and service of the summons was properly executed. Furthermore, transfer of venue is improper

and should be denied. Plaintiff hereby request this Honorable Court to deny the Jackson Defendants' Motion to Dismiss and grant such other relief as is just and appropriate.

DATED: May 1, 2023

Respectfully Submitted,

*/s/ Lisa D. Haba*
Lisa D. Haba
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Dr.
Suite 207
Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com

*/s/ James R. Marsh*
James R. Marsh
Margaret E. Mabie
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (212) 372-3030
jamesmarsh@marsh.law
margaretmabie@marsh.law

*Attorneys for Plaintiff*

**PROOF OF SERVICE**

Lisa D. Haba hereby states that she did serve a copy of PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS JAMES AND LUCAS JACKSON'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(3), AND 12(b)(5), OR IN THE ALTERNATE, TO DISMISS OR TRANSFER PURSUANT TO 28 U.S.C. § 1404(a) on May 1, 2023 pursuant to Fed. R. Civ. P. 5(d) via the United States District Court for the Western District of Michigan electronic filing system.

DATED: May 1, 2023

*/s/ Lisa D. Haba*

Lisa D. Haba
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Dr.
Suite 207
Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com