**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| SARAH,<br><br>Plaintiff,<br><br>v.<br><br>Google LLC, YouTube LLC, James JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br>Defendants. | CASE NO: 1:23-CV-00223-HYJ-SJB<br><br>HON. HALA Y. JARBOU |

****CORRECTED****

**BRIEF IN SUPPORT OF MOTION BY DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. YouTube And Its Terms of Service ..... 2

B. Plaintiff and the Jackson Defendants Agreed to the Terms ..... 3

C. Plaintiff's Claims Arise Out of and Relate to Both the YouTube Service and the Terms ..... 4

III. ARGUMENT ..... 5

A. The Forum-Selection Clause Governs Plaintiff's Claims ..... 6

B. YouTube's Forum-Selection Clause Is Mandatory And Enforceable ..... 8

C. Plaintiff Cannot Carry The Heavy Burden Necessary To Overcome The Forum-Selection Clause ..... 10

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abid v. Google, Inc.*,
2017 U.S. Dist. LEXIS 224173 (M.D.N.C. Oct. 12, 2017) *adopted*, 2018 U.S. Dist. LEXIS 228730 (M.D.N.C. Feb. 13, 2018)........8

*Atl. Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*,
571 U.S. 49 (2013)........ *passim*

*Biltz v. Google, Inc.*,
2018 U.S. Dist. LEXIS 112632 (D. Haw. July 6, 2018)........9

*Bowen v. YouTube, Inc.*,
2008 U.S. Dist. LEXIS 122337 (W.D. Wash. Apr. 15, 2008)........9

*Carnival Cruise Lines, Inc. v. Shute*,
499 U.S. 585 (1991)........6, 8

*Cinetic DyAG Corp. v. Forte Automation Sys.*,
2008 U.S. Dist. LEXIS 90968 (E.D. Mich. Nov. 6, 2008)........6, 8

*Complete Med. Sales, Inc. v. Genoray Am., Inc.*,
2020 U.S. Dist. LEXIS 125230 (E.D. Mich. July 16, 2020)........5, 6, 9, 10

*Davis v. Avvo, Inc.*,
2011 U.S. Dist. LEXIS 103332 (M.D. Fla. Sept. 13, 2011)........8

*DeLima v. Google, Inc.*,
561 F. Supp. 3d 123 (D.N.H. 2021)........9

*Family Wireless #1, LLC v. Auto. Techs., Inc.*,
2015 U.S. Dist. LEXIS 115810 (E.D. Mich. Sept. 1, 2015)........6

*Huffman v. Hilltop Cos., LLC*,
747 F.3d 391 (6th Cir. 2014)........7

*In re Howmedica Osteonics Corp.*,
867 F.3d 390 (3d Cir. 2017)........11

*In re Rolls Royce Corp.*,
775 F.3d 671 (5th Cir. 2014)........11

*Kifle v. YouTube LLC*,
2021 U.S. Dist. LEXIS 168267 (N.D. Ga. Mar. 12, 2021)........9

*Kijimoto v. YouTube, LLC*,
2018 U.S. Dist. LEXIS 225915 (C.D. Cal. Jan. 30, 2018)........9

*Lewis, v. Google, Inc.*,
2019 U.S. Dist. LEXIS 223263 (D. Co. Dec. 31, 2019)....................9

*Loomer v. Facebook, Inc.*,
2020 U.S. Dist. LEXIS 99430 (S.D. Fla. Apr. 13, 2020) ....................7, 8

*Lukasak v. Premier Sports Events, LLC*,
2014 U.S. Dist. LEXIS 207078 (W.D. Mich. Apr. 2, 2020) ....................5, 6, 10

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972)....................8

*Muhammad v. YouTube, LLC*,
2019 U.S. Dist. LEXIS 92358 (M.D. La. June 3, 2019)....................9

*Quicken Loans Inc. v. RE/MAX, LLC*,
216 F. Supp. 3d 828 (E.D. Mich. 2016)....................5, 6

*Ramani v. YouTube, LLC*,
2019 U.S. Dist. LEXIS 197106 (S.D.N.Y. Nov. 12, 2019)....................9

*Rosta AG v. Lovejoy, Inc.*,
2018 U.S. Dist. LEXIS 246286 (W.D. Mich. Apr. 23, 2018) ....................5, 6

*Rudgayzer v. Google, Inc.*,
986 F. Supp. 2d 151 (E.D.N.Y. 2013), *order withdrawn on other grounds*,
2014 U.S. Dist. LEXIS 197511 (E.D.N.Y. Feb. 10, 2014)....................8, 10

*Seaman v. YouTube, LLC*,
No. 3:18-cv-833-HEH, Dkt. 20 (E.D. Va. Apr. 5, 2019)....................9

*Segal v. Amazon.com, Inc.*,
763 F. Supp. 2d 1367 (S.D. Fla. 2011) ....................8

*Smith v. AEGON Cos. Pension Plan*,
769 F.3d 922 (6th Cir. 2014) ....................8

*Song fi, Inc. v. Google Inc.*,
72 F. Supp. 3d 53 (D.D.C. 2014)....................3, 9

*Stewart Org., Inc. v. Ricoh Corp.*,
810 F.2d 1066 (11th Cir. 1987), *aff'd*, 487 U.S. 22 (1988)....................6

*Temple v. Best Rate Holdings LLC*,
360 F. Supp. 3d 1289 (M.D. Fla. 2018)....................8

*Transp. Sys., LLC v. Pace Runners*,
Inc., 2018 U.S. Dist. LEXIS 130262 (E.D. Mich. Aug. 3, 2018)....................10

*Trump v. Youtube, LLC*,
2021 U.S. Dist. LEXIS 258273 (S.D. Fla. Oct. 6, 2021)....................1, 7, 9

*Valspar Corp. v. E.I. DuPont de Nemours & Co.*,
15 F. Supp. 3d 928 (D. Minn. 2014), *aff'd*, 873 F.3d 185 (3d Cir. 2017) ....................11

## STATUTES

28 U.S.C. § 84(a) ....................................................................................................................3

28 U.S.C. § 1404(a) ....................................................................................................1, 2, 5, 11

## RULES

N.D. Cal. Civil L.R. 3-2(e) ..........................................................................................................3

Fed. R. Civ. P. 12(b)(6)..................................................................................................................4

Fed. R. Civ. P. 21 ........................................................................................................................11

## I. INTRODUCTION

Defendants Google LLC and YouTube, LLC (collectively, "YouTube") move under 28 U.S.C. § 1404(a) to transfer this case to the San Jose Division of the Northern District of California pursuant to the parties' governing forum-selection agreement.

Plaintiff's claims against YouTube fail as a matter of law, as explained in YouTube's concurrently filed motion to dismiss. But this case faces a threshold problem: Plaintiff filed suit in the wrong place. When Plaintiff created a YouTube account, she agreed to YouTube's Terms of Service ("TOS" or "Terms"), which includes an express forum-selection provision that requires litigation of cases like this to proceed in California.

The Supreme Court has made clear that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citation omitted). And an unbroken line of cases have held that YouTube's forum-selection clause is valid and enforceable, and have applied it to transfer cases like this one to the parties' designated federal forum—the Northern District of California. *See, e.g.*, *Trump v. Youtube, LLC*, 2021 U.S. Dist. LEXIS 258273, at *36 (S.D. Fla. Oct. 6, 2021).

The same result is warranted here. Plaintiff's claims arise out of the alleged wrongdoing of Defendants James Jackson ("Onision") and Lucas Jackson ("Lainey") (collectively "the Jacksons" or "Jackson Defendants"). Plaintiff alleges that as a minor she was "groomed" by the Jacksons, who enticed her to make multiple visits to them in Washington State where eventually, allegedly, Onision raped her. Plaintiff does not claim that YouTube was involved in the Jacksons' grooming efforts or knew anything about those efforts. Nonetheless, Plaintiff sued YouTube, alleging that Onision's popular YouTube channel was how she first learned of him. Plaintiff seeks to hold YouTube liable for hosting (or failing to remove) Onision's videos and for allowing him to earn

advertising revenue from his channel.

The TOS that Plaintiff agreed to is clear about where such disputes belong: "All claims arising out of or relating to these terms or the [YouTube] Service … will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA." While legally meritless as to YouTube, for the reasons explained in YouTube's concurrently filed motion to dismiss, Plaintiff's claims, as pleaded, fall within this mandatory provision. Accordingly, Plaintiff's "choice of forum merits no weight," *Atl. Marine*, 571 U.S. at 63, and this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## II. BACKGROUND

### A. YouTube And Its Terms of Service

Google owns and operates YouTube, an online video service with billions of users and millions of user-created "channels" offering a vast array of video content. Compl. (Dkt. 1) ¶¶ 8-11. YouTube users can create and post videos to their channels, which other users can view. YouTube allows visitors to access and use its service—including by creating channels and uploading videos free of charge—provided they agree to its Terms. *See id.* ¶¶ 25-26, 86-87.

To create a YouTube channel and upload content to YouTube, every user is required to accept the TOS. Declaration of Raquel Small ("Decl.") ¶¶ 3, 7 & Ex. A (https://www.youtube.com/t/terms (eff. Jan. 5, 2022)). For example, in the current version of the sign-up process, when users create a channel, they are presented with the text: "By tapping Create Channel you agree to YouTube's Terms of Service." *Id.* ¶ 7. The phrase "YouTube's Terms of Service" appears in blue font, and contains a hyperlink to the complete text of the YouTube Terms. *Id.* By clicking "Create Channel," users agree to abide by the YouTube Terms. *Id.*

At all times relevant here, the TOS included an express forum-selection clause designating Northern California courts as the exclusive venue for litigation arising out of or relating to the

YouTube Service. Decl. ¶ 4. This is the current version:

> All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.

Decl. ¶ 4 & Ex. A at 15; *see also* Decl. ¶ 5 & Ex. B (similar language in effect on February 23, 2013), Ex. C (same on February 6, 2015); Ex. D (same in November 2019). "Service" is a defined term in the Terms that encompasses "the YouTube platform and the products, services and features we make available to you as part of the platform[.]" Ex. A at 2. Santa Clara County, California lies within the San Jose Division of the Northern District of California. 28 U.S.C. § 84(a); N.D. Cal. Civil L.R. 3-2(e). Because many millions of users create channels and upload videos on YouTube's website free of charge, the forum-selection clause is necessary to manage the costs of litigation and reduce the inconvenience to YouTube that would arise if the company were forced to litigate claims all over the world. Decl. ¶ 6; *accord Song fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 64 (D.D.C. 2014).

At all times relevant here, the TOS also provided that YouTube may modify the Terms over time. Exs. A-D. Modifications of the Terms only apply going forward. *Id.*

### B. Plaintiff and the Jackson Defendants Agreed to the Terms

Plaintiff created YouTube channels on February 23, 2013 and February 6, 2015. Decl. ¶¶ 8-9. In doing so, she affirmatively agreed to the TOS (*id.*) including its forum-selection clause which then designated "a court of competent jurisdiction located in Santa Clara County, California" (Exs. B-C) and now similarly designates the "federal or state courts of Santa Clara County, California, USA" (Ex. A). At the time she created the channels she was a minor, according to her Complaint. Compl. (¶ 41); Decl. ¶ 8. She later reaffirmed her agreement to the TOS after reaching the age of majority. Compl. ¶ 41; Decl. ¶ 9. On some occasions, YouTube blocks a user

from using the service until they affirmatively click a button to reaffirm their agreement to the TOS. Decl. ¶ 9. Plaintiff did so on November 6, 2019 and again on November 25, 2019. *Id.* On these occasions, Sarah was 19 years old. Compl. ¶ 41. The version of the TOS that Plaintiff agreed to on those dates appears as Exhibit D. Decl. ¶ 5.

The Jackson Defendants also created YouTube channels that they used to post videos to YouTube, and in the process of doing so they also affirmatively clicked a button indicating their agreement to be bound by YouTube's Terms, including the forum-selection clause. *See* Compl. ¶¶ 8 & 102 (alleging that James Jackson created his first YouTube channel in 2006), 27 (listing "several YouTube channels" run by Onision), 32 ("Lainey … became a part of the Onision channel"), 147 ("Onision's YouTube channels gave him … fame"); Decl. ¶ 7.

### C. Plaintiff's Claims Arise Out of and Relate to Both the YouTube Service and the Terms

The gravamen of Plaintiff's claims against YouTube is that YouTube allowed Onision to use "YouTube channels [that] gave him the fame, platform, and megaphone to reach countless people," including "young teenage girls" (Compl. ¶ 147), and then "did nothing to enforce their Terms of Service and Community Guidelines" after learning about concerns about Onision (¶ 126). In connection with each of its claims against YouTube, the Complaint alleges that Onision "abuse[d]" YouTube's "Terms of Service." *Id.* ¶¶ 363 (Count II), 383 (Count III), 410 (Count IV).

Plaintiff filed suit on March 2, 2023. On March 31, 2023, the Jackson Defendants filed their motion to dismiss or in the alternative to transfer to the Western District of Washington (Dkt. 15; *see also* Dkts. 16, 21), the latter of which YouTube opposed on April 20, 2023 (Dkt. 26). In addition to filing this motion to transfer, YouTube has concurrently filed a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

## III. ARGUMENT

"[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a)[.]" *Atl. Marine*, 571 U.S. at 52; *accord* 28 U.S.C. § 1404(a) (permitting transfer "to any district . . . to which all parties have consented"). "When a defendant files such a motion, . . . a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine*, 571 U.S. at 52; *see also id.* at 62-63 ("a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases") (citation omitted); *accord Quicken Loans Inc. v. RE/MAX, LLC*, 216 F. Supp. 3d 828, 832 (E.D. Mich. 2016) (same) (quoting *Atl. Marine*); *Complete Med. Sales, Inc. v. Genoray Am., Inc.*, 2020 U.S. Dist. LEXIS 125230, at *5-6 (E.D. Mich. July 16, 2020) ("Pursuant to § 1404, contracts containing enforceable forum selection clauses should be given controlling weight in all but the most exceptional cases.") (internal quotation marks and citation omitted); *Lukasak v. Premier Sports Events, LLC*, 2014 U.S. Dist. LEXIS 207078, at *5 (W.D. Mich. Apr. 2, 2020) ("when a forum-selection clause exists, it must be given controlling weight") (*citing Atl. Marine*, 571 U.S. at 63).

Because a forum-selection clause "represents the parties' agreement as to the most proper forum," the presence of such a clause requires that certain "adjustments" be made to the regular § 1404(a) analysis. *Atl. Marine*, 571 U.S. at 62-63 (citation omitted). "[A]rguments about the parties' private interests are given no weight. Because the parties agreed to a particular forum, 'they waive the right to challenge the preselected forum as inconvenient or less convenient . . . .'" *Rosta AG v. Lovejoy, Inc.*, 2018 U.S. Dist. LEXIS 246286, at *11 (W.D. Mich. Apr. 23, 2018) (quoting *Atl. Marine*, 571 U.S. at 64); *accord Lukasak*, 2014 U.S. Dist. LEXIS 207078, at *5 ("the court can consider that the relevant private-interest factors weigh entirely in favor of the preselected forum"). In such cases, the plaintiff "bear[s] the burden of showing why the court should not transfer the

case to the forum to which the parties agreed." *Atl. Marine*, 571 U.S. at 64; *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (party seeking to avoid a forum-selection clause bears a "heavy burden of proof") (citation omitted); *Rosta AG*, 2018 U.S. Dist. LEXIS 246286, at *6 ("Generally, the party opposing the enforcement of a forum-selection clause bears the burden of showing why the clause should not be enforced.").

Applying these principles, this Court—and other courts in this Circuit—routinely enforce forum-selection clauses. *See, e.g.*, *Quicken Loans*, 216 F. Supp. 3d at 834; *Rosta AG v. Lovejoy, Inc.*, 2018 U.S. Dist. LEXIS 246286, at *11; *Complete Med. Sales*, 2020 U.S. Dist. LEXIS 125230, at *9; *Lukasak*, 2014 U.S. Dist. LEXIS 207078, at *5; *Family Wireless #1, LLC v. Auto. Techs., Inc.*, 2015 U.S. Dist. LEXIS 115810, at *26 (E.D. Mich. Sept. 1, 2015); *Cinetic DyAG Corp. v. Forte Automation Sys.*, 2008 U.S. Dist. LEXIS 90968, at *23-24 (E.D. Mich. Nov. 6, 2008). The same result is required here: Plaintiff's claims are governed by a binding forum-selection clause; that provision requires that this litigation proceed in the Northern District of California; and no extraordinary circumstances preclude a transfer to the parties' designated federal forum.

### A. The Forum-Selection Clause Governs Plaintiff's Claims

Plaintiff, by creating her YouTube channel, affirmatively agreed to YouTube's TOS after reaching the age of majority, including its forum-selection clause. *See infra* § II.B.

The governing forum-selection clause applies to "[a]ll claims arising out of or relating to these terms or the Service[.]" Ex. A at 15. As noted above, the term "Service" is expressly defined as "the YouTube platform and the products, services and features we make available to [users]." *Id.* at 2. The phrase "arising out of" is interpreted broadly and covers "all causes of action arising directly or indirectly from the business relationship evidenced by the contract." *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987), *aff'd*, 487 U.S. 22 (1988) (enforcing forum-selection clause applicable to all disputes "arising under or in connection with this Agreement");

*accord Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 395 (6th Cir. 2014) ("language indicating that '[a]ny Claim arising out of or relating to this Agreement, or the breach thereof' will be submitted to arbitration is not only far-reaching but also very similar to other arbitration clauses that this court has described as 'broad'").

Plaintiff's claims fall within the clause's broad scope. To be sure, as discussed in YouTube's concurrently filed Motion to Dismiss, Plaintiff has no viable cause of action against YouTube and all of the alleged communications between the Jacksons and Sarah that occurred during the alleged grooming process took place off of YouTube. Compl. ¶¶ 178-315. Nevertheless, Plaintiff's claims against YouTube, as framed in her Complaint, arise from allegations about both her and the Jackson Defendants' use of YouTube and the choices YouTube is said to have made in policing the Jacksons' YouTube accounts. *Id.* ¶¶ 14, 18, 21-29, 35-37, 120-127, 176-177, 334-337. Such claims "aris[e] out of or relat[e]" to the YouTube service. Decl. ¶ 4 & Ex. A at 15.

Plaintiff also affirmatively alleges that her claims arise out of or relate to the Terms themselves. Plaintiff repeatedly complains that YouTube "did nothing to enforce their Terms of Service" by removing Onision or his videos from the platform. Compl. ¶ 126; *see also id.* ¶¶ 35, 363, 383, 410. Complaints about YouTube's decisions about how to enforce its TOS fall squarely within the forum-selection clause. *See, e.g., Trump*, 2021 U.S. Dist. LEXIS 258273, at *32 (holding that claims challenging YouTube's deactivation of user accounts for violations of its TOS were subject to the forum-selection clause where they "explicitly reference the policies of YouTube as the basis for each claim"); *Loomer v. Facebook, Inc.*, 2020 U.S. Dist. LEXIS 99430 , at *8 (S.D. Fla. Apr. 13, 2020) (holding that claims challenging Facebook's deactivation of user accounts "arise[] out of or relate[] to" Facebook's Terms of Service).

In sum, the broad language of the forum-selection clause readily encompasses Plaintiff's

claims.

**B. YouTube's Forum-Selection Clause Is Mandatory And Enforceable**

Forum-selection clauses are "presumptively valid and enforceable." *Smith v. AEGON Cos. Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014); *accord Cinetic DyAG Corp.*, 2008 U.S. Dist. LEXIS 90968, at *23-24 ("federal, Michigan, and Illinois law all favor the enforcement of forum selection clauses and consider such clauses as presumptively valid"). They should be enforced unless the party resisting the clause "could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *accord Carnival Cruise Lines v. Shute*, 499 U.S. at 593 (enforcing a "reasonable forum clause in a form contract" on the back of a cruise ticket). Courts have consistently held forum-selection clauses in standard-form online agreements—like the YouTube TOS that Plaintiff accepted (Decl. ¶ 9)—to be "valid and enforceable." *Segal v. Amazon.com, Inc.*, 763 F. Supp. 2d 1367, 1369 (S.D. Fla. 2011) (enforcing forum-selection clause in terms accepted by plaintiffs as a condition of creating Amazon account); *accord Loomer*, 2020 U.S. Dist. LEXIS 99430, at *6-8 (same for Facebook's Terms of Service); *Abid v. Google, Inc.*, 2017 U.S. Dist. LEXIS 224173, at *12 (M.D.N.C. Oct. 12, 2017) (same for Terms of Service governing Google Ad Words), *adopted*, 2018 U.S. Dist. LEXIS 228730 (M.D.N.C. Feb. 13, 2018); *Rudgayzer v. Google, Inc.*, 986 F. Supp. 2d 151, 156 (E.D.N.Y. 2013) (same for Terms of Service governing Gmail), *order withdrawn on other grounds*, 2014 U.S. Dist. LEXIS 197511, at *12 (E.D.N.Y. Feb. 10, 2014); *Davis v. Avvo, Inc.*, 2011 U.S. Dist. LEXIS 103332, at *6-14 (M.D. Fla. Sept. 13, 2011) (same for Terms of Service of Avvo.com); *cf. Temple v. Best Rate Holdings LLC*, 360 F. Supp. 3d 1289, 1304-05 (M.D. Fla. 2018) (enforcing arbitration clause found in website Terms and Conditions where user was cautioned that he accepted the terms by clicking a button labeled "Get a Quote").

YouTube's forum-selection clause, in particular, has repeatedly been applied to order the transfer of similar claims. Indeed, every federal court that has considered a transfer motion based on YouTube's TOS has done so. *See Song fi*, 72 F. Supp. 3d at 62-64 ("it is not improper for YouTube to require that claims against it be brought in the non-arbitrary forum where it resides"); *Bowen v. YouTube, Inc.*, 2008 U.S. Dist. LEXIS 122337, at *6 (W.D. Wash. Apr. 15, 2008) ("The Court concludes that the forum selection clause herein is valid [and] enforceable.").[1]

That unbroken line of cases reflects the mandatory nature of the forum-selection provision, which states that covered claims "will be litigated ***exclusively*** in the federal or state courts of Santa Clara County, California[.]" Ex. A at 15 (emphasis added); *see Bowen*, 2008 U.S. Dist. LEXIS 122337, at *6 (YouTube's clause is "cast in mandatory terms"); *accord Complete Med. Sales*, 2020 U.S. Dist. LEXIS 125230, at *9 (transferring case pursuant to a mandatory forum-selection clause because "'*will* follow' implies a mandatory condition"); *DeLima v. Google, Inc.*, 561 F. Supp. 3d 123, 138 (D.N.H. 2021) ("Any future claim arising out of the AdSense or similar

---

[1] *See also, e.g.*, *Trump*, 2021 U.S. Dist. LEXIS 258273, at *25, 38 n.8 ("the Court finds that the application of the forum-selection clause in this case … does not contravene public policy," and "the Court agrees with other courts that have found that the bargaining power between social media companies and their customers does not render a forum-selection clause to be unconscionable"); *Kifle v. YouTube LLC*, 2021 U.S. Dist. LEXIS 168267, at *9 (N.D. Ga. Mar. 12, 2021) (transferring case brought by YouTube user despite Plaintiff "point[ing] to evidence that California will be a less convenient forum for him"); *Lewis, v. Google, Inc.*, 2019 U.S. Dist. LEXIS 223263, at *6 (D. Co. Dec. 31, 2019) ("Plaintiff has failed to cast any doubt on the validity of the Forum Selection Clause, and so the *Atlantic Marine* analysis applies here."); *Ramani v. YouTube, LLC*, 2019 U.S. Dist. LEXIS 197106, at *4 (S.D.N.Y. Nov. 12, 2019) ("The Court concludes that YouTube's forum selection clause controls and transfers the action to the United States District Court for the Northern District of California."); *Muhammad v. YouTube, LLC*, 2019 U.S. Dist. LEXIS 92358, at *7-8 (M.D. La. June 3, 2019) (finding "no evidence or jurisprudence to show that the forum-selection clause was induced by fraud or overreaching"); *Seaman v. YouTube, LLC*, No. 3:18-cv-833-HEH, Dkt. 20 at 6 (E.D. Va. Apr. 5, 2019) (finding no oppression or surprise); *Biltz v. Google, Inc.*, 2018 U.S. Dist. LEXIS 112632, at *12-16 (D. Haw. July 6, 2018) (finding no fraud or overreaching); *Kijimoto v. YouTube, LLC,* 2018 U.S. Dist. LEXIS 225915, at *5-9 (C.D. Cal. Jan. 30, 2018) (holding that "the forum-selection clause of the TOS is controlling").

agreement for Google-owned services, however, must be brought in the Northern District of California as a result of the presumptively enforceable and mandatory forum selection clause in that agreement and Google and YouTube's general terms of service."); *Rudgayzer*, 986 F. Supp. 2d at 156 (forum-selection clause in Google's TOS was "plainly mandatory" where it designated an "exclusive jurisdiction" for litigation).

**C. Plaintiff Cannot Carry The Heavy Burden Necessary To Overcome The Forum-Selection Clause**

To prevent the transfer of a case like this one involving a valid forum-selection clause, Plaintiff would need to "bear the burden of showing that public-interest factors ***overwhelmingly*** disfavor a transfer." *Atl. Marine*, 571 U.S. at 66 (emphasis added); *see also Lukasak*, 2014 U.S. Dist. LEXIS 207078, at *9 ("The final consideration before transfer is whether any overwhelming public-interest factors should overcome the forum-selection clause such that transfer would be inappropriate."); *Complete Med. Sales*, 2020 U.S. Dist. LEXIS 125230, at *13 (transferring case where "Plaintiff has not met its burden of articulating any 'exceptional' reason for why the forum selection clause should not be enforced"); *Transp. Sys., LLC v. Pace Runners*, Inc., 2018 U.S. Dist. LEXIS 130262, at *6 (E.D. Mich. Aug. 3, 2018) ("Courts have historically favored enforcing choice of forum clauses unless there is a serious issue that would result in an injustice."). She cannot do so. This is not among the "rare[]" circumstances where public-interest factors can "defeat a transfer motion[.]" *Atl. Marine*, 571 U.S. at 64. Nor can Plaintiff invoke her private interests to keep her claims in this District. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.*

In short, under the clear terms of the governing agreement, the parties agreed to resolve

claims like these in a different forum. By filing in this Court, Plaintiff disregarded that agreement, and a transfer is required.[2]

## CONCLUSION

For these reasons, the Court should apply the governing forum-selection provision and transfer this case to the San Jose Division of the Northern District of California.

Respectfully submitted,

**Clark Hill PLC**

By: */s/ Christopher M. Trebilcock*
Christopher M. Trebilcock
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
ctrebilcock@clarkhill.com
(313) 965-8300

DATE: May 22, 2023

**Wilson Sonsini Goodrich & Rosati Professional Corporation**

By: */s/ Brian M. Willen*
Brian M. Willen
Benjamin Margo
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
(212) 999-5800
bwillen@wsgr.com
bmargo@wsgr.com

DATE: May 22, 2023

Attorneys for Defendants
GOOGLE LLC and YOUTUBE, LLC

---

[2] Under Section 1404(a), the Court has discretion to transfer the entire case, including the claims against the Jackson Defendants, who also agreed to the forum-selection clause. *See supra* § II.B. The Court could also exercise its discretion to sever Plaintiff's claims against YouTube under Fed. R. Civ. P. 21 and transfer only those claims. *See, e.g.*, *In re Rolls Royce Corp.*, 775 F.3d 671, 681 (5th Cir. 2014) (granting mandamus petition to require district court to sever and transfer claims); *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 411 (3d Cir. 2017) (same); *Valspar Corp. v. E.I. DuPont de Nemours & Co.*, 15 F. Supp. 3d 928, 932 (D. Minn. 2014), *aff'd*, 873 F.3d 185 (3d Cir. 2017) ("If the Court were to conclude the pertinent factors render transfer appropriate under § 1404(a), then severance, too, would be proper.").

**CERTIFICATE OF COMPLIANCE WITH L. Civ. R. 7.2(b)(i)**

This document complies with the limitation set forth in W.D. Mich. L. Civ. R 7.3(b)(i) because the brief contains 3,687 words, excluding parts of the brief exempted by Local Rule 7.3(b)(ii) and (c). This word count was generated using Microsoft Word for Microsoft 365.

By:*/s/ Christopher M. Treboilcock*
Christopher M. Trebilcock

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2023, I caused the foregoing paper to be electronically filed with the Clerk of Court using the ECF system, which will send notification to counsel of record.

By: */s/ Christopher M. Trebilcock*
Christopher M. Trebilcock