**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

SARAH,

Plaintiff,

v.

Google LLC, YouTube LLC, James JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"

Defendants.

CASE NO: 1:23-CV-00223-HYJ-SJB

HON. HALA Y. JARBOU

**SUPPLEMENTAL AUTHORITY BRIEF**
**IN FURTHER SUPPORT OF MOTION TO DISMISS**
**BY DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ i

I. G.G. Arose from the Extreme Facts Surrounding Backpage.com, Which Have No Parallel to This Case. ........ 1

II. The Seventh Circuit's Narrow Section 230 Holding Has No Bearing On The Very Different Allegations About YouTube In This Case. ........ 3

III. Because Section 230 Applies, G.G.'s Broad Interpretation of Beneficiary Liability Under Section 1595 Has No Bearing On This Case. ........ 4

CONCLUSION ........ 5

# TABLE OF AUTHORITIES

## Cases

*Chi. Lawyers' Comm. for Civ. Rights Under Law, Inc. v. Craigslist, Inc.*,
519 F.3d 666 (7th Cir. 2008) ........ 4
*City of Chicago v. StubHub!, Inc.*,
624 F.3d 363 (7th Cir. 2010) ........ 3
*Doe 1 v. Red Roof Inns, Inc.*,
21 F. 4th 714 (11th Cir. 2021) ........ 2, 5
*Does v. Reddit, Inc.*,
51 F.4th 1137 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 2560 (2023) ........ 2, 4
*G.G. v. Salesforce.com, Inc.*,
76 F.4th 544 (7th Cir. Aug. 3, 2023) ("*G.G.*") ........ *passim*
*Jones v. Dirty World Entm't Recordings LLC*,
755 F.3d 398407 (6th Cir. 2014) ........ 3, 4
*O'Kroley v. Fastcase, Inc.*,
831 F.3d 352 (6th Cir. 2016), *cert. denied*, 580 U.S. 1061 (2017) ........ 4
*United States v. Afyare*,
632 F. App'x 272, 286 (6th Cir. 2016) ........ 4

## Statutes

18 U.S.C. § 1591 ........ 1,2,4
18 U.S.C. § 1595 ........ *passim*
47 U.S.C. § 230 ........ *passim*

**SUPPLEMENTAL AUTHORITY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS BY DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC**

Defendants Google LLC and YouTube, LLC (collectively, "YouTube") submit this supplemental brief in further support of their motion to dismiss, to address the recent opinion of the divided Seventh Circuit panel in *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. Aug. 3, 2023) ("*G.G.*"). *See* Stipulation (ECF No. 65, PageID.784-786). Though the ruling in *G.G.*—which squarely conflicts with a prior Eleventh Circuit decision—is wrong, it has no bearing on this case. The panel's holding that Section 230 did not apply to Salesforce says nothing about whether Section 230 applies to YouTube, which it clearly does. Accordingly, the panel's broad reading of 18 U.S.C. § 1595 is irrelevant because under settled law that the Seventh Circuit did not address (much less disturb), pleading a beneficiary-liability claim against an online publisher like YouTube requires allegations satisfying the strict standards for criminal liability under 18 U.S.C. § 1591, and Plaintiff has offered nothing like that here. Thus, even if the Seventh Circuit's decision were persuasive, Plaintiff's § 1595 claim still would fail as a matter of law and YouTube's motion to dismiss should still be granted.

## I. G.G. Arose from the Extreme Facts Surrounding Backpage.com, Which Have No Parallel to This Case.

The plaintiff in *G.G.* "ran away from home" at age 13 and was "picked up by a sex trafficker," who used the infamous (and now shuttered) website Backpage.com to advertise the plaintiff for prostitution. *G.G.*, 76 F.4th at 549. Plaintiff eventually brought a federal sex trafficking claim against Salesforce, alleging that it "knowingly benefit[ed] … from participation in a venture [with Backpage] which [Salesforce] knew or should have known was engaged in an act" of sex trafficking. 18 U.S.C. § 1595(a).

Critically, however, at least as relevant to *G.G.*, Salesforce was not a publisher of third-party content. Instead, Salesforce's alleged role in regard to Backpage was to provide background support services for Backpage's business: "Salesforce helped Backpage operate its business, manage relationships with existing customers, market itself to new customers, and improve profitability." *G.G.*, 76 F.4th at 549-550. For example, when "Backpage faced imminent seizure

by the United States government and wanted to 'establish and maintain a duplicate copy of the Backpage operations system and platform' so that it could 'move and operate its business overseas,' Salesforce 'facilitated this system reorganization and provided the technical infrastructure' to do so." *Id.* at 550. And Salesforce did all this, the plaintiff alleged, at a time when Backpage "had been publicly identified by law enforcement, United States Attorneys General, and every state Governor as the biggest and most notorious sex trafficking and pimping website in the United States." *Id.* at 549.

Based on these allegations, a divided Seventh Circuit panel held that § 230 did not apply to Salesforce because "Salesforce was simply not involved in any publishing," and did not itself publicly disseminate any third-party content relevant to the alleged sex trafficking. *Id.* at 567. Because it held that Salesforce was not protected by § 230, the Seventh Circuit did not address whether FOSTA (47 U.S.C. § 230(e)(5)(A)) limits sex trafficking claims against publishers of third-party content to cases where the computer service provider *itself* committed a criminal violation of 18 U.S.C. § 1591. *G.G.*, 76 F.4th at 565 n.21; *see, e.g.*, *Does v. Reddit, Inc.*, 51 F.4th 1137, 1141 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 2560 (2023). Instead, Salesforce's liability was based solely on the civil provisions of § 1595. In applying that statute, the panel held that the plaintiff had plausibly alleged a violation, in part because it believed—in clear conflict with the Eleventh Circuit—that § 1591 does *not* require the defendant to have "knowledge of a particular *victim*." *G.G.*, 76 F.4th at 556; *contra Doe 1 v. Red Roof Inns, Inc.*, 21 F. 4th 714, 726 (11th Cir. 2021).

Judge Kirsch dissented. Based on his textual analysis of § 1595 and § 1591, he explained that:

> Knowledge of a specific victim (not just general sex trafficking) is an element of § 1591. Thus, because § 1595 requires constructive knowledge of a § 1591 violation and a § 1591 violation requires knowledge of a specific victim, damages suits are available only when a plaintiff plausibly alleges that the defendant should have known that the venture engaged in her particular sex trafficking.

*G.G.*, 76 F.4th at 569 (Kirsch, J., dissenting). Salesforce has filed a petition for rehearing en banc based on the conflict between *G.G.* and *Red Roof Inns* (among other things), and the Seventh

Circuit has called for a response to the petition. *G.G.*, Case No. 22-2621, Doc. 50 (7th Cir. Aug. 23, 2023).

**II. The Seventh Circuit's Narrow Section 230 Holding Has No Bearing On The Very Different Allegations About YouTube In This Case.**

As explained in YouTube's pending motion to dismiss, YouTube is an interactive computer service provider protected by § 230 against claims that seek to premise liability on its publication of third-party content—which Plaintiffs' claims here clearly do. Motion to Dismiss ("MTD") (ECF No. 41, PageID.474-476). Nothing in *G.G.* suggests any different result.

The Seventh Circuit's § 230 holding was narrow and based on the particular role that Salesforce played. The panel found that Salesforce was not entitled to § 230 protection because it merely provided background business support to Backpage, but did not host or disseminate content that allegedly facilitated the sex trafficking. Thus, unlike Backpage itself, "Salesforce was simply not involved in any publishing. Salesforce's job was, in part, to help Backpage reach more customers, both in the form of sex traffickers and purchasers of commercial sex." *G.G.*, 76 F.4th at 567; *id*. at 568 (Plaintiffs "have not alleged that Salesforce ever 'published' any *third-party* content."). While this reasoning is questionable, it has no application here. YouTube is *clearly* a publisher of third-party content, and Plaintiff seeks to hold YouTube liable in precisely that capacity—for its role in giving a publishing platform to Onision, which he allegedly used to post harmful or offensive video content as part of any effort to lure Plaintiff into an attempted (off-platform) grooming scheme. Compl. ¶¶ 14-17, 27, 35-38 (ECF No.1, PageID.4, 6-7). Plaintiff's claims thus are premised on the idea that YouTube should have removed or made less prominent Onision's content (or terminated his channel outright) because it was "objectifying, offensive, and controversial." Compl. ¶¶ 14, 38 (ECF No.1, PageID.4, 7). This is the heartland of what § 230 protects, *e.g.*, *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 407 (6th Cir. 2014), and it bears no resemblance whatsoever to the scenario presented in *G.G.*

Nor can Plaintiff latch on to the panel's background statement that "Section 230(c)(1) 'does not create an 'immunity' of any kind.'" *Salesforce*, 76 F.4th at 566 (quoting *City of Chicago v. StubHub!, Inc.*, 624 F.3d 363, 366 (7th Cir. 2010)). Even in the Seventh Circuit, that does ***not***

mean that § 230(c)(1) cannot be applied at the pleading stage or that the statute does not protect interactive computer service providers against claims seeking to hold them liable for publishing third-party content. *See, e.g.*, *Chi. Lawyers' Comm. for Civ. Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666 (7th Cir. 2008) (affirming judgment on the pleadings for Craigslist based on § 230(c)(1)). In any event, it is settled under Sixth Circuit precedent that § 230 provides "broad immunity"—and an "*immunity from suit* rather than a mere defense to liability"—which should be resolved as early in the litigation as possible. *Jones*, 755 F.3d at 417; *accord O'Kroley v. Fastcase, Inc.*, 831 F.3d 352 (6th Cir. 2016), *cert. denied*, 580 U.S. 1061 (2017) (affirming dismissal of claims based on § 230(c)(1)). A Seventh Circuit decision cannot change that bedrock law or dictate a different outcome here.

**III. Because Section 230 Applies, G.G.'s Broad Interpretation of Beneficiary Liability Under Section 1595 Has No Bearing On This Case.**

Because § 230 applies to this case, the rest of the Seventh Circuit's decision—which addresses the scope of beneficiary liability under § 1595 in cases not covered by § 230—is irrelevant. That is because, as explained in YouTube's motion, where § 230 applies, a plaintiff can state a § 1595 claim only if it fits into the narrow exception created by FOSTA, 47 U.S.C. § 230(e)(5)(A). As the Ninth Circuit has explained, "for a plaintiff to invoke FOSTA's immunity exception, she must plausibly allege that the website's *own conduct* violated section 1591." *Reddit*, 51 F.4th at 1141 (emphasis added); *see also* MTD at 17 (ECF No. 41, PageID.477) (collecting cases). The *G.G.* panel did not address, much less alter, this established law. *See* 76 F.4th at 565 n.21.

Nor did the Seventh Circuit say anything about the standard for pleading a viable claim based on a criminal violation of § 1591, which requires far more than that "the defendant had constructive knowledge that a venture *generally* has violated Section 1591," *G.G.*, 76 F.4th at 558. Instead, under § 1591, "the defendant must have actually 'engaged in some aspect of sex trafficking'"—not just had a "[m]ere association with sex traffickers." *Reddit*, 51 F.4th at 1145 (citing *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016)). Plaintiffs' allegations here

come nowhere close to meeting those requirements, *see* MTD at 10-13, 17-18 (ECF No. 41, PageID.470-473, 477-478), and nothing in *G.G.* suggests otherwise.

As such, there is no reason here for this Court to address the issue that occupied the *G.G.* panel: what a plaintiff must allege to state a viable beneficiary claim under § 1595 without regard to § 230 and FOSTA. But on that issue, the panel majority's ruling is misguided and creates a serious risk for all manner of legitimate businesses. Judge Kirsch and the Eleventh Circuit offer the better interpretation of § 1595, one that applies the statute faithfully to its text and avoids reading it so expansively as to threaten exposing essentially anyone who does business with a suspected trafficker to civil liability. *See G.G.*, 76 F.4th at 568-569 (Kirsch, J., dissenting); *Red Roof Inns*, 21 F.4th at 726; MTD at 18-22 (ECF No. 41, PageID.478-482). Even on the panel majority's overly broad reading, however, Plaintiff's § 1595 claim here still would fail,without reference to § 230, because the Complaint does not plausibly allege that YouTube had actual or constructive knowledge that the Jackson Defendants were engaged in sex trafficking—whether of Plaintiff or anyone else. *See* MTD at 20-22 (ECF No. 41, PageID.480-482). Plaintiff's sparse allegations are worlds away from the knowledge that Salesforce allegedly had of Backpage's open and notorious sex trafficking venture. *G.G.*, 76 F.4th at 555-556.

## CONCLUSION

*G.G.* does not control this case, and even if it were followed, it would not give Plaintiffs a way around § 230 or a viable claim against YouTube under §1595. YouTube's motion to dismiss (or, in the alternative, its motion to transfer) should be granted.

**Respectfully submitted,**

**Clark Hill PLC**

By: /s/ *Christopher M. Trebilcock*
Christopher M. Trebilcock
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
ctrebilcock@clarkhill.com

DATE: September 18, 2023

**Wilson Sonsini Goodrich & Rosati**
**Professional Corporation**

By: *[/s/ Brian M. Willen]*
Brian M. Willen
Benjamin Margo
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
(212) 999-5800
bwillen@wsgr.com
bmargo@wsgr.com

Amit Q. Gressel
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000
agressel@wsgr.com

DATE: September 18, 2023

Attorneys for Defendants
GOOGLE LLC and YOUTUBE, LLC

**CERTIFICATE OF COMPLIANCE WITH LCivR 7.2(b)(i)**

I hereby certify that the foregoing brief contains 1,834 words per the Word Count function in Microsoft Word (Version 2202), not including the case caption or the signature block.

By: */s/ Christopher M. Trebilcock*
Christopher M. Trebilcock

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2023, I caused the foregoing paper to be electronically filed with the Clerk of Court using the ECF system, which will send notification to counsel of record.

By: */s/ Christopher M. Trebilcock*
Christopher M. Trebilcock