**THE HABA LAW FIRM, P.A.**
Lisa D. Haba (*Pro hac vice*)
*lisahaba@habalaw.com*
1220 Commerce Park Dr., Ste 207
Longwood, FL 32779
Telephone: (844) 422-2529

**MARSH LAW FIRM PLLC**
Robert Y. Lewis (SBN 153948)
*robertlewis@marsh.law*
Margaret E. Mabie (*Pro hac vice*)
*margaretmabie@marsh.law*
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296-9046

*Attorneys for Plaintiffs "Sarah" a/k/a "Unknown Party" and Regina Alonso*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SARAH and REGINA ALONSO,

Plaintiffs,

v.

GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LUCASBOT," "LUCAS" and "KAI,"

Defendants.

Case No. 3:23-CV-05523-VC

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS, JAMES JACKSON, AND LUCAS JACKSON'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM**

Judge: Hon. Vince Chhabria
Place: Crtrm. 4, 17th Floor
Date: August 19, 2024
Time: 10:00AM

## TABLE OF CONTENTS

**PROCEDURAL BACKGROUND** .......... 1

**STATEMENT OF FACTS** .......... 2

**ARGUMENT** .......... 2

**I. THIS CASE WAS TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA** .......... 2

**II. THE JACKSONS AGREED TO JURISDICTION BY ENTERING A PAID PARTERSHIP WITH YOUTUBE AND ARE OTHERWISE SUBJECT TO NATIONAL JURISDICTION** .......... 2

**III. ALL ALLEGATIONS MUST BE CONSTRUED IN FAVOR OF PLAINTIFFS WITH FAVORABLE INFERENCES MADE IN THEIR FAVOR** .......... 5

A. THE JACKSONS ARE LIABLE TO PLAINTIFFS PURSUANT TO §2255 OR MASHA'S Law .......... 6

B. THE JACKSONS ARE LIABLE TO PLAINTIFFS PURSUANT TO §1595 OR THE TVPA .......... 8

**IV. CRIMINAL CONVICTIONS ARE NOT A PREREQUISITE TO §2255 LIABILITY** .......... 9

**V. PLAINTIFFS' COUNSEL HAVE ACTED ETHICALLY** .......... 10

**CONCLUSION** .......... 10

## TABLE OF AUTHORITIES

### Cases

*Amy v. Curtis,* No. 19-CV-02184-PJH, 2021 WL 858399, at *4 (N.D. Cal. Mar. 8, 2021) 7

*Ashcroft v. Iqbol*, 556 US 662, 679, 129 S. Ct. 1937 (2009)........................................ 6

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,* 134 S. Ct. 568, 582 (2013) 3

*Ayala v. Joy Mfg. Co.*, 877 F.2d 846, 847 (10th Cir. 1989)........................................... 6

*Chew v. Dietrich,* 143 F.3d 24, 28 n. 4 (2d Cir.1998) ................................................. 4

*Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) ............................ 3

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723-24 (11th Cir. 2021) ........................... 8

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005)..... 4

*In re Oil Spill by Amoco Cadiz,* 954 F.2d 1279, 1294 (7th Cir. 1992) ........................... 4

*Insurance Co. of N. America v. Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir.1981) 5

*IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1056 (2d Cir.1993)................ 5

*Jacobsen v. Hughes Aircraft Company*, 105 F.3d 1288 (9th Cir. 1997) .......................... 5

*Jane Doe v. Aylo Glob. Ent. Inc. et al. Additional Party Names: Aylo Billing US Corp, Aylo USA Inc.,* No. CV2307488MWFAGRX, 2023 WL 8884400, at *1 (C.D. Cal. Nov. 29, 2023) ...................................................................................................... 7

*Lee v. City of Los Angeles*, 250 F. 3d 668, 679 (9th Cir.2001)...................................... 6

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 515 (9th Cir. 1988) .................. 3

*Mollett and Hellwig v. Netflix, Inc.,* 705 F.3d 1062 (9th Cir. 2015)............................... 6

*Panavision Int'l, L.P. v. Toeppen,* 938 F. Supp. 616, 622 (C.D. Cal. 1996), aff'd, 141 F.3d 1316 (9th Cir. 1998) ..................................................................................... 5

*Paroline v. United States,* 572 U.S. 434, 457, 134 S. Ct. 1710, 1726, 188 L. Ed. 2d 714

(2014) .......... 7

*Porter v. Jones*, 319 F.3d 483, 393 (9th Cir. 2003) .......... 6

*Prewett v. Weems*, 749 F.3d 454, 458 (6th Cir. 2014) .......... 9

*SEC v. Straub,* 921 F.Supp.2d 244, 253 (S.D.N.Y.2013) .......... 4

*Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985) .......... 9

*Sher v. Johnson,* 911 F.2d 1357, 1365 (9th Cir.1990) .......... 5

*Skilstaf, Inc. v. Caremark Corp.,* 669 F.3d 1005, 1014 (9th Cir. 2012) .......... 6

*Smith v. Husband*, 376 F. Supp. 2d 603, 613 (E.D. Va. 2005) .......... 9

*Stewart Org., Inc. v. Ricoh Corp.,* 108 S. Ct. 2239, 2244 (1988) .......... 3

*The Bremen v. Zapata Off–Shore Co.,* 92 S.Ct. 1907 (1972) .......... 3

*United States v. Laney,* 189 F.3d 954, 965–66 (9th Cir.1999) .......... 9

*United States v. Mortenson,* 306 F. App'x 385, 387 (9th Cir. 2009) .......... 10

*United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011) .......... 10

*Verizon Md. Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 643 (2002) .......... 3

*Yei A. Sun v. Advanced China Healthcare, Inc.,* 901 F.3d 1081, 1091 (9th Cir. 2018) .......... 3

**Statutes**

18 U.S.C. § 1591 .......... 1

18 U.S.C. § 1595 .......... 1

18 U.S.C. § 2255 .......... 1

## PROCEDURAL BACKGROUND

On February 8, 2023, Plaintiff Regina Alonso ("Alonso") filed a lawsuit against Defendants in the Middle District of Florida. *Alonso v. Google, et. al.*, 3:23-CV-5127 (Fla. M.D. 2023). On March 2, 2023, Plaintiff Sarah ("Sarah") filed this lawsuit against Defendants in the Western District of Michigan (Doc. 1).

Plaintiffs sufficiently alleged claims against the Defendants James and Lucas Jackson (hereinafter "the Jacksons") pursuant to 18 U.S.C. § 2255 for their own violations of 18 U.S.C. § 1591(a) and their enticement of unlawful sexual activity under 18 U.S.C. § 2422 (Counts II, III, VI, VII). Plaintiff also sufficiently alleged unimmunized claims against the Jacksons pursuant to 18 U.S.C. § 1595 ("TVPRA") for their participation and exploitation of a sex trafficking venture with YouTube in violation of 18 U.S.C. § 1591(a) (Counts I, V). Plaintiffs' claims were transferred to the Northern District of California on or about October 11, 2023. (Dkt. 87).

The Jacksons filed Bankruptcy on or about November 15, 2023 and their claims in this matter were stayed. (Dkt. 100). On or about May 7, 2024, the Jacksons dismissed their own Chapter 13 bankruptcy in the Western District of Washington. On or about May 8, 2024, the Jacksons filed a request for sixty days to hire counsel. (Dkt. 119).

Plaintiffs filed their Second Amended Complaint in this action on May 13, 2024. (Dkt. 122). On or about June 6, 2024, less than thirty days after their request for sixty days to hire counsel, the Jacksons nonetheless filed their own *pro se* and largely unintelligible motion to dismiss Plaintiffs' action for failure to state a claim and lack of jurisdiction. (Dkt. 125). Plaintiffs file this Brief in Opposition to the Jacksons motion and argue that the motion by the Jacksons should be summarily denied.

## STATEMENT OF FACTS

## ARGUMENT

### I. THIS CASE WAS TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

This case was lawfully transferred from the Western District of Michigan to the Northern District of California after full briefings by the parties, including the Jacksons on October 11, 2023. (Dkt. 87). As the District Court Judge in the Western District of Michigan held, "a relevant, mandatory, valid, and enforceable forum selection clause exists as to all parties. The Court will honor the parties' choice of forum and will grant YouTube's motion to transfer venue to the Northern District of California." (Dkt. 87). As such, transference of this case has already been addressed in this matter and after review of all briefing, the Court determined that California was the proper forum.

### II. THE JACKSONS AGREED TO JURISDICTION BY ENTERING A PAID PARTERSHIP WITH YOUTUBE AND ARE OTHERWISE SUBJECT TO NATIONAL JURISDICTION

The Jacksons clearly agree to YouTube's Forum selection clause and consented to jurisdiction in this Court through their partnership with YouTube. YouTube's Paid Partnership Program (hereinafter "YPP") encouraged, enabled, and funded the abuse of Plaintiffs by James Jackson (hereinafter Onision) and Lucas Jackson (hereinafter "Lainey"). Indeed, the YPP program was a profit-sharing agreement between the Jackson defendants and the YouTube Defendants wherein Onision received a portion of advertising revenue generated by his YouTube channel. The Jackson Defendants clearly waived their right to challenge jurisdiction by agreeing to YouTube's forum selection clause. Where the parties have agreed to a forum-selection clause, they "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their

witnesses, or for their pursuit of the litigation." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,* 134 S. Ct. 568, 582 (2013). A court must dismiss a suit filed "in a forum other than the one specified in a valid forum-selection clause," *Yei A. Sun v. Advanced China Healthcare, Inc.,* 901 F.3d 1081, 1091 (9th Cir. 2018). "Whatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." *The Bremen v. Zapata Off–Shore Co.,* 92 S.Ct. 1907 (1972).

Not only did the Jacksons clearly agree to YouTube's Forum selection clause, but judicial efficiency and a timely adjudication of these matters require that this Court exercise its lawful jurisdiction over the Jacksons. *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). The Jacksons clearly agreed to the YouTube Terms of Service Agreement and its forum selection clause which brings Plaintiffs, and all parties' claims here to the Northern District of California. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 515 (9th Cir. 1988). Particularly given the lengthy and complicated posture of this action, Plaintiffs should not be forced to litigate their claims against YouTube and their claims against the Jacksons in two separate jurisdictions particularly where these claims are highly related in fact and law. "The district court must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart Org., Inc. v. Ricoh Corp.,* 108 S. Ct. 2239, 2244 (1988).

**A. FEDERAL QUESTION ESTABLISHES JURISDICTION**

The Jackson Defendants further ignore that this court has de facto personal jurisdiction over Defendants based on the national jurisdiction created by the Plaintiff's cause of action under 18 U.S.C. 2255. Federal law includes an act of Congress or a regulation issued under an act of Congress. *See Verizon Md. Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 643 (2002). A case

generally arises under federal law when federal law creates the cause of action. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005) (jurisdiction upheld). Plaintiff sufficiently pleaded causes of action which arise under federal law within the meaning of 21 U.S.C. § 1331 by asserting claims under 18 U.S.C. §§ 1595 and 2255. While Section 1595 does not specifically provide for national service of process, Section 2255 does.

**B. NATIONAL SERVICE OF PROCESS**

Furthermore, 18 U.S.C. § 2255(c)(2) provides that:

(2) Service of process.—In an action brought under subsection (a), process may be served in any district in which the defendant—

(A) is an inhabitant; or

(B) may be found.

"When the jurisdictional issue flows from a federal statutory grant that authorizes suit under federal–question jurisdiction and nationwide service of process […] the minimum–contacts test […] looks to contacts with the entire United States rather than with the forum state." *SEC v. Straub,* 921 F.Supp.2d 244, 253 (S.D.N.Y.2013) (quoting *SEC v. Morton,* No. 10–cv–1720 (LAK)(MHD), 2011 WL 1344259, at *12, 2011 U.S. Dist. LEXIS 36487, at *38 (S.D.N.Y. Mar. 31, 2011), report and recommendation adopted, 2011 WL 11768504 (S.D.N.Y. Nov.3, 2011), citing *Chew v. Dietrich,* 143 F.3d 24, 28 n. 4 (2d Cir.1998). The rationale underlying this "national contacts" approach is that "[w]hen the national sovereign is applying national law, the relevant contacts are the contacts between the defendant and the sovereign's nation." *In re Oil Spill by Amoco Cadiz,* 954 F.2d 1279, 1294 (7th Cir. 1992). Additionally, the doctrine of pendent personal jurisdiction provides that "where a federal statute authorizes nationwide service of process, and the federal and state claims derive from a common nucleus of operative fact, the district court may

assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available." *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1056 (2d Cir.1993) (citation and internal quotation marks omitted).

Requiring the Jacksons to litigate in California is not constitutionally unreasonable. *Sher v. Johnson,* 911 F.2d 1357, 1365 (9th Cir.1990), "Modern means of communication and transportation have tended to diminish the burden of defense of a lawsuit in a distant forum" *Insurance Co. of N. America v. Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir.1981). The Jacksons are subject to the jurisdiction of this court their relationship and connection with the state and with YouTube. *Panavision Int'l, L.P. v. Toeppen,* 938 F. Supp. 616, 622 (C.D. Cal. 1996), aff'd, 141 F.3d 1316 (9th Cir. 1998). Defendant's lack of jurisdiction arguments are moot; personal jurisdiction is established under 18 U.S.C. 2255 and pendant personal jurisdiction extends to all Plaintiff's claims.

## III. ALL ALLEGATIONS MUST BE CONSTRUED IN FAVOR OF PLAINTIFFS WITH FAVORABLE INFERENCES MADE IN THEIR FAVOR

In *Jacobsen v. Hughes Aircraft Company*, 105 F.3d 1288 (9th Cir. 1997), the Ninth Circuit Court of Appeals, evaluating the District Court's dismissal of a plaintiff's lawsuit, wrote:

> It is axiomatic that a complaint should not be dismissed unless 'it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45-46 [78 S.Ct. 99, 102, 2 L.Ed.2d 80] (1957); See 5 C. Wright & A. Miller, Federal Practice & Procedure §§ 1202, 1205-1207, 1215-1224, 1228 (1969*)." McLain v. Real Estate Bd. of New Orleans*, 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980). (emphasis added).
>
> . . .
>
> Thus, a court's role at the 12(b)(6) stage is not to decide winners and losers or evaluate the strength or weakness of claims. *See Everest and Jennings, 23 F.3d at 228; Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir.1990). Nor can a court resolve factual questions at the 12(b)(6) stage. We must accept as true the allegations in the complaint and decide *only* whether plaintiff has advanced

*potentially* viable claims.

*Jacobsen, supra* at 1292.

Plaintiffs must only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim-- in order to survive a motion to dismiss. *Porter v. Jones*, 319 F.3d 483, 393 (9th Cir. 2003). In deciding the instant motion all allegations in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Skilstaf, Inc. v. Caremark Corp.,* 669 F.3d 1005, 1014 (9th Cir. 2012); *Lee v. City of Los Angeles*, 250 F. 3d 668, 679 (9th Cir.2001).

The reviewing court is "to draw on its judicial experience and common sense." *Ashcroft v. Iqbol*, 556 US 662, 679, 129 S. Ct. 1937 (2009). Where the complaint, on its face, contains sufficient facts which, when taken as true, state a claim for relief which is plausible on its face, the complaint is sufficient. *Mollett and Hellwig v. Netflix, Inc.,* 705 F.3d 1062 (9th Cir. 2015), citing *Ashcroft v. Iqbol, supra,* 556 US 662, 678. Through their Second Amended Complaint, Plaintiffs have alleged facts that when accepted as true provide that Plaintiffs, while minors, were victims of the Jackson Defendants' criminal actions.

Additionally, Plaintiffs have alleged that as a result of the Defendant's actions they have suffered injury. The facts in the Complaint provide a detailed account of the types of personal injury that both Plaintiffs suffer from and suffered through in the past as minor and young adults. Dismissal of a plaintiff's claim at this early stage of litigation is a drastic remedy and the "Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." *Ayala v. Joy Mfg. Co.*, 877 F.2d 846, 847 (10th Cir. 1989).

## A. THE JACKSONS ARE LIABLE TO PLAINTIFFS PURSUANT TO §2255 OR MASHA'S Law

As Plaintiffs properly alleged, the Jackson Defendants themselves committed violations of

at least two predicate statutes, 18 U.S.C. §§2242 and 1591, against Plaintiffs entitling them to relief under 18 U.S.C. §§2255 (hereinafter "Masha's Law"). Plaintiffs are thus entitled to proceed to discovery to determine the extent, duration, breadth, and depth of the Jackson Defendants' knowledge and participation in the harms committed against them.

The Jackson Defendants are clearly liable to Plaintiffs pursuant to Masha's law because Masha's law is no ordinary tort statute. "Section 2255's purpose and provision of statutory damages differentiates it from an ordinary tort" and but-for causation is not required for liability. *Amy v. Curtis,* No. 19-CV-02184-PJH, 2021 WL 858399, at *4 (N.D. Cal. Mar. 8, 2021). The Jackson defendants' arguments fall short in acknowledging the clear congressional intent behind Section 2255 to provide robust remedies to child victims. Individuals like Mr. Curtis and the Jacksons are criminal perpetrators of online sex trafficking. In one recent example, "the United States Attorney for the Southern District of California charged GirlsDoPorn's three principals [...] and three other staff members with sex trafficking and conspiracy to commit sex trafficking." *See Jane Doe v. Aylo Glob. Ent. Inc. et al. Additional Party Names: Aylo Billing US Corp, Aylo USA Inc.,* No. CV2307488MWFAGRX, 2023 WL 8884400, at *1 (C.D. Cal. Nov. 29, 2023).

Here, "it is indisputable that [the Jacksons were] a part of the overall phenomenon that caused [Plaintiffs'] general losses. Just as it undermines the purposes of tort law to turn away plaintiffs harmed by several wrongdoers, it would undermine the remedial" purposes of section 2255 to dismiss Plaintiffs' claims in this case. *Paroline v. United States,* 572 U.S. 434, 457, 134 S. Ct. 1710, 1726, 188 L. Ed. 2d 714 (2014). The United States Supreme Court's decision in *Paroline* entitles victims of child pornography to seek remedies from all defendants who play any causal role in the harms underlying their losses. The Jackson Defendants are two of many actors which can be held liable for Plaintiff's harms caused by the Jackson's paid partnership with the

YouTube Defendants which both parties monetized and profited from for years.

## B. THE JACKSONS ARE LIABLE TO PLAINTIFFS PURSUANT TO §1595 OR THE TVPA

The Eleventh Circuit held that to prevail on a civil claim under §1595, a plaintiff must plausibly alleged facts that a defendant (1) knowingly benefited (2) from participation in a venture, (3) that venture violated the TVPRA as to the plaintiff, and (4) that the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723-24 (11th Cir. 2021). Plaintiffs have clearly and sufficiently alleged that the Jacksons knowingly benefitted and profited from their participation in an online sex trafficking venture victimizing Plaintiffs and that they had knowledge that this behavior violated sex trafficking statutes as to both Plaintiffs individually for years.

The Jackson Defendants, through their business relationship with YouTube, profited from and monetized their own abuse of Plaintiffs. Both the Jacksons and YouTube are liable to Plaintiffs. In *Fleites v. Mindgeek*, where the plaintiff sued a website run by Mindgeek and the credit card company, Visa, arguing that Visa's was liable for their participation in the Mindgeek sex trafficking operation. In regard to knowledge, the Court stated:

> If Visa knew MindGeek's sites contained a wealth of child porn and that MindGeek regularly placed ads alongside its videos, facts that are either expressly alleged or clearly implied in the [complaint], then it knew that MindGeek was regularly committing violations of section 1591(a)(2) by participating in hundreds or thousands of sex trafficking ventures and financially benefiting from such participation. With such knowledge, Visa continued to grant MindGeek the means to financially benefit from its participation in sex trafficking ventures: the Visa payment network. It does not matter that Visa did not know who the eventual victims or primary traffickers would be or whether Visa interacted with or knew of Plaintiff, her videos, or her traffickers. MindGeek's violation of section 1591(a)(2), and Plaintiff's resulting harm, were natural consequences of Visa's alleged ***knowing decision*** to provide the means through which MindGeek could monetize child porn videos, like those featuring Plaintiff.

*Fleites v. MindGeek S.A.R.L.*, 617 F. Supp. 3d 1146, 1163 (C.D. Cal. 2022) (emphasis added). Like Visa, the Jackson Defendants were both on notice of the ongoing luring and enticing of children through their own channels. Here, the Jackson Defendants could reasonably foresee the Jackson Defendants committing child sex trafficking crimes involving the Plaintiff. *United States v. Laney,* 189 F.3d 954, 965–66 (9th Cir.1999).

For these reasons, Plaintiff sufficiently alleged that Jackson Defendants knowingly committed violations of 18 U.S.C. §§ 2242 and 1591 and are thus liable under §§2255 and 1595. Plaintiffs also sufficiently alleged that the Jackson Defendants knowingly conspired each other together as well as with the YouTube Defendants to knowingly violate both 18 U.S.C. §§1595 and 2252.

## IV. CRIMINAL CONVICTIONS ARE NOT A PREREQUISITE TO §2255 LIABILITY

Finally, no criminal conviction is necessary to prove or plead a legally cognizable claim under Masha's Law. *See Smith v. Husband*, 376 F. Supp. 2d 603, 613 (E.D. Va. 2005) *citing Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985) (finding that private action based on violation of a criminal predicate can proceed without a criminal conviction). The Jackson Defendants' long-winded and largely illogical chronology of events in their motion fail to actually argue or refute that Plaintiffs sufficiently plead that the Jacksons committed criminal violations. Plaintiffs have adequately plead such violations by the Jacksons and their claims against the Jacksons should prevail based on the allegations taken as true with all reasonable inferences in Plaintiffs favor.

Indeed, the word "violation" in Section 2255 does not mean "conviction" and "the predicate acts" required for civil liability need not "be established beyond a reasonable doubt" to establish liability. *See Prewett v. Weems*, 749 F.3d 454, 458 (6th Cir. 2014). The Jackson Defendants themselves profited from and monetized the grooming, sexual abuse, and exploitation

of Plaintiffs on YouTube. *See United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011); *United States v. Mortenson,* 306 F. App'x 385, 387 (9th Cir. 2009).

## V. PLAINTIFFS' COUNSEL HAVE ACTED ETHICALLY

The Jackson Defendants have argued that they dispute the fact alleged in the complaint and have surmised that their flawed version of events arises to lawyer misconduct. Plaintiffs' counsel adamantly objects to and denies any allegations that they have done anything that would breach their ethical obligations. Plaintiffs' counsel filed suit in Florida and Michigan to commence this lawsuit. Making a pre-suit demand to resolve a case without the need for litigation, and threatening to file a lawsuit if the matter is not resolved does not constitute extortion. United States v. Pendergraft, 297 F.3d 1198, 1205 (11th Cir. 2002); Owens v. Riley, No. 11-1392, 2012 U.S. App. LEXIS 4560, at *7 (6th Cir. Jan. 6, 2012) (citing Various Markets, Inc. v. Chase Manhattan Bank, N.A., 908 F. Supp. 459, 468 (E.D. Mich. 1995)). Likewise, contacting counsel to offer settlement terms or limits, even if offered in exchange for an affidavit, does not solicit perjury – indeed, the very act of going through Defendants' own counsel ensures that any potential agreement reached, or any potential affidavit provided would be done with ethics at the forefront.

## CONCLUSION

The Defendant's instant Motion to Dismiss is nothing more than an attempt to circumvent the liability imposed upon him under Section 2255 and 1595. Simply put, Plaintiffs are victims of the Jackson Defendants' criminal violations, and therefore, the Jackson Defendants are civilly liable under Section 2255 and 1595. A plain reading of Plaintiffs' Complaint clearly demonstrates that they have sufficiently pleaded a cause of action under Section 2255 and 1595 sufficient to survive a motion to dismiss.

In light of the foregoing, Plaintiffs' respectfully request that this Court enter–an Order

Denying the Jackson Defendants' Motion to Dismiss in its entirety and, in the alternative, grant Plaintiffs leave to amend the Second Amended Complaint in light of the Jackson Defendants' recent withdrawal of their Bankruptcy filing.

DATED: June 20, 2024

Respectfully Submitted,

*/s/ Lisa D. Haba*
Lisa D. Haba
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Dr., Suite 207
Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com

*/s/ Margaret E. Mabie*
Margaret E. Mabie
Robert Y. Lewis
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (212) 372-3030
margaretmabie@marsh.law
robertlewis@marsh.law

*Attorneys for Plaintiffs*