**THE HABA LAW FIRM, P.A.**
Lisa D. Haba (*Pro hac vice*)
*lisahaba@habalaw.com*
1220 Commerce Park Dr., Ste 207
Longwood, FL 32779
Telephone: (844) 422-2529

**MARSH LAW FIRM PLLC**
Robert Y. Lewis (SBN 153948)
*robertlewis@marsh.law*
Margaret E. Mabie (*Pro hac vice*)
*margaretmabie@marsh.law*
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296-9046

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SARAH and REGINA ALONSO,

Plaintiffs,

v.

GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LUCASBOT," "LUCAS" and "KAI,"

Defendants.

Case No. 3:23-CV-05523-VC

**PLAINTIFFS' **CORRECTED** BRIEF IN OPPOSITION TO THE JACKSON DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF SARAH**

## TABLE OF CONTENTS

**STATEMENT OF RELEVANT FACTS ........................................................................ 1**

**STATEMENT OF THE ISSUES TO BE DECIDED ................................................................ 2**

**ARGUMENT .............................................................................................................. 3**

I. JACKSON DEFENDANTS FAILED TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE, CIVIL LOCAL RULES, AND THIS COURT'S STANDING ORDER. .. 3

A. Defendants Failed to Adhere to Rule 11's "Safe Harbor" Procedural Requirement ........ 3

B. Defendants Failed to Make this Motion Separately from Any Other Motion as Required by Rule 11 ........................................................................................ 4

C. Defendants Alleged Conduct that is Beyond the Scope of Rule 11(b) ........................... 5

D. Defendants Failed to Comply with Civil Local Rule 7-8................................................ 5

II. THE JACKSON DEFENDANTS OFFERED ILLEGALLY OBTAINED EVIDENCE........ 8

**CONCLUSION ........................................................................................................ 10**

# TABLE OF AUTHORITIES

**Cases**

*Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998) .................... 4

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) .................... 5

*Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) .................... 3

*Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870 (9th Cir. 2014) .................... 3

*Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336 (9th Cir. 1988) .................... 5

*Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772 (9th Cir. 2001) .................... 4

*State v. Babcock*, 168 Wn.App. 598, 279 P.3d 890 (2012) .................... 9

*State v. Caliguri*, 99 Wn.2d 501, 664 P.2d 466 (1983) .................... 9

**Statutes**

Revised Code of Washington § 9.73.030 .................... 8

**Rules**

Fed. R. Civ. P. 11 .................... 4, 5

Fed. R. Evid. 403 .................... 10

Fed. R. Evid. 404(a) .................... 10

Fed. R. Evid. 404(b) .................... 10

Local Rule 7-2 .................... 5, 6

Local Rule 7-5 .................... 6

Local Rule 7-8 .................... 5

## STATEMENT OF RELEVANT FACTS

On March 2, 2023, Plaintiff Sarah filed a Complaint in this matter against James Jackson, Lucas Jackson (collectively the "Jackson Defendants"), Google LLC and YouTube LLC (collectively the "YouTube Defendants") in the Western District of Michigan (Dkt. 1).[1] On October 5, 2023, the Jackson Defendants' bankruptcy attorney emailed and notified all counsel in this case that a bankruptcy had been filed and that an automatic stay was in effect. (*See* Haba Declaration, Ex. 1.) On October 11, 2023, the Michigan District Court granted the YouTube Defendants' Motion to Transfer and the case was transferred to the Northern District of California (Dkt. 88). On November 15, 2023, the Jackson Defendants filed a Suggestion of Bankruptcy (Dkt. 100), notifying the Court of their bankruptcy case and the automatic stay of their claims. The Jackson Defendants voluntarily dismissed their bankruptcy claims on May 6, 2024. (*Alonso* case, 23-cv-5127-JD, Dkt. 93).

On August 7, 2024, a phone call occurred between Plaintiff Sarah and Defendant James Jackson. According to the document labeled Exhibit 1 and attached to the Jackson Defendants' Motion, Sarah's clear intention was to tell Onision to leave her alone and to stop defaming her online. On that same day, August 7, 2024, Onision then created and published a YouTube video online which features clips of the call, interspersed with audio and visual commentary about each section provided by Defendant James Jackson.[2]

---

[1] Another Plaintiff, Regina Alonso, filed a separate lawsuit against the same Defendants in the Middle District of Florida. Her case was also transferred to the Northern District of California and her claims against only the YouTube Defendants have been added to this case. *See Alonso v. Google, et. al.,* Case No. 23-cv-5127-JD (N.D. Cal. 2023).

[2] This video is featured on YouTube at https://www.youtube.com/watch?v=324Gmzqe27w and has accumulated over 11,470 views. (*See* Haba Declaration ¶ 7).

On September 27, 2024, 55 days after the phone call and 55 days after exploiting this call online to attempt to sway the internet community that follows Onision, the Jackson Defendants filed a Motion for Sanctions pursuant to Rule 11. Prior to filing this Motion, the Jackson Defendants failed to provide the mandatory safe harbor notice to Plaintiff Sarah or her counsel. (*See* Haba Declaration ¶ 5.)

**STATEMENT OF THE ISSUES TO BE DECIDED**

This brief is filed in opposition to the Jackson Defendants' Motion for Sanctions Against Plaintiff Sarah ("Motion"). The issues to be decided are:

1. Did the Jackson Defendants' adhere to the procedural requirements of Rule 11 of the Federal Rules of Civil Procedure, to include:
    a. The mandatory procedural notice and safe harbor requirement stated in Rule 11(c);
    b. The mandatory procedural requirement to have this motion be filed separately from any other motion as stated in Rule 11(c); and
    c. The mandatory procedural requirement not to use Rule 11 in relation to disputes under Rule 26, as stated in Rule 11(d).
2. Did the Jackson Defendants' Motion adhere to the Civil Local Rules of the Northern District of California, to include:
    a. The mandatory requirement under L.R. 7-2(d) and 7-5 that every factual contention made in support of the Motion must be supported by an affidavit or declaration;
    b. The mandatory procedural requirement to separately set a hearing date and file the form of the Motion in conformity with L.R. 7-2; and

c. The mandatory procedural requirement that the Motion be filed as soon as practicable after learning of the allegedly sanctionable conduct.

3. Did the Jackson Defendants' Motion adhere to the page limit, font size, and font spacing requirements stated in the Standing Order for Civil Cases Before Judge Vince Chhabria.

4. Is the illegal recording or the phone call inadmissible as both contraband and pursuant to the Federal Rules of Evidence.

## ARGUMENT

### I. JACKSON DEFENDANTS FAILED TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE, CIVIL LOCAL RULES, AND THIS COURT'S STANDING ORDER.

The Jackson Defendants' motion fails to directly identify the vehicle under which they allege this Court can order sanctions against Plaintiff. Based on a mention of Rule 11 in the Defendants' argument section (*see* Dkt. 150, pg. 9, ln. 6), as well as the language used, it appears that the Jackson Defendants have filed a Motion seeking sanctions pursuant to Fed. R. Civ. P. 11(b).

#### A. Defendants Failed to Adhere to Rule 11's "Safe Harbor" Procedural Requirement

To file a Motion for Sanctions pursuant to Rule 11(b), the moving party must first comply with Rule 11(c). Rule 11(c) imposes "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). In particular, Rule 11(c) contains a "safe harbor" provision, which requires "that any motion for sanctions be served on the offending party at least 21 days before the motion is filed with the court." *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014). The Ninth Circuit mandates "strict compliance with Rule 11's safe harbor provision." *Id.* Failure to strictly comply with the safe harbor provision bars an

award of sanctions under Rule 11(c) and mandates denial of the motion. *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772 (9th Cir. 2001).

The Jackson Defendants have provided no evidence to show compliance with the procedural requirements of Rule 11 or Rule 5. Nor could they, as Plaintiffs, nor their counsel, had any notice of this Motion prior to the Jackson Defendants filing. (*See* Haba Declaration ¶¶ 5-6.) This procedural deficiency alone necessitates this Motion be denied.

**B. Defendants Failed to Make this Motion Separately from Any Other Motion as Required by Rule 11**

Fed. R. Civ. P. 11(c)(2) states that "[a] motion for sanctions must be made separately from any other motion." The Jackson Defendants instead have moved this Court for sanctions under Rule 11, as well as for a protective order under Rule 26. In requesting such relief, the Jackson Defendants have violated the requirement that a Motion for Rule 11 must stand alone. Further, the Jackson Defendants have requested relief specifically forbidden by Rule 11 (see Dkt. 150, pg. 12, ln. 17-20). *See* Fed. R. Civ. P. 11(d) ("This rule does not apply to . . . motions under [Rule] 26.")

The Jackson Defendants make no argument for a protective order, other than asking for it as one of their enumerated Requests for Relief. As such, without any knowledge of their alleged basis for a protective order, Plaintiffs are unable to respond to such a request.

The Jackson Defendants' non-compliance with Rule 11(c)(2) and (d) necessitates this motion be denied on its face. Further, the Court cannot entertain granting a protective order without a motion outlining the basis for such relief and providing Plaintiffs an opportunity to respond to the same.

**C. Defendants Alleged Conduct that is Beyond the Scope of Rule 11(b)**

The purpose of Rule 11 is not to govern out-of-court conduct of represented parties, but rather to deter baseless filings in district court. Fed. R. Civ. P. 11(b); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Nothing in Rule 11 supports sanctions for alleged actions taken out-of-court that are not filed in a pleading, motion, or papers with the Court. The Jackson Defendants allege that out-of-court speech between the parties serves as the basis for their motion for sanctions. None of this alleged speech was reduced to a pleading, a motion, or papers filed by Plaintiffs, nor was the alleged speech brought before the Court in an oral argument.

The Jackson Defendants' motion seeks relief for alleged conduct that is beyond the scope of what Rule 11 is intended to prevent. This motion must be denied.

**D. Defendants Failed to Comply with Civil Local Rule 7-8**

Local Rule 7-8 of the Northern District of California Civil Local Rules requires that any motion for sanctions must be (a) separately filed and a hearing date must be set in conformance with Civil L.R. 7-2; (b) the form of the motion must comply with Civil L.R. 7-2; and (c) the motion must comply with any applicable Federal Rule and must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate.

In violation of subsection (a), the motion filed did not have a hearing date set in compliance with L.R. 7-2; indeed, no hearing date was set at all. In violation of subsection (b), no aspect of the motion filed complied with L.R. 7-2 (hearing date and time, first paragraph requirements, and second paragraph requirements). Subsection (c) was violated for the reasons enumerated *supra* in Sections I.A., I.B., and I.C. Additionally, the Motion was not filed as soon as practicable. The

phone call referenced took place on August 7, 2024. On August 7, 2024, Onision also published a YouTube video which included the call with Sarah interspersed with his own commentary and argument. (*See* Haba Declaration ¶ 7.) But the Jackson Defendants did not file this motion until October 1, 2024, which is 55 days later and after accruing over 11,470 views of his video. (*See* id.)

Civil L.R. 7-2(d) requires that [e]ach motion must be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5." Civil L.R. 7-5(a) requires that any "factual contention made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record . . . evidentiary matters must be appropriately authenticated by an affidavit or declaration." The Motion is filled with unsubstantiated and unverified statements and purported evidence:

1. The Motion contains images of alleged social media posts and communications that are purported to be between Plaintiff Sarah and the Jackson Defendants. (Dkt. 150, pg. 2, ln. 5-12; pg. 3, ln. 5-12; pg. 3, ln. 16-19; pg. 4, ln. 1-9; pg. 5, ln. 12-19). However, no affidavit or declaration was provided to attest to the accuracy, context, and authenticity of any of these images or alleged communications. As such, none of these images or alleged communications may be considered to be evidence in support of this Motion and should be stricken or disregarded.

2. The Motion also contains many alleged facts without any affidavit or declaration in support. All statements without a declaration of what allegedly transpired, what was alleged said in the conversation at issue, Defendants' characterization of what was allegedly said, and alleged statements from prior conversations cannot be considered for this Motion and should be stricken or disregarded.

3. Exhibit 1 purports to be a transcript of a call that is alleged to have occurred between Plaintiff Sarah and Defendant James Jackson. This transcript is not authenticated as complete and accurate, nor was it prepared by a certified court reporter. Further, the document is replete with green "notes" which were clearly added to support the Jackson Defendants' narrative, as identified in the title – "Transcript of Call with Notes in Green."[3] There are links at the top of Exhibit 1 that were not separately added into evidence. Of great concern, the Jackson Defendants state in their Motion that Exhibit 1 "includes the full transcript of the call." This is not true. In the screenshot of the phone call (pg. 2, ln. 5-12), the graphic shows the call was 11 minutes and 42 seconds long.[4] In the very next sentence, Defendants state that "only the latter part of the call was recorded." In the link at the top of Exhibit 1, the video that is posted on YouTube of the "recording" is only 7 minutes and 21 seconds long, including substantial alterations where words were added to the video demonstrating Defendant James Jackson's opinions and arguments. The screenshot provided shows that Exhibit 1 is missing 4 minutes and 21 seconds, has substantial alterations and additions, and is therefore not a full, complete, or accurate transcript.

This motion should be denied for Defendants' failure to follow the requirements mandated by the Federal Rules of Civil Procedure, the Civil Local Rules, and Judge Chhabria's standing order.

[3] The notes on this purported "transcript" cause these pages to constitute additional argument. As such, the entire brief exceeds this Court's 15-page requirement, font requirement, and spacing requirement, as stated in the Standing Order for Civil Cases Before Judge Vince Chhabria.

[4] This Court is again left to guess if this was a phone call from Plaintiff Sarah without any affidavit or declaration to provide this fact.

## II. THE JACKSON DEFENDANTS OFFERED ILLEGALLY OBTAINED EVIDENCE

The Revised Code of Washington (RCW) § 9.73.030 ("WA Privacy Act") states that it is illegal for any individual to record another person during a private communication. In the Jackson Defendants' Motion, they acknowledge this law (assuming *arguendo* Onision was in Washington State at the time), and that consent was not obtained by Sarah, but attempt to circumvent Onision's illegal recording by stating:

> Under Washington state law (RCW 9.73.030(2)), one-party consent is permitted for recording conversations in situations that involve threats of extortion, blackmail, bodily harm, or other unlawful requests, or when such calls occur anonymously, repeatedly, or at an extremely inconvenient hour. (Dkt. 150, pg. 2, ln. 15-19).

To support their misguided claim that Onision lawfully recorded this call, the Jackson Defendants argue that the call with Sarah was harassing and threatening. This is clearly false. In an attempt to prove their point, the Jackson Defendants provided a document identified as Exhibit 1 which is purported to be a transcript (with editorial notes) of only a portion of the call between Sarah and Onision.[5]

**Harassing:** Harassment is not one of the enumerated means by which RCW 9.73.030(2) allows a party to record a call without two-party consent to that recording. Nonetheless, the Jackson Defendants acknowledge in their Motion that Sarah called to demand that Onision leave her alone. Instead of agreeing to comply with this, Onision responded by saying Sarah should stop suing people and indicated that his barrage against her online was part of him "defending himself." Not once in the call does Onision request that Sarah not "harass" him, or even claim that she is

[5] As stated above, Plaintiff does not agree that this is evidence, nor that it should be considered by this Court, as it lacks an affidavit or declaration to authenticate the accuracy and completeness of this document, it is an incomplete fragment of the phone call, and it contains editorial notes offered as argument.

harassing him. Rather, he objects solely to the fact that she is suing him for his conduct and attempts to question her in an effort to get her to say something he thinks he could use in court. Onision's illegal recording only establishes that he has committed a crime, that he is the one actually harassing and defaming Sarah online, and will continue to do so under the false pretense that he is "defending himself" (through the internet) unless she drops the lawsuit. There is no evidence that harassment occurred by Sarah.

**Threatening:** Sarah does not threaten Onision with anything in the call much less extortion, blackmail, or bodily harm. The Jackson Defendants claim in their Motion, without substantiation or evidentiary support, that Sarah stated she hoped Onision's skin cancer returned – which they have manipulated into a threat to cause bodily harm. The Washington Supreme Court has interpreted the threat exception to the WA Privacy Act broadly. *See State v. Caliguri*, 99 Wn.2d 501, 504, 664 P.2d 466 (1983) (the threat exception includes both direct threats as well as indirect threats); *State v. Babcock*, 168 Wn.App. 598, 279 P.3d 890 (2012) (all the stages, to including planning, to commit a crime are included in the threat exception). But notably, even with this broad interpretation, a threat still requires the speaker to endeavor to commit a crime that involves extortion, blackmail, or bodily harm. *Id.* None of those things have occurred here. Sarah clearly has no ability to cause Onision to have skin cancer. A stated "hope" that something will happen out of anger, with no possible means of causing cancer to return to a person's body, is not a threat. Further, the Jackson Defendants have attempted to offer unsubstantiated statements without an affidavit, context or relevance as inadmissible character evidence by claiming Sarah allegedly stated some time before this in an unrelated conversation that she wanted to be a "serial killer of men." This statement, along with any other unrelated prior statements, should be disregarded, as

they violate Rule 403, 404(a)(1), and 404(b), of the Federal Rules of Evidence, in addition to the previously stated violations of the Local Rules. In total, there is no evidence that Sarah threatened Onision.

Importantly, the Jackson Defendants do not claim that the call occurred anonymously, repeatedly, or at an inconvenient hour anywhere in their Motion. As such, they have waived this argument.[6]

Without meeting any of the exceptions to the WA Privacy Act, Onision was required to notify Sarah that he was recording the conversation. In not doing so, he violated the law and illegally recorded her call. Exhibit 1 and the recording of the same are therefore contraband.

**CONCLUSION**

For all the above reasons, Plaintiffs respectfully request that the Jackson Defendants' Motion for Sanctions against Plaintiff Sarah be denied.

[6] Even if Defendants had raised this argument it would not hold muster. 6:39am is not an "extremely inconvenient hour," as many people in America get up around that time for both school and work. Indeed, Onision invited Sarah to call him back at that time.

DATED: October 11, 2024

Respectfully Submitted,

*<u>/s/ Lisa D. Haba</u>*
Lisa D. Haba
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Dr., Suite 207
Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com

*<u>/s/ Margaret E. Mabie</u>*
Margaret E. Mabie
Robert Y. Lewis
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (212) 372-3030
margaretmabie@marsh.law
robertlewis@marsh.law

*Attorneys for Plaintiffs*