**THE HABA LAW FIRM, P.A.**
Lisa D. Haba (*Pro hac vice*)
*lisahaba@habalaw.com*
1220 Commerce Park Dr., Ste 207
Longwood, FL 32779
Telephone: (844) 422-2529

**MARSH LAW FIRM PLLC**
Robert Y. Lewis (SBN 153948)
*robertlewis@marsh.law*
Margaret E. Mabie (*Pro hac vice*)
*margaretmabie@marsh.law*
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296-9046

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH and REGINA ALONSO,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br>Defendants. | Case No.: 3:23-cv-05523-JD<br><br>**PLAINTIFF'S OPPOSITION TO JACKSON DEFENDANTS' MOTION FOR SANCTIONS [DKT. 166]**<br><br>**Judge:** Hon. James Donato<br>**Date:** not scheduled<br>**Time:** not scheduled<br>**Location:** N/A |

## TABLE OF CONTENTS

**I. STATEMENT OF FACTS ..... 1**

A. Procedural History ..... 1

B. Claims ..... 1

C. Rule 11 Safe Harbor Notice ..... 2

**II. STATEMENT OF THE ISSUES TO BE DECIDED ..... 2**

**III. ARGUMENT ..... 3**

**A. SANCTIONS PURSUANT TO 28 U.S.C. § 1927 ARE UNMERITED** ..... 3

**B. RULE 11 SANCTIONS ARE EXTREME, IMPROPER, AND UNMERITED** ..... 4

1) Rule 11 Legal Standard ..... 4

2) Plaintiff's Claims are For A Proper Purpose, Are Not Frivolous, and Will Likely Have Evidentiary Support with Discovery ..... 5

3) The Jackson Defendants Failed to Meet their Burden in Establishing Frivolous Conduct or Any Rule 11 Violation ..... 7

4) Out-of-Court Negotiations Are Outside the Scope of Rule 11 ..... 9

**C. THE JACKSON DEFENDANTS' MOTION FAILS TO COMPLY WITH FEDERAL RULES AND LOCAL RULES** ..... 10

**IV. PREVAILING PARTY ATTORNEY'S FEES ..... 14**

**V. CONCLUSION ..... 15**

## TABLE OF AUTHORITIES

**Cases**

*Amos v. Makita U.S.A., Inc.*, No. 2:09-CV-01304-GMN, 2011 WL 43092 (D. Nev. Jan. 6, 2011) ..... 9

*B.K.B. v. Maui Police Dep't*, 276 F.3d 1091 (9th Cir. 2002) ..... 3

*Beaver v. Wells Fargo Bank, et al.*, No. C24-00442-KKE, 2024 WL 4979792 (W.D. Wash. Dec. 4, 2024) ..... 6

*Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802 (9th Cir. 1989) ..... 6

*Caputo ex rel. United States of Am. v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111 (9th Cir. 2024) ..... 3

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) ..... 3, 6, 9

*Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001) ..... 3

*GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 5443046 (N.D. Cal. Sept. 30, 2013) ..... 4

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986) ..... 5

*Gregory v. Armstrong*, No. 822CV01234FWSKES, 2023 WL 4291825 (C.D. Cal. May 9, 2023) ..... 6

*Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) ..... 6, 14

*In re Cal. Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031 (N.D. Cal. 2021) ..... 7

*In re Keegan Management Co. Sec. Litig.*, 78 F.3d 431 (9th Cir.1996) ..... 6

*In re Outlaw Lab'y, LP Litig.*, No. 3:18-CV-1882-GPC-BGS, 2019 WL 3858900 (S.D. Cal. Aug. 15, 2019) ..... 5

*Intamin Ltd. v. Magnetar Techs., Corp.*, 483 F.3d 1328 (Fed.Cir.2007) ..... 5, 6

*Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336 (9th Cir.1988) ..... 5

*Patelco Credit Union v. Sahni*, 262 F.3d 897 (9th Cir. 2001) ..................... 15

*Truesdell v. So. Cal. Permanente Med. Grp.*, 209 F.R.D. 169 (C.D. Cal. 2002) ..................... 6

*United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102 (9th Cir. 2001) ..................... 4

*Wendt v. Host Int'l, Inc.,* 125 F.3d 806 (9th Cir. 1997) ..................... 8

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) ..................... 8

**Statutes**

The Revised Code of Washington (RCW) § 9.73.030 ..................... 12

**Other Authorities**

1993 Advisory Committee Note to Fed. R. Civ. P. 11 ..................... 14

**Rules**

Civil L.R. 7-2(d) ..................... 10

Civil L.R. 7-5. ..................... 10

Civil L.R. 7-8(c) ..................... 10

Fed. R. Civ. P. 11 ..................... 6

Fed. R. Civ. P. 11(b) ..................... 4, 5

Fed. R. Evid. 106 ..................... 12

Fed. R. Evid. 403 ..................... 13

Fed. R. Evid. 404(a)(1) ..................... 13

Fed. R. Evid. 404(b) ..................... 13

# I. STATEMENT OF FACTS

## A. Procedural History

On March 2, 2023, Plaintiff Sarah filed a Complaint in this matter against James Jackson, Lucas Jackson (collectively the "Jackson Defendants"), Google LLC and YouTube LLC (collectively the "YouTube Defendants") in the Western District of Michigan (Dkt. 1). The Jackson Defendants were represented by counsel for the duration of their case in Michigan. On October 11, 2023, the District Court Judge granted YouTube's Motion to Transfer, the case was transferred to the Northern District of California (Dkt. 88) and was assigned to Judge Chhabria (Dkt. 103). The Jackson Defendants elected to proceed *pro se* once the case was transferred to California.

On October 15, 2023, the Jackson Defendants filed a Suggestion of Bankruptcy (Dkt. 100), resulting in an automatic stay of their claims. The Jackson Defendants voluntarily dismissed their own bankruptcy claims on May 6, 2024. (*Alonso* case, 23-cv-5127-JD, Dkt. 93). The Jackson Defendants were represented by counsel for the duration of their bankruptcy case.

On September 27, 2024, the Jackson Defendants filed a Motion for Rule 11 Sanctions against Plaintiff Sarah (Dkt. 147), which was denied on October 28, 2024. (Dkt. 159).

## B. Claims

This case and the case of *Alonso v. Google, et. al*, 23-cv-5127-JD were deemed related on October 31, 2024. (Dkt. 161). Plaintiff Sarah originally filed and sought to litigate her claims against all Defendants in the Western District of Michigan. The Plaintiff Regina Alonso originally filed and sought to litigate her claims against all Defendants in the Middle District of Florida.

After the cases were both transferred to the Northern District of California, Plaintiffs and the YouTube Defendants agreed to dismiss all claims from the *Alonso* action (23-cv-5127-JD)

and file all claims for both Plaintiffs in the *Sarah* action (23-cv-5523-JD). Below is a chart outlining where each of the respective claims is currently filed:

| **Lawsuit** | **Claims against the Jackson Defendants** | **Claims against the YouTube Defendants** |
|---|---|---|
| *Sarah v. Google, et. al.* 23-cv-5523-JD | **Sarah** – all claims against James and Lucas Jackson | **Sarah** – all claims against Google LLC and YouTube LLC<br><br>**Regina Alonso** – all claims against Google LLC and YouTube LLC |
| *Alonso v. Google, et. al.* 23-cv-5127-JD | **Regina Alonso** – all claims against James and Lucas Jackson | --- |

**C. Rule 11 Safe Harbor Notice**

On November 17, 2024, the Jackson Defendants emailed a copy of their Motion and exhibits, but not the supporting affidavit, to Plaintiffs' counsel. (Dkt. 166-2, pg. 9). On December 13, 2024, the Jackson Defendants filed their Motion for Sanctions (Dkt. 166) with attached exhibits (Dkt. 166-1) and a supporting affidavit jointly signed by the Jackson Defendants together (Dkt. 166-2).

## II. <u>STATEMENT OF THE ISSUES TO BE DECIDED</u>

This brief is filed in opposition to the Jackson Defendants' Motion for Sanctions ("Motion"). The issues to be decided are:

1. Whether the complaint filed was done so in such bad faith so as to merit sanctions under 28 U.S.C. § 1927.
2. Whether the complaint filed was so extreme and improper as to be deemed frivolous under Rule 11.
3. Whether Plaintiff's counsel may be sanctioned pre-discovery based on non-admissible "exhibits" and an improper, jointly-signed affidavit.

4. Whether the Jackson Defendants' adhered to the mandatory procedural requirements of Rule 11 of the Federal Rules of Civil Procedure and the Civil Local Rules of the Northern District of California.

## III. ARGUMENT

There are three primary mechanisms through which a court may "sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). "Each of these sanctions alternatives has its own particular requirements, and it is important that the grounds be separately articulated to assure that the conduct at issue falls within the scope of the sanctions remedy." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002).

### A. SANCTIONS PURSUANT TO 28 U.S.C. § 1927 ARE UNMERITED

The Jackson Defendants erroneously argue that § 1927 sanctions are warranted because Plaintiff's counsel brought multiple filings in Florida and Michigan. To alleged § 1927 sanctions, the moving party must allege reckless frivolousness which resulted in the multiplication of the proceedings in order to justify § 1927 sanctions. *Caputo ex rel. United States of Am. v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1155 (9th Cir. 2024) (citing *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). Not only do the Jackson Defendants cite the wrong standard for § 1927 sanctions, but they fail to argue anything in support of their position other than conclusory statements with no supporting facts or caselaw.

More glaring, the Jackson Defendants ignore that this is not one case split into multiple claims; Plaintiffs Sarah and Regina Alonso are two separate plaintiffs who have each brought their own claims in their own lawsuit against the defendants who are liable for their respective

harm. Both plaintiffs have alleged that James and Lucas Jacckson are liable for their respective damages. Each plaintiff filed their respective lawsuit in their home jurisdiction based on the national jurisdiction afforded by 18 U.S.C. § 2255(c), which was later transferred to this District based on YouTube's user agreement forum selection clause.

The Jackson Defendants' argument is without any authority; as an unsupported claim, the argument lacks merit and should be summarily denied.

**B. RULE 11 SANCTIONS ARE EXTREME, IMPROPER, AND UNMERITED**

The Jackson Defendants have failed to clearly identify which filing is the subject of their motion. *See* Fed. R. Civ. P. 11(b). Because the case has not yet passed the pleading stage and the parties have not yet engaged in discovery, Plaintiff assumes the Jackson Defendants are referring to the complaint.

**1) Rule 11 Legal Standard**

Given the tension between Rule 11 serving to curtail "occasion[s] [when] attorneys engage in litigation tactics so vexatious as to be unjustifiable even within the broad bounds of our adversarial system" and a lawyer's role as an advocate to "present[ ] the facts and law as favorably as fairly possible in favor of [their] client," courts "should impose [Rule 11] sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001) (citations omitted). This Court has held that "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 5443046, at *4-5 (N.D. Cal. Sept. 30, 2013). Indeed, cases warranting imposition of sanctions for frivolous actions are uncommon. *In re Outlaw Lab'y, LP Litig.*, No. 3:18-CV-1882-GPC-BGS, 2019 WL

3858900, at *9 (S.D. Cal. Aug. 15, 2019). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir.1988). Sanctions imposed pursuant to Rule 11 should be reserved for "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344. "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id.*

Despite this Court's recent denial of the Jackson Defendants' similarly situated motion for sanctions against Plaintiff (Dkt. 147, 159), the Jackson Defendants have again alleged violations of Rule 11(b), subsections (1) – (3), which certify a pleading, motion, or paper is not being presented for any improper purpose (b)(1), includes claims or legal contentions that are nonfrivolous (b)(2), and is either has, or likely will have evidentiary support after investigation or discovery (b)(3). Fed. R. Civ.P. 11(b). The Jackson Defendants fail, however, to allege any intelligible or conceivably viable violations of Rule 11 by Plaintiffs' counsel.

**2) Plaintiff's Claims are For A Proper Purpose, Are Not Frivolous, and Will Likely Have Evidentiary Support with Discovery**

Rule 11 imposes a duty on attorneys to certify by their signature that a pleading is well-grounded in fact, has a basis in law, and is not filed for an improper purpose. *Intamin Ltd. v. Magnetar Techs., Corp.*, 483 F.3d 1328, 1337-8 (Fed.Cir.2007). The Federal Rules of Civil Procedure do "not impose upon the district courts the burden of evaluating under ethical standards the accuracy of all lawyers' arguments. Rather, Rule 11 is intended to reduce the burden on district courts by sanctioning, and hence deterring, attorneys who submit motions or pleadings which cannot reasonably be supported in law or in fact." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986); *Beaver v. Wells Fargo Bank, et al.*, No. C24-00442-KKE, 2024 WL 4979792, at *4 (W.D. Wash. Dec. 4, 2024) (finding movant failed

to show claims were frivolous); *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 808 (9th Cir. 1989) (quoting Fed. R. Civ. P. 11)).

Where the "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian*, 286 F.3d at 1127 (citation omitted); *see also Gregory v. Armstrong*, No. 822CV01234FWSKES, 2023 WL 4291825, at *2 (C.D. Cal. May 9, 2023). Both prongs must be satisfied to warrant sanctions. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) ("As shorthand for this test, [courts] use the word 'frivolous' 'to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry.") (citation omitted). A complaint is filed for a proper purpose if it is "non-frivolous." *Intamin* 483 F.3d at 1337.

An attorney who conducted a reasonable inquiry, as is the case here, may not be sanctioned under Rule 11. *In re Keegan Management Co. Sec. Litig.*, 78 F.3d 431, 437 (9th Cir.1996). At base, "[t]he issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Truesdell v. So. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174 (C.D. Cal. 2002). Here, despite the Jackson Defendants' absurdly improper and unverified exhibits, Plaintiffs' counsel conducted a diligent and competent inquiry into Plaintiff's claims. (*See* Haba Decl. ¶ 5). Given the extensive investigation Plaintiffs' counsel underwent prior to filing Plaintiffs' claims, Plaintiffs' claims are clearly not frivolous. The Jackson Defendants have provided nothing other than suspicion and

conjecture to support their claim that Plaintiffs' counsel failed to conduct a reasonable inquiry into Plaintiffs' claims and therefore have failed to meet their burden.

Furthermore, despite the Jackson Defendants' contentions that Plaintiff's counsel has failed to disclose evidence, Plaintiff's counsel has no duty to disclose unverified, unrequested evidence that the Defendants purport to possess.[1] Indeed, Plaintiffs' counsel currently has no burden of production in that Plaintiffs have yet to undergo discovery in this case and Plaintiffs' counsel has not yet decided which evidence to present at trial.[2]

Here, despite the Jackson Defendants' skewed and self-serving motion referring to inadmissible and unauthentic evidence, Plaintiffs' claims against the Jackson Defendants remain viable. The Jackson Defendants' confounding references to other cases filed by Plaintiffs' counsel are meritless and misunderstood. If the Jackson Defendants' arguments that Plaintiff's counsel should be sanctioned for bringing novel claims based on the facts of any given case, this would stymy the natural development of caselaw. Sanctioning attorneys for using developing legal theories suppresses changes in the law and any citation to dissenting opinions.

**3) The Jackson Defendants Failed to Meet their Burden in Establishing Frivolous Conduct or Any Rule 11 Violation**

The Jackson Defendants have a steep burden of proof to establish a violation of Rule 11. When a party moves for sanctions under Rule 11, "the burden is on the moving party to demonstrate why sanctions are justified." *In re Cal. Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1052 (N.D. Cal. 2021) (citation and internal quotation marks omitted). The Jackson

---

[1] Of note, Plaintiffs' counsel and the Jackson Defendants' former counsel did exchange the Rule 26(a)(1) Mandatory Initial Disclosures.

[2] Additionally, Plaintiff's counsel does not have the ability to "suppress" "exonerating evidence." Suppressing evidence is a power reserved for a judge overseeing a criminal case.

Defendants' unintelligible motion, their jointly-signed supporting affidavit, and their discombobulated exhibits clearly fail to meet this steep burden or justify any of the sanctions they seek to impose on Plaintiffs' counsel. The Jackson Defendants clearly fail to allege any conceivably viable violations of Rule 11 by Plaintiffs' counsel. The Jackson Defendants' motion seeks to sanction commonplace advocacy while erroneously and inaccurately citing to the Model Rules of Professional Conduct and failing to cite to any applicable California rules nor any Florida rules of professional conduct applicable in this case pursuant to Plaintiff's counsel's *pro hac vice* status in this matter.

Though not necessary in this instance where the imposition of sanctions is so obviously and clearly improper, "[t]he Ninth Circuit gives particularly wide latitude to the district court's discretion" in whether to issue sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted). To determine if the sanction sought by the movant is appropriate, "the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [movant]; (4) the public policy favoring disposition of cases on their merits; [and] (5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir. 1997).

The public interest in expeditious resolution is prominent in the instant action in that this case has been pending for almost two (2) years but has yet to enter the discovery stage and this Motion further prolongs this litigation. So too, Northern District of California courts are some of the most congested courts in the country. Aside from the increased efficiency allowed by the denial of Defendants' motion for sanctions intended to disrupt and delay Plaintiffs' proceedings, "there is no overarching public interest in this case. The court's docket has not been and will not

be overly taxed" by the filing of Plaintiff's complaint. *Amos v. Makita U.S.A., Inc.*, No. 2:09-CV-01304-GMN, 2011 WL 43092, at *5 (D. Nev. Jan. 6, 2011). Similarly, there is no risk of prejudice to the Jacksons, and the matter should be decided on the merits, preserving Plaintiff's right to counsel of their choosing protected. The sanctions sought by the Jacksons are draconian, excessive, improper and should be denied. *Id*.

**4) Out-of-Court Negotiations Are Outside the Scope of Rule 11**

The Jackson Defendants alleged Plaintiff's counsel has violated prong (1) by engaging in standard litigation negotiations (both pre-litigation and during litigation), which he has attempted to incorrectly characterize as extortion. (Dkt. 166, pg. 7-8).

First, negotiations that occur out of court and do not get filed or represented to the court fall outside the scope of Rule 11, as Rule 11 sanctions are limited to misconduct regarding the papers signed in violation of this Rule, and not all conduct related to a case. *Christian*, 286 F.3d at 1131.

Second, all negotiations were offered in good faith and for a proper purpose. Notably, the Jackson Defendants had counsel from when the case was filed until the case was transferred out of the Western District of Michigan (March 2023 – October 2023). Immediately thereafter, the Jackson Defendants filed bankruptcy and had bankruptcy counsel until May of 2024. Although not a part of this case, the Jackson Defendants were also represented by counsel in Florida. Any settlement demand conveyed after litigation commenced was only made through counsel. Had Defendant James Jackson been willing to make a statement in order to secure a cap on damages, it would have been his attorney's ethical responsibility to counsel his client about his obligation of candor and truthfulness to the tribunal, as reflected in the oath that would be taken to sign the affidavit or declaration. (*See* Haba Decl. ¶ 13). Plaintiff's counsel has never sought or attempted to seek anything but candid, truthful, and honest statements to be presented

to the court and the Jackson Defendants' disingenuous attempt to recharacterize that as a "scheme" and "extortion" does not change Plaintiff's counsel's intent or actions. (*See* Haba Decl. ¶¶ 11-12).

### C. THE JACKSON DEFENDANTS' MOTION FAILS TO COMPLY WITH FEDERAL RULES AND LOCAL RULES

Civil L.R. 7-8(c) of the Northern District of California Civil Local Rules requires that any motion for sanctions must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate. In violation of subsection (c), the Jackson Defendants' frivolous Motion was not filed as soon as practicable. The complaint in this case was filed on March 2, 2023 (Dkt. 1). The Jackson Defendants were originally represented by counsel in Michigan and filed a Motion to Dismiss the complaint, but never filed a Motion for Sanctions related to the complaint for the entire time that an attorney was the gatekeeper of filings for this case. That attorney withdrew on October 11, 2023 (Dkt. 86). Since that time, the Jackson Defendants have been *pro se* in this case (despite having bankruptcy counsel) and did not file this Motion until 653 days after the supposedly objectionable original complaint was filed. This is clearly well past filing "as soon as practicable" and in violation of L.R. 7-8(c).

Civil L.R. 7-2(d) requires that [e]ach motion must be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5." Civil L.R. 7-5(a) requires that any "factual contention made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record . . . evidentiary matters must be appropriately authenticated by an affidavit or declaration."

The Defendants' joint affidavit is procedurally improper. ***First***, the Defendants cannot submit a joint-affidavit; rather each should submit a separate declaration or affidavit swearing to the accuracy of the facts known by that individual affiant. ***Second***, the joint-affidavit contains

non-factual statements, including claims that neither of the purported joint-affiants could possess personal knowledge about, such as Plaintiff's counsel's alleged motivation or knowledge of events. ***Third***, the joint-affidavit contains claims that are self-serving summaries of alleged communications without providing the actual communications. This violates the best evidence rule and does not allow the actual communication to be evaluated. ***Fourth***, the joint-affidavit contains legal conclusions which lack a basic understanding of legal terminology, standards, or process. (For example, Defendants seem to misunderstand that Plaintiff's counsel cannot "suppress" "exculpatory" information, as the claims are brought in civil (not criminal) court, discovery has not commenced, and no findings have been made by this Court). ***Fifth,*** the joint-affidavit contains claims about other unrelated lawsuits and the claims raised in the related but separate lawsuit brought by Regina Alonso that have no relevance to this matter. ***Sixth***, Motion itself is filled with unsubstantiated, non-authentic, and unverified statements.

The Defendants' exhibits are procedurally improper. The "exhibits" attached to Defendants' Motion contains images of alleged social media posts, communications that are purported to be between Plaintiff Sarah and the Jackson Defendants, and unverified communications purported to be between Plaintiffs' counsel and third-party witnesses. Plaintiff objects to every single exhibit, as they all contain commentary by Defendants, which means each exhibit is altered from its original state. The joint-affidavit does not attest to the accuracy, context, and authenticity of any of these images, alleged communications, or commentary, not could the Jacksons personally verify much of this material. As such, none of the exhibits can be considered

to be evidence in support of this Motion and should be stricken or disregarded as unverified in violation of L.R. 7-5(a)[3].

Plaintiff objects that Exhibits 1-5, 7, 11-20, and 25 only provides a portion of the purported recording, post, or communication and therefore is objectionable under the Rule of Completeness. Fed. R. Evid. 106.

Plaintiff objects that Exhibit 12 contains a typed conversation that purportedly occurred between "James" and "Sarah", but is not verified or authenticated, violates the Best Evidence Rule since it apparently stems from a recorded conversation, and any such recording was illegally obtained. This typed conversation is not authenticated as complete and accurate, nor was it prepared by a certified court reporter. Similarly, the Jackson Defendants' motion relies on illegally obtained evidence and Plaintiff objects to the admissibility of any illegally obtained and offered evidence. The Jackson Defendants are in Washington State (Dkt. 156). The Revised Code of Washington (RCW) § 9.73.030 ("WA Privacy Act") states that it is illegal for any individual to record another person during a private communication. Without meeting any of the exceptions to the WA Privacy Act, James Jackson was required to notify Sarah that he was recording the conversation. In not doing so, he violated the law and illegally recorded her call, making it and any record of the same contraband.

---

[3] In the opposition brief filed in response to the last Motion for Sanctions (Dkt. 152), the same argument was raised by Plaintiff – that the Jackson Defendants filed a Motion replete with alleged facts and allegations, but without the necessary supporting declaration or affidavit in violation of L.R. 7-5(a). The Jackson Defendants acknowledged this in their reply brief and filed a declaration with the reply brief attempting to remedy this deficiency. Despite being aware of this L.R. requirement, the Jackson Defendants have again filed another Motion for Sanctions and again failed to comply.

Plaintiff objects that Exhibit 23 contains inadmissible character evidence by claiming Sarah allegedly stated she wanted to be a "serial killer for men," she allegedly suffered from a sexually transmitted disease, and alleged historical drug use activity. This should be disregarded, as this violates Rule 403, 404(a)(1), and 404(b), of the Federal Rules of Evidence.

Plaintiff objects that Exhibit 6 contains references to unrelated cases and is therefore irrelevant. It further contains an arrest of Chris Hansen which appears to be cut and pasted into the exhibit highlighting the arrest of Hansen, but ignoring that the case was quickly dismissed.[4]

The Motion is also replete with alleged facts – all without any affidavit or declaration in support in violation of L.R. 7-5(a). All statements without a declaration of what allegedly transpired, what was alleged said in the conversation at issue, Defendants' characterization of what was allegedly said, and alleged statements from prior conversations cannot be considered as evidence for this Motion and should be stricken or disregarded in violation of L.R. 7-5(a).

The Jackson Defendants' motion for sanctions is—once again—procedurally improper. On November 17, 2024, the Jackson Defendants failed to provide Plaintiffs' counsel with a copy of their supporting Affidavit to the instant Motion which they filed on December 13, 2024. (Dkt. 166-2; Haba Decl. ¶¶ 8-9). Not only did Plaintiffs' counsel face prejudice in not reviewing any supporting affidavit prior to the filing of the instant motion, the Jackson Defendants have once again violated the Rule 11 Safe Harbor rule requiring that they provide the non-moving party with the entirety of their filing over 21 days prior to filing any such motion for sanctions. Furthermore, as of the filing of this Opposition Brief, counsel for Plaintiffs and Defendants James Jackson and Lucas Jackson have not met and conferred on this matter. (*See* Haba Decl. ¶ 10).

---

[4] Helsel, Phil, *Bad-check case involving 'To Catch a Predator' host Chris Hansen resolved* (Jan. 25, 2019), available at https://www.nbcnews.com/news/us-news/bad-check-case-involving-catch-predator-host-chris-hansen-resolved-n962956.

Rule 11(c) imposes "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). In particular, Rule 11(c) contains a "safe harbor" provision, which requires "that any motion for sanctions be served on the offending party at least 21 days before the motion is filed with the court." *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014). Serving a portion of the Motion and omitting service of the entirety of the filing does not comply with the rule. The Ninth Circuit mandates "strict compliance with Rule 11's safe harbor provision." *Id*. Failure to strictly comply with the safe harbor provision bars an award of sanctions under Rule 11(c) and mandates denial of the motion. The Jackson Defendants' motion for sanctions should be denied for failure to follow the requirements mandated by the Federal Rules of Civil Procedure and the Civil Local Rules.

Finally, Judge Donato's Standing Order for Civil Cases[5] require that all "opening and opposition briefs may not exceed 15 pages". While exhibits or an affidavit in support of a brief, are not included in this 15-page requirement, a party cannot make additional arguments and simply label it as an "exhibit" or "affidavit." Nonetheless, the documents filed by the Jackson Defendants and labeled as an exhibit (Dkt. 166-1) and affidavit (Dkt. 166-2) are a continuation of the Jackson Defendant's arguments and should be stricken, if not on the merits, for going past the 15-page limit that is binding on all parties.

## IV. PREVAILING PARTY ATTORNEY'S FEES

"As under former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." 1993 Advisory Committee Note to Fed. R. Civ. P. 11. "[T]he court may award to the person who prevails on a motion under Rule 11 —

[5] JD_Standing-Order-For-Civil-Cases-Before-Judge-Donato.pdf.

whether the movant or the target of the motion — reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion." Id.; *see Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) ("A party defending a Rule 11 motion need not comply with the [rule's] separate document and safe harbor provisions when counter-requesting sanctions.")

Given the extraordinary frivolous nature of this Motion, the wholly improper and inadmissible supporting exhibits and affidavit, and the fact that a previous Motion was denied for Rule 11 Sanctions (Dkt. 159), Plaintiff, by way of her counsel, moves this Court for prevailing party attorney's fees, pursuant to Fed. R. Civ. P. 11(2).

## V. CONCLUSION

For all the above reasons, and those stated above, Plaintiffs respectfully request that the Jackson Defendants' Rule 11 Motion for Sanctions, filed at Dkt. 166, be summarily denied.

Plaintiff objects to admissibility of all of the "exhibits," filed at Dkt. 166-1, as they violate the Federal Rules of Evidence. Plaintiff objects to all alleged factual allegations raised in the Motion and Affidavit (Dkt. 166-2) that are not authenticated by a competent affidavit or declaration.

Plaintiff seeks prevailing party attorney's fees from the Jackson Defendants for the time spent defending this Motion.

DATED: December 27, 2024

*/s/ Lisa D. Haba*
Lisa D. Haba (*Pro hac vice)*
**THE HABA LAW FIRM, P.A.**

*/s/ Margaret E. Mabie*
Margaret E. Mabie (*Pro hac vice)*
Robert Y. Lewis
**MARSH LAW FIRM PLLC**

*Attorneys for Plaintiff Sarah*