James Jackson & Lucas Jackson
8702 123rd St E, Puyallup, WA 98373
253-286-8311
complexnucleus@gmail.com
*Pro Se*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNKNOWN PARTY<br><br>Plaintiff,<br><br>vs.<br>Google LLC, YouTube LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br>Defendants. | Case Number: 3:23-cv-05523-JD<br><br>**AMENDED REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST LISA HABA FOR BAD FAITH LITIGATION, ETHICAL VIOLATIONS, AND ABUSE OF THE JUDICIAL PROCESS**<br><br>Hon. Judge Donato |

| | | |
|---|---|---|
| Motion Hearing | 12/13/2024 | 03/06/2025 at 10:00 AM |

## I. INTRODUCTION

This Reply highlights the pervasive and deliberate misconduct of Plaintiffs' counsel, Lisa Haba, who has violated Rule 11 of the Federal Rules of Civil Procedure by pursuing frivolous and bad-faith litigation against the Jackson Defendants. The Plaintiffs' opposition does not refute the central issues raised in Defendants' motion for sanctions but instead relies on mischaracterizations, procedural distractions, and unsupported accusations to deflect from the

undeniable lack of factual or legal merit underpinning their claims. [1]

Defendants' motion is substantiated by an overwhelming body of evidence, including findings from law enforcement/FBI investigations, Plaintiffs' contradictory public statements, and written communications, of which conclusively exonerate the Jackson Defendants. Despite this incontrovertible evidence, Plaintiffs' counsel has persisted in advancing meritless claims, knowingly misrepresenting both facts and law in violation of her ethical and professional obligations.

Moreover, Plaintiffs' counsel has flagrantly abused the judicial process by filing claims in improper venues, inflating damages to obstruct bankruptcy proceedings, and engaging in coercive settlement tactics. These actions constitute a clear abuse of Rule 11(b)(1), (b)(2), and (b)(3), which collectively require that all pleadings must:

1. Serve a legitimate purpose and not be presented to harass or impose unnecessary burdens (Rule 11(b)(1));
2. Be warranted by existing law or a non-frivolous argument for the extension of the law (Rule 11(b)(2)); and
3. Have or be likely to have evidentiary support following reasonable inquiry (Rule 11(b)(3)).

Plaintiffs' counsel has failed on all three counts, and her actions have imposed significant financial, emotional, and reputational harm on the Jackson Defendants. Sanctions are necessary to

---

[1] **Procedural Gamesmanship**: A significant portion of Lisa Haba's Opposition focuses on technical errors in the Motion for Sanctions. In the last hearing, Judge Vince Chhabria extensively lectured Haba on her own procedural mistakes while noting that Pro Se defendants are not expected to meet the same standards as attorneys. Despite this, Haba has ignored the Court's guidance, relying on hyper technical criticism rather than addressing substantive issues—an approach that reflects her case's lack in merit.

preserve the integrity of these proceedings, deter further abuses (which are active and ongoing), and hold Plaintiffs' counsel accountable for her misconduct.

## II. ARGUMENT

**1. Plaintiffs' Counsel's Conduct Violates Rule 11:** Lisa Haba's actions demonstrate a persistent violation of Rule 11 through the filing of claims for improper purposes, the advancement of legally untenable arguments, and reliance on knowingly false and/or clearly misleading evidence.

**1.1 Filing for an Improper Purpose:** Rule 11(b)(1) prohibits filings made for improper purposes, including to harass, cause unnecessary delay, or increase litigation costs. Plaintiffs' counsel's conduct in this case unmistakably reflects such improper motives.

1. **Improper Venue Filings**: Plaintiffs' counsel initially filed claims in Michigan and Florida, jurisdictions with no connection to the Jackson Defendants or the alleged events. These filings forced the Jacksons to spend over $15,000 in legal fees for defense in Michigan and Florida alone, imposing significant financial and procedural burdens on the Defendants. The improper filings wasted judicial resources and delayed resolution of the case.



I called [redacted] at 8:43 am (Pacific Standard Time) and paid the agreed $10,000 balance in full.

Thank you Michelle. Have a good day.

REF # [redacted]
INVOICE # [redacted] - MMM
AUTH CODE [redacted]
TRANSACTION # : [redacted]
Sale Amount: $10,000.00

Michelle M[redacted]bolhouselaw.com> Wed, May 15, 9:33 AM
to me, Matt, Michele

Thank you.

-Kindly,



You sent a $5,000.00 USD payment

service@paypal.com <service@paypal.com> Fri, Aug 25, 2023, 8:56 AM
to me

Hello, James Jackson

You sent $5,000.00 USD to Steven Meyer

Create an account with PayPal in just seconds so checkout is a snap!

Activate PayPal Now

Transaction Details

2. **Inflated Claims in Bankruptcy Proceedings**: During bankruptcy proceedings, Plaintiffs' counsel knowingly submitted grossly inflated claims of damages to obstruct Defendants' ability to resolve their financial difficulties. These exaggerated claims, unsupported by any factual or legal basis, exemplify bad-faith litigation tactics.

3. **Coercive Settlement Demands**: Plaintiffs' counsel engaged in unethical settlement practices, including offering financial incentives to induce Defendants to provide statements that would allegedly wrongfully harm Google. These actions further underscore Plaintiffs' counsel's improper motives and disregard for the principles of justice.

**1.2 Frivolous Claims Lacking Legal and Factual Basis:** Under Rule 11(b)(2), all filings must be warranted by existing law or supported by a non-frivolous argument for its extension. The

claims brought by Plaintiffs against the Jackson Defendants fail to meet this standard, as they lack both factual and legal merit. This is underscored by Plaintiffs' repeated original confessions across multiple platforms, which vindicated the Defendants. Despite this, Lisa Haba and her clients advanced contradictory allegations, exhibiting a clear and deliberate disregard for the truth. Their actions constitute blatant bad-faith litigation and include numerous instances of perjury. A simple comparison between the police report, the original complaint, and the amended complaint exposes extensive instances of perjury and willful misrepresentation.

U
ni
te

1. **Law Enforcement Findings**: Investigations conducted by local law enforcement and the FBI conclusively found no evidence to support the allegations against the Jackson Defendants. **After extensive interviews with both Plaintiffs, Regina and Sarah, law enforcement determined that no criminal activity occurred.** Both Plaintiffs were given multiple opportunities to provide evidence or assert claims against the Jacksons but <u>consistently denied any knowledge of criminal wrongdoing</u>. Sarah, in particular, explicitly confirmed that **no inappropriate acts occurred while she was a minor and that, as an adult, all interactions with the Jacksons were consensual**. Furthermore, Sarah admitted to engaging in blackmail against the Jacksons.

   James Jackson requested that Sarah sign an agreement affirming she would not make false statements about him or his family. This request followed Sarah's explicit threats to "destroy" the Jacksons'. Sarah then made a demand that they "do stuff" with her as a condition for signing. The Jacksons knew Sarah had all the power and that anything she told people, they would believe. Eventually James Jackson could not bear living with being extorted any longer, he rejected Sarah, explained the nature of the crime Sarah

committed, and Sarah apologized repeatedly for committing said crime. Weeks after being rejected by James Jackson for the final time, Sarah publicly confirmed her sexual extortion in a live video stream. Despite being aware of Sarah's coercive and self-incriminating actions for years, Lisa Haba continues to pursue this baseless lawsuit in blatant violation of Rule 11, which prohibits advancing claims lacking factual or legal merit.

U ni te

The Plaintiffs, who now allege misconduct, previously vindicated the Jacksons multiple times well after the referenced timeframes including during law enforcement investigations. Rule 11 exists precisely to prevent such abuses, where claims are pursued despite clear and documented evidence disproving them. The Plaintiffs' prior confessions unequivocally establish that their current accusations are false, rendering this lawsuit a calculated and deliberate fabrication.

The nature of this lawsuit is profoundly damaging. Accusations of this magnitude are life-ruining, leaving innocent people like the Jacksons with irreparable harm to their reputation and emotional well-being, regardless of any damages that may ultimately be awarded. Sarah, in particular, has repeatedly bragged that she is unbothered by the potential consequences of her fraud and blatant lies, citing her lack of financial resources as a shield agai nst accountability for her contract violations and defamation. This underscores the malicious intent behind this baseless lawsuit. This too, Lisa Haba has been made aware of, yet Lisa Haba apathetically and unapologetically continues to waste the Court's time, and further harm both Google and the Jacksons with her harassment.

2. **Plaintiffs' Additional Contradictory Statements**

- **Sarah's Admissions**: Texts, public posts, and interviews unequivocally show that Sarah repeatedly and explicitly stated that no inappropriate conduct occurred while she was a minor. Even after James Jackson cut ties with her, Sarah admitted that her advances toward the Jacksons, even as an adult, were initially rejected. The preserved text messages, still in the custody of the Jacksons on the original devices, fully exonerate the Jacksons of any wrongdoing.

A comparison between Lisa Haba's complaints and the publicly available evidence accessible to her reveals a disturbing pattern of dishonesty. Lisa Haba knowingly presented false information to the Court, fully aware that her client's allegations were fabricated. Sarah, in turn, is guilty of the gravest kind of perjury—falsely accusing innocent people of predatory behavior. Such false accusations not only inflict immeasurable harm on the accused but also undermine the credibility of real victims with legitimate claims against actual predators.




- **Regina's Contradictions**: These examples represent just a small portion of the broader misconduct at play. Regina claims to have been a traumatized victim of Lucas Jackson prior to 2019. However, in a publicly available screenshot, Regina openly: (1) Confirms that screenshots often cited by individuals like Lisa Haba to implicate Lucas Jackson are, in fact, jokes. Lisa Haba is fully aware of this context but continues to frame Lucas as a predator regardless. (2) Acknowledges that events between her and Lucas "3+ years ago"

(the same time frame on which Lisa Haba's frivolous lawsuit is centered) "have already been addressed." The context strongly suggests Regina herself does not believe she has an issue with Lucas. (3) Encourages Sarah and Lucas, both adults, to date one another. (4) Professes "all" her "love" to Lucas, further discrediting her now fabricated claims of victimization.

These statements undeniably expose Regina as a fraud. Lisa Haba is well aware of the validity of this screenshot and its implications for her client's credibility. Yet, she continues to misuse the Court's time and resources by advancing baseless claims, showing blatant disregard for the law, the justice system, and the defendants' rights.




In July 2019, after Sarah was rejected by James Jackson (having previously been rejected by Lucas Jackson, who refused further interaction after Sarah forced herself on Lucas), Regina altered her narrative, making claims against Lucas for time frames she had previously defended

him over. Despite being a homeless minor at one point, Lucas refused to fly Regina up or provide shelter, contradicting Lisa Haba's baseless assertion of trafficking. Sarah publicly admitted there were no sexual interactions before adulthood and even complained she didn't have a chance with them after either. Lisa Haba is fully aware of these facts yet continues to pursue vexatious litigation, blatantly abusing the judicial process and violating Rule 11.

U ni te

The extent of this misconduct is evident in a 2023 phone call where Sarah described Regina and Lisa Haba's pursuit of Lucas and James as "bullshit." By August 2024, Sarah even claimed to be unaware of the lawsuit. Lisa Haba's unchecked actions underscore a troubling abuse of the judicial process and a disregard for ethical standards.

**2. Plaintiffs' Counsel Relies on Misrepresentations and Violations of Rule 11:** Lisa Haba has repeatedly violated Rule 11(b)(3) by presenting false, misleading, and unsupported assertions in her filings. These violations include:

A. **Misrepresentation and Lack of Evidentiary Support:** Plaintiffs' claims rely on unauthenticated screenshots, hearsay, and discredited sources while omitting exculpatory evidence, including law enforcement reports and Plaintiffs' own contradictory statements.

B. **Fraudulent Allegations:** Despite overwhelming evidence and Plaintiffs' admissions disproving allegations of trafficking and other crimes, Haba advanced baseless claims, knowingly misrepresenting facts to the Court.

C. **Improper Venue Selection:** Filed cases in unrelated jurisdictions, wasting judicial resources and forcing the Defendants to incur $15,000 in unnecessary legal costs.

D. **Public Harassment:** Amplified baseless allegations through the media associating with discredited individuals, causing irreparable and life-ruining reputational harm to all defendants.

E. **Coercion and Extortion:** Lisa Haba requested an affidavit from James Jackson asserting a partnership agreement with Google, despite having full knowledge that the Jacksons' relationship with Google was strictly limited to a revenue-sharing agreement. While Haba claimed she sought the affidavit "if it were true" (as noted by Brett L. Wittner on 12/30/24), her awareness of the actual nature of the agreement underscores that the request was baseless and deliberately deceptive. This conduct demonstrates a calculated effort to fabricate evidence to bolster her claims, in clear violation of Rule 11(b)(3), which prohibits advancing arguments without factual or legal support.

Lisa Haba appears to have calculated that she cannot extract significant, if any, financial gain from the innocent Jackson family. Instead, her focus seems to be on coercing the Jacksons into signing a document that could aid her in defrauding Google. Sacrificing her weak lawsuit against the Jacksons would be a small price to pay if it enabled her to achieve her real goal: leveraging fabricated evidence to pressure Google into a settlement. According to her client Sarah in a 2023 phone call, the goal was to intimidate Google into a settlement to obtain easy, albeit fraudulent, money.

This scenario is akin to a schoolyard bully targeting a poor kid, telling them to plant contraband on a rich kid so the bully can use the contraband to harm the rich kid and consequently syphon more money from the rich kid. The bully promises to bully the poor kid less harshly if they cooperate—even though both the bully and the poor kid know the plan is dishonest. To incentivize someone to make a statement, especially one designed to

extract money from/harm another, in exchange for financial benefits is manipulative, unethical, and fundamentally deceitful.

F. **Obstruction of Bankruptcy Proceedings:** Furthering her harassment, Lisa Haba obstructed the Jacksons' financial recovery during bankruptcy by inflating damage claims to exorbitant amounts. She later reduced these demands, contingent upon producing a financially incentivized destructive affidavit.

G. **Defense of Criminal Behavior:** Represented Sarah despite her admissions of sexually extorting and physically assaulting the Jacksons, ignoring serious criminal conduct while advancing fabricated claims.

H. **Prolonging Litigation:** Engaged in bad faith by advancing ever-changing narratives, ignoring dispositive exculpatory evidence, and using litigation as a tool for harassment and financial extortion.

I. **Violation of Ethical Standards:** Continued representation of plaintiffs with documented histories of deceit, criminal behavior, and bad faith, as well as documented patterns of extremely vindictive, violent, threatening and harassing conduct toward the Jacksons, which undermines the integrity of the judicial process.

## III. PROCEDURAL ISSUES

**Defendants' Compliance with Procedural Requirements:** Plaintiffs' claims of procedural noncompliance are unfounded and seek to distract from the substantive merit of Defendants' motion.[2] Defendants complied fully with Rule 11(c)(2)'s "safe harbor" provision, serving the

[2] To avoid Lisa Haba making another procedural error criticism, 7-3c states that "the reply brief or memorandum may not exceed 15 pages of text." https://www.cand.uscourts.gov/rules/civil-local-rules/

motion more than 21 days prior to filing, which is the core procedural requirement. The absence of supplemental documents during this period, such as the affidavit, does not negate the motion's validity, as Rule 11 requires service of the motion itself, not every accompanying exhibit. Plaintiffs' objections under Local Rule 7-5, asserting improper affidavits and exhibit formats, lack merit because all factual assertions are supported by authenticated declarations and evidence that clearly meet procedural standards. Additionally, objections to the admissibility of certain exhibits, including claims of hearsay or improper evidence, pertain to evidentiary weight, not the procedural propriety of the motion, and should be addressed during discovery or trial. Defendants' exhibits provide a factual foundation to substantiate the Rule 11 claims and withstand scrutiny under the applicable rules of evidence.

**IV. PRECEDENT**

In support of the Motion for Sanctions against Lisa Haba, numerous legal precedents illustrate the judiciary's commitment to penalizing attorneys and litigants for filing frivolous lawsuits, engaging in misconduct, or knowingly ignoring evidence of innocence. Relevant cases include:

A. **Donald J. Trump v. Hillary R. Clinton, et al.:** The court dismissed the suit as frivolous and sanctioned Trump and his attorney, Alina Habba, nearly $1 million for engaging in bad faith litigation. This case parallels Lisa Haba's actions, where baseless claims similarly weaponize the judicial process to harass innocent parties.

B. **Eberhardt v. Walsh:** The Seventh Circuit upheld Rule 11 sanctions against Stephen Eberhardt for filing frivolous and harassing lawsuits. The court emphasized that such actions undermine the judicial process, directly reflecting Lisa Haba's similar misuse of the courts to pursue unfounded claims.

C. **C. Makere v. Fitzpatrick, et al.:** The Eleventh Circuit upheld Rule 11 sanctions against Elias Makere for filing objectively frivolous claims, emphasizing that sanctions are appropriate when the filer knew or should have known the claims lacked merit. Similarly, Lisa Haba pursued baseless litigation despite widely available evidence disproving her claims, including Sarah's original livestream confession of extortion, which Haba attempted to suppress through threats. <u>These actions demonstrate Haba's direct awareness and active participation in concealing critical, lawsuit-undermining evidence</u>, further highlighting her disregard for ethical and procedural standards.

D. **F. Sheehan v. KLM Royal Dutch Airlines:** Attorney Spencer Sheehan was sanctioned for pursuing a lawsuit he knew was based on false claims. The plaintiff falsely alleged choosing KLM Airlines for its environmental commitments, though she had no choice. The court found Sheehan acted in bad faith, imposing sanctions that included legal fees and a $1,000 fine. This underscores the judiciary's intolerance for dishonest litigation, paralleling Lisa Haba's misuse of legal proceedings.

E. **SyncPoint Imaging, LLC v. Nintendo of America, Inc.:** Attorney Joseph Pia was sanctioned under Rule 11 for submitting a false affidavit to contest a motion for venue change, failing to ensure its accuracy. The court imposed sanctions for violating ethical standards, underscoring the judiciary's zero tolerance for such misconduct. Similarly, Lisa Haba's attempts to coerce the signing of a knowingly false affidavit—despite preemptive, misleading assertions of truth—reflect a calculated disregard for legal and ethical obligations.

F. **PS Products, Inc. v. Panther Trading Co., Inc.:** The Federal Circuit upheld sanctions against an attorney for filing a lawsuit in an improper venue, violating procedural rules

and causing unnecessary litigation. Similar to Lisa Haba's improper venue filings, this case demonstrates the judiciary's commitment to enforcing venue requirements and sanctioning attorneys who misuse the legal system to advance baseless claims.

G. **Martin v. Hathaway:** Addressed the issue of **attorneys filing claims they knew or should have known were false**. The court emphasized that the False Claims Act imposes civil liability for knowingly presenting false or fraudulent claims to the government. This case underscores the **judiciary's intolerance for attorneys who engage in unethical conduct, such as submitting false claims, which parallels the actions attributed to Lisa Haba.**

## V. CONCLUSION

Sarah and Regina's willingness to lie, especially in Court, driven by financial incentives facilitated by Lisa Haba, expose their sole motivations: personal profit & extreme harassment of the Jacksons. Multiple parties, including Sarah, have admitted this lawsuit is about extracting settlement money from Google, with no genuine concern for the Jacksons, who have already incurred tens of thousands in legal fees. This apathetic exploitation of the Jacksons underscores the frivolous and malicious nature of this litigation.

Allowing this lawsuit to proceed without consequence undermines law enforcement credibility, disregards FBI and police findings, and legitimizes unethical conduct by Plaintiffs' counsel. By advancing baseless claims, ignoring exculpatory evidence, and representing Plaintiffs with a history of fraud, Lisa Haba has weaponized the legal system to harass an innocent family.

This calculated abuse of the judicial process demands decisive action to uphold the rule of law, deter misconduct, and protect the integrity of the judiciary.

Defendants respectfully request that this Court:

1. Grant their Motion for Sanctions against Lisa Haba pursuant to Rule 11;
2. Award Defendants all reasonable costs and attorney's fees incurred in defending this litigation, including but not limited to $5,000 for the Florida attorney, $10,000 for the Michigan attorney, and $5,000 for the bankruptcy attorney.
3. Impose additional sanctions as necessary to deter future misconduct and uphold the integrity of the judicial process; and
4. Grant any further relief the Court deems just and proper, acknowledging that neither party presumes to know better than this honorable Court.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Lucas Jackson*
Lucas Jackson (Pro se)
8702 123rd St E
Puyallup, WA 98373
Telephone: (253) 286-8311
Email: complexnucleus@gmail.com
Date: 12/30/2024

*/s/ James Jackson*
James Jackson (Pro se)
8702 123rd St E
Puyallup, WA 98373
Telephone: (253) 286-8311
Email: complexnucleus@gmail.com
Date: 12/30/2024