**THE HABA LAW FIRM, P.A.**
Lisa D. Haba (*Pro hac vice*)
*lisahaba@habalaw.com*
1220 Commerce Park Dr., Ste 207
Longwood, FL 32779
Telephone: (844) 422-2529
*Attorneys for Plaintiffs*

**MARSH LAW FIRM PLLC**
Robert Y. Lewis (SBN 153948)
*robertlewis@marsh.law*
Margaret E. Mabie (*Pro hac vice*)
*margaretmabie@marsh.law*
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296-9046
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH and REGINA ALONSO,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON, also known online as “ONISION,” and LUCAS JACKSON, formerly known online as “LUCASBOT,” “LUCAS” and “KAI,”<br><br>Defendants. | Case No. 3-23-cv-05523-JD<br><br>**PLAINTIFFS’ BRIEF IN OPPOSITION TO THE JACKSON DEFENDANTS’ MOTION FOR RECONSIDERATION OF CONSOLIDATION ORDER AND MOTION TO STAY** |

## MEMORANDUM AND POINTS OF AUTHORITIES

## I. STATEMENT OF FACTS

On March 2, 2023, Plaintiff Sarah filed a Complaint in this matter against James Jackson, Lucas Jackson (collectively the "Jackson Defendants"), Google LLC and YouTube LLC (collectively the "YouTube Defendants") in the Western District of Michigan (Dkt. 1). On October 11, 2023, the District Court Judge granted YouTube's Motion to Transfer, and the case was transferred to the Northern District of California (Dkt. 88) and assigned to Judge Chhabria (Dkt. 103). On October 5, 2023, the Jackson Defendants filed a Suggestion of Bankruptcy (Dkt. 100), resulting in an automatic stay of their claims. This stay continued, to the benefit of the Jackson Defendant's, until the end of their bankruptcy. The Jackson Defendants voluntarily dismissed their own bankruptcy claims on May 6, 2024. (*Alonso* case, 23-cv-5127-JD, Dkt. 93). The cases were deemed related on 10/31/2024. (Dkt. 161).

On, February 13, 2025, the cases were deemed consolidated. (Dkt. 175). On February 14, 2025, the Jacksom defendants filed their, palpably improper, objections and defenses to this Court's order to consolidate (Dkt. 176). On February 18, 2025, the Jackson Defendants filed their motion for reconsideration of this Court's Order consolidating the Plaintiff's claims against the Jackson defendants and the YouTube defendants. (Dkt. 177).

## II. STATEMENT OF THE ISSUES TO BE DECIDED

This brief is filed in opposition to the Jackson Defendants' Motion for Reconsideration and Motion to Stay ("Motion"). The issues to be decided are:

1. Whether this Court's Order to Consolidate both of the Plaintiff's actions against the Jackson Defendants and the YouTube Defendants should be reconsidered.

   No, these Actions Should Be Consolidated Under the Circumstances and Existing Caselaw.

2. Whether the Jackson Defendants Are Entitled to a Stay.

   No, Defendants' Motion is Unreasonable and Defendants' Failed to Meet Their Burden of Proving Any Stay of Proceedings is Justified.

## III. ARGUMENT

### A. THIS COURT SHOULD DENY THE JACKSON DEFENDANTS' MOTION FOR RECONSIDERATION

Reconsideration should not be granted absent "highly unusual, circumstances warranting reconsideration." *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (*quoting School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) ). "Motions for reconsideration are disfavored." LR 59-1(b).

Indeed, a "motion to reconsider must provide a court with valid grounds for reconsideration by: (1) showing some valid reason why the court should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (*citing All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987)). The Jackson defendants, here, have stated no valid reasons for grounds for reconsideration nor have they set forth facts or law of a convincing nature. The only conceivable

basis stated was that Defendants did not have an oral argument, which is neither guaranteed nor required.

"Reconsideration is [only] appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft,* 375 F.3d 805, 807 (9th Cir. 2004); *School Dist. No. IJ, Multnomah Cnty. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). The disposition of a motion for reconsideration is within the district court's discretion. *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006*); Sitton v. LVMPD, No. 2:17-CV-0111-JCM-VCF*, 2018 WL 3626146, at *1 (D. Nev. May 25, 2018). None of these three condition precents have been met in this case, nor have the Jackson Defendants even attempted to argue them. Thus, reconsideration cannot be granted.

**B. THIS COURT SHOULD DENY THE JACKSON DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles,* 163 F.R.D. 598, 600–01 (C.D. Cal. 1995).

Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.,* 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that

will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (citing *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). Courts this circuit apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Clearly, in matter before the Court here, the issue of consolidation is not dispositive in this case whatsoever. Second, the court must determine whether the pending dispositive motion can be decided without additional discovery. *Id.* The second part of this test is inapplicable here as the Jackson Defendant's motion to stay the action does not address any dispositive motion. Nonetheless, when applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*. The purpose of the "preliminary peek" is not to prejudge the outcome of the dispositive motion. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery while remaining efficient. *Sitton v. LVMPD,* No. 2:17-CV-0111-JCM-VCF, 2018 WL 3626146, at *2 (D. Nev. May 25, 2018). Generally, a stay may still be permissible, but not required, where no factual issues raised by the dispositive motion, discovery is not required to address the issues raised by the dispositive motion, and the court is

"convinced" that the plaintiff is unable to state a claim for relief. *Sitton v. LVMPD,* No. 2:17-CV-0111-JCM-VCF, 2018 WL 3626146, at *2 (D. Nev. May 25, 2018) (*quoting Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.,* 125 F.R.D. 508 (D. Nev. 1989) (*citing Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982). Here, the Jackson Defendants offer no "convincing" evidence that factual disputes are resolved and that the Plaintiffs have failed to state a claim for relief against the Jacksons.

The Jackson Defendants fail to allege any intelligible or conceivably viable reasons as to why this case should not be consolidated with the Plaintiffs' claims against the YouTube defendants. Similarly, the Jackson Defendants fail to assert any practicable reason as to why this case should be stayed which can be "reasonably be supported in law or in fact." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986). Despite the Jackson Defendants' skewed and unsupported motion for reconsideration and to stay the proceedings at hand are unpersuasive and misplaced.

## IV. CONCLUSION

For all the above reasons, and those stated above, Plaintiffs respectfully request that the Jackson Defendants' Motion for Sanctions against Plaintiff Sarah be summarily denied.

DATED: February 28, 2024

*/s/ Lisa D. Haba*
Lisa D. Haba (*Pro hac vice)*
**THE HABA LAW FIRM, P.A.**

*/s/ Margaret E. Mabie*
Margaret E. Mabie (*Pro hac vice)*
Robert Y. Lewis
**MARSH LAW FIRM PLLC**

*Attorneys for Plaintiff*