James Jackson & Lucas Jackson
8702 123rd St E, Puyallup, WA 98373
253-286-8311
complexnucleus@gmail.com
*Pro Se*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **Sarah and Regina Alonso**<br>**Plaintiffs,**<br>**vs.**<br>**Google LLC, YouTube LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"**<br>**Defendants.** | **Case Number: 3:23-cv-05523-JD**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY PROCEEDINGS, RECONSIDER CONSOLIDATION, AND RULE ON JURISDICTION BEFORE FURTHER LITIGATION**<br><br>**Hon. James Donato** |

## I. INTRODUCTION

Plaintiffs' opposition to Defendants' Emergency Motion to Stay Proceedings fails to confront the critical jurisdictional and procedural deficiencies that necessitate immediate attention. Their arguments, lacking in substance, collapse under examination and disregard controlling precedent from the Supreme Court and Ninth Circuit, which unequivocally requires resolution of jurisdictional challenges prior to any substantive proceedings (Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007)). Plaintiffs provide no reasoned basis for advancing litigation while this Court's authority remains in question. Should jurisdiction be deemed absent, all actions taken to date would be rendered void, resulting in an inefficient expenditure of judicial resources and an

undue burden on Defendants.

Furthermore, Plaintiffs minimize the significant hardships Defendants face in litigating this matter in California, forum with no discernible connection to them—overlooking the substantial financial, logistical, and emotional strain imposed. Their response misapplies legal standards and evades the central issues: unresolved jurisdictional disputes, the propriety of consolidation, and Defendants' right to proceed pro se. Given the due process implications and the clear balance of equities favoring Defendants, a stay is not merely appropriate but imperative to prevent irreparable harm. Defendants respectfully urge this Court to grant the motion promptly.

## II. LEGAL STANDARD

A stay is necessary to preserve judicial economy and protect Defendants' due process rights, as it fulfills the four-factor analysis governing such relief: likelihood of success, irreparable harm, lack of prejudice to Plaintiffs, and the public interest (Nken v. Holder, 556 U.S. 418, 426 (2009)). Defendants demonstrate a strong likelihood of prevailing on their Motion to Dismiss for Lack of Jurisdiction, supported by well-established precedent requiring meaningful forum contacts (Walden v. Fiore, 571 U.S. 277 (2014); Bristol-Myers Squibb Co. v. Superior Ct. of Cal., 137 S. Ct. 1773 (2017)). Additionally, the consolidation of unrelated claims contravenes Federal Rule of Civil Procedure 20(a), and Defendants' right to proceed pro se in Alonso v Google remains obstructed by counsel's continued involvement. The threat of irreparable harm is substantial: each required appearance in California imposes costs exceeding $1,000, including travel, lost income, and childcare expenses, while Lucas Jackson faces significant emotional distress as a victim of Plaintiff Sarah's physical sexual violence, compounded by litigation in a questionable forum. Plaintiffs, by contrast, suffer no meaningful prejudice; their repeated amendments over two years undermine any claim of urgency, and a stay simply maintains the

status quo pending resolution of threshold issues. The public interest further compels a stay, as courts are obligated to ascertain jurisdiction before proceeding (Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007)), thereby preventing inefficient litigation and deterring Plaintiffs' evident forum-shopping across multiple jurisdictions. Plaintiffs' opposition, reliant on procedural misdirection, fails to withstand analysis. Accordingly, a stay is both justified and essential.

**III. PLAINTIFFS MISSTATE STAY BASIS, IGNORE PRECEDENT**

Plaintiffs' opposition to Defendants' motion lacks merit, relying on misrepresentations that evade the urgent jurisdictional and procedural issues requiring a stay. They ignore Supreme Court precedent mandating jurisdictional clarity before litigation advances (Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007)), pressing ahead without justification. If jurisdiction fails, all efforts here are void, wasting resources and violating Defendants' due process rights.

Plaintiffs also dismiss Defendants' burdens: over $1,000 per California trip—travel, wages, childcare—for Washington pro se litigants, despite viable remote options. They overlook Lucas Jackson's retraumatization as a victim of Sarah's sexual violence, a harm courts must prevent (Kenna v. U.S. Dist. Ct. for C.D. Cal., 435 F.3d 1011 (9th Cir. 2006)). Their urgency claim falters against two years of amendments, hinting at delay, not resolution.

**IV. PLAINTIFFS' ARGUMENTS AGAINST A STAY ARE BASELESS AND IGNORE THE FACTUAL RECORD**

Plaintiffs' opposition lacks merit, failing to address the critical jurisdictional and procedural deficiencies at the heart of this case and relying instead on misrepresentations and

incomplete accounts. They wholly avoid engaging with the Supreme Court's directive that jurisdiction must be established before litigation may advance (Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007)). Defendants' Motion to Dismiss for Lack of Jurisdiction, pending for nearly two years, contests California's authority under precedent requiring a defendant's purposeful contacts with the forum (Walden v. Fiore, 571 U.S. 277 (2014)), not Plaintiffs' unilateral actions. Plaintiffs offer no cogent rationale for proceeding amidst this uncertainty, a course that risks rendering all actions herein void and contravening fundamental legal principles.

Plaintiffs further dismiss the substantial burdens imposed on Defendants. It is uncontested that each California appearance costs Defendants, Washington residents, over $1,000 in travel, lodging, and lost income, despite their lack of connection to this forum. Plaintiffs provide no explanation for rejecting remote hearings—previously permitted by Judge Chhabria—or for necessitating such expense. **The record suggests that Plaintiffs are pursuing a strategy to exhaust Defendants' limited resources, thereby securing an unfair advantage in this litigation. This approach disproportionately burdens Defendants, who lack the financial means to defend themselves effectively in a distant forum, raising significant concerns of inequity and misuse of the judicial process.** The additional strain of childcare responsibilities amplifies this inequity, yet Plaintiffs remain silent, undermining any claim of good faith.

## V. PLAINTIFFS CAN'T JUSTIFY CALIFORNIA VENUE OVER WASHINGTON

Plaintiffs' defense of California as the appropriate venue is fundamentally flawed, both legally and factually, and runs counter to controlling Supreme Court precedent and the case's clear nexus to Washington. Jurisdiction requires a defendant's purposeful contacts with the forum, not merely a plaintiff's preference (Walden v. Fiore, 571 U.S. 277, 284 (2014); Bristol-

Myers Squibb Co. v. Superior Ct. of Cal., 137 S. Ct. 1773, 1781 (2017)). Plaintiff Sarah purposefully established jurisdictional ties to Washington, as did Defendants James and Lucas Jackson, yet all parties are subjected to litigation in California, a forum with no apparent connection to any of them yet Plaintiffs offer no evidence of Defendants' connections to California—no conduct, no presence, no basis whatsoever. Defendants are Washington residents, and all alleged events occurred in Washington or online, with no directed activity toward California. Under Daimler AG v. Bauman, 571 U.S. 117, 137 (2014), general jurisdiction is limited to a defendant's place of domicile—here, Washington—precluding any claim to California. Plaintiffs' attempt to assert jurisdiction through YouTube's California headquarters lacks merit; Defendants are distinct from YouTube, and such "bootstrapping" has been expressly rejected (Walden, 571 U.S. at 285).

Washington emerges as the only proper forum. Defendants reside there, Plaintiff Sarah's pertinent interactions with them transpired there, and all relevant evidence—including police reports and witnesses—is located there. Plaintiff Regina Alonso, lacking any direct connection to Defendants, provides no basis for anchoring this case elsewhere. The Plaintiff's history of filing in Florida and Michigan before arriving in California suggests improper forum selection, a practice disfavored by courts (Piper Aircraft Co. v. Reyno, 454 U.S. 235, 250 (1981)). Dismissal may be warranted, but at minimum, transfer to the Western District of Washington is compelled under 28 U.S.C. § 1406(a). California's role as a venue lacks legal or factual foundation, as Plaintiffs' position tacitly concedes and precedent confirms.

**VI. PLAINTIFFS IGNORE CASE'S PROCEDURAL, ETHICAL FLAWS**

Plaintiffs' opposition fails to meaningfully address the procedural irregularities and ethical concerns pervading this case, instead reinforcing a pattern of questionable litigation conduct.

Over two years, Plaintiffs have submitted multiple amended complaints, each deficient, with revisions timed to avert dismissal. Their most recent third amended complaint was requested to be filed just as the Court appeared poised to rule, a tactic consistent with undue delay, repeated pleading failures, and apparent bad faith—grounds for dismissal under Foman v. Davis, 371 U.S. 178, 182 (1962). Far from diligent prosecution, this approach suggests an intent to prolong Defendants' burden rather than pursue a meritorious claim. **The pattern is unmistakable: Plaintiffs, facing the imminent threat of dismissal with prejudice from Judge Donato—as Judge Chhabria had previously warned due to the manifest deficiencies in their complaint—sought a third amendment on the eve of his ruling. This tactical maneuver underscores the fragility of their case, a fact widely recognized yet unaddressed despite the prolonged conduct of counsel Lisa Haba and Margaret Mabie. Their persistence with a fundamentally flawed lawsuit, even as its weaknesses are evident, unjustifiably prolongs this litigation, squandering judicial resources and imposing undue costs on all parties. Decisive action to halt this abuse is long overdue.**

The consolidation of this matter further exemplifies procedural deficiencies, which Plaintiffs inadequately defend. Issued without a hearing or opportunity for Defendants to fully object, the consolidation improperly merges disparate claims: corporate issues involving Google, individual allegations against Defendants James and Lucas Jackson, and inconsistent assertions from Plaintiffs Sarah and Regina Alonso, alongside YouTube's tangential presence. Federal Rule of Civil Procedure 20(a) requires commonality of legal and factual issues, a standard unmet here. This joinder prejudices Defendants by complicating the proceedings without justification, necessitating at least a stay to address these irregularities.

Plaintiffs' counsel, Lisa Haba, has engaged in conduct raising serious ethical questions. The record reflects submissions containing statements inconsistent with Plaintiffs' prior

testimony, efforts to assert jurisdiction through YouTube's involvement despite lacking factual support, and the filing of successive, unsupported complaints—apparently aimed at exhausting Defendants' resources—while disregarding contrary evidence. **Such actions contravene the ABA Model Rules of Professional Conduct, including Rule 3.3 (candor to the tribunal), Rule 3.1 (meritorious claims), and Rule 8.4 (prohibiting dishonesty).** A stay is imperative not only to pause this litigation but also to permit consideration of potential sanctions for such conduct.

The underlying motives of this case further undermine its legitimacy. Plaintiff Sarah has verbally distanced herself from the litigation, yet her lawyer persists in pursuing it, while Regina Alonso has acknowledged personal animus rather than actionable harm as her impetus. These admissions, conflicting with their claims, suggest an effort driven by improper purpose rather than legal merit. Defendants, Washington residents, suffer significant financial strain, emotional distress—both Jacksons are victims of Sarah's extortion, as Sarah herself publicly confessed to in extreme detail. The trauma the Jacksons endured at the hands of the eventually rejected and cast out Sarah is exacerbated by an inappropriate California venue. This Court should not facilitate such proceedings; dismissal, transfer to Washington under 28 U.S.C. § 1406(a), or an immediate stay is warranted to prevent further prejudice.

## VII. PLAINTIFFS FAIL TO REFUTE THE HARDSHIP JACKSONS' ENDURE

Plaintiffs' opposition fails to acknowledge the significant hardships imposed on Defendants by requiring litigation in California, effectively disregarding their well-documented financial and emotional burdens. Plaintiffs, who themselves do not reside in California, incur no comparable hardship yet insist on in-person proceedings, despite the availability of remote hearings previously authorized by Judge Chhabria. **Lisa Haba herself specifically requested remote hearings before which can be publicly seen in her previous filings. There is no logical**

**reason for the Plaintiff's to deny requests for remote hearings other than the fact that they are bad faith actors looking to obstruct and burden the Defendants wherever possible due to their inherently malicious and vindictive nature. The plaintiffs have no interest in a fair and just process, they only want what Sarah already confessed they were interested in (in her phone call directly with the Jacksons in early 2023) which she specifically stated was communicated to her as a easy "settlement" from Google. Money is the root of all evil, once again.** This imposition not only strains Defendants' resources but also threatens their ability to meaningfully participate, raising serious due process concerns that Plaintiffs leave unaddressed.

Defendants have requested resolution without a hearing or via remote proceedings, a reasonable accommodation given the predominantly legal nature of the issues and the undue hardship of travel. Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b) permit courts to forgo oral argument when unnecessary, a practice previously adopted in this case. Plaintiffs offer no substantive justification for opposing this relief, **nor do they explain their shift from accepting remote hearings to demanding in-person appearances,** which impose disproportionate costs and emotional harm, particularly on Lucas Jackson who was diagnosed with PTSD by a licensed therapist due to Sarah's criminal acts against Lucas Jackson. This stance, unaccompanied by reasoned defense, underscores the propriety of a stay to mitigate ongoing prejudice until jurisdictional questions are resolved.

**CONCLUSION**

Plaintiffs' opposition lacks substance, ignoring the jurisdictional void it perpetuates despite Supreme Court mandates requiring resolution first (Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007)). They sidestep Defendants' burdens: each California trip costs over $1,000 in travel,

wages, and childcare for Washington residents unlinked to this forum, while Lucas and James Jackson—victims of Sarah's sexual misconduct—suffer ongoing trauma, worsened by her recorded 6am August 2024 call wishing James cancer and other bodily harm. This malice, known to Plaintiffs' counsel, drives their unabated push for a Google settlement, disregarding propriety.

Neither party resides in California (28 U.S.C. § 1391(b)), yet Plaintiffs reject remote hearings—previously allowed under Fed. R. Civ. P. 78(b) and Civil L.R. 7-1(b)—without cause, aiming to inflict cost and distress despite the legal nature of the issues. Their two-year amendment delays, improper consolidation, and jurisdictional missteps (contra Walden v. Fiore, 571 U.S. 277 (2014); Bristol-Myers Squibb Co. v. Superior Ct. of Cal., 137 S. Ct. 1773 (2017)) reveal abuse. A stay meets all Nken factors (556 U.S. 418, 426 (2009)): likely success, irreparable harm, no prejudice to Plaintiffs, and public interest in curbing waste and forum-shopping. Defendants urge its prompt imposition.

**REQUEST FOR RELIEF**

For the reasons stated above, Defendants James Jackson and Lucas Jackson respectfully request that this Court:

1. Stay all proceedings and deadlines until jurisdiction is properly adjudicated.
2. Rule on the pending Motion to Dismiss for Lack of Jurisdiction before any further litigation.
3. Reconsider and vacate the improper consolidation order.
4. Allow Defendants to proceed pro se and remove attorney Steven Meyer from Case No. 3:23-cv-05127-JD.

5. Cancel all in-person hearings and rule on all matters where appropriate without a hearing, or in the alternative, permit remote hearings to prevent undue hardship.
6. Transfer this case to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1406(a), if dismissal is not granted.

Because Plaintiffs fail to present a legally valid opposition to a stay, and because Defendants face extreme financial, emotional, and logistical harm if proceedings continue, the only fair and legally justified outcome is to grant the Emergency Motion to Stay Proceedings immediately.

Respectfully,

*/s/ Lucas Jackson*
Lucas Jackson (Pro se)
8702 123rd St E
Puyallup, WA 98373
Telephone: (253) 286-8311
Email: complexnucleus@gmail.com
Date: 3/3/25

*/s/ James Jackson*
James Jackson (Pro se)
8702 123rd St E
Puyallup, WA 98373
Telephone: (253) 286-8311
Email: complexnucleus@gmail.com
Date: 3/3/25