James Jackson, Pro Se, and Lucas Jackson, Pro Se
8702 123rd St E, Puyallup, WA 98373
Tel: 253-286-8311 | Email: complexnucleus@gmail.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE YOUTUBE TRAFFICKING LITIGATION<br><br>Sarah and Regina Alonso<br>Plaintiffs,<br><br>vs.<br><br>Google LLC, YouTube LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"[1]<br>Defendants. | **Case Number:** 3:23-cv-05523-JD<br><br>**DEFENDANTS JAMES JACKSON AND LUCAS JACKSON'S MOTION TO DISMISS THE CONSOLIDATED THIRD AMENDED COMPLAINT UNDER RULES 12(b)(2), 12(b)(3), AND 12(b)(6) WITH 9(b) FOR LACK OF JURISDICTION, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM, AND TO SEVER UNDER RULE 21**<br><br>Hon. James Donato |

**INTRODUCTION**

Plaintiffs Sarah and Regina Alonso's Consolidated Third Amended Complaint ("CTAC") baselessly attempts to haul Washington residents James Jackson and Lucas Jackson into a California forum lacking both jurisdiction and venue. The CTAC alleges conduct that occurred entirely in Washington (CTAC ¶¶ 51–58, 69–70), and fails to plead any California-directed

[1] * Note: Nesiamotu, Inc. is omitted from the caption because it has not been served with process and is therefore not properly before the Court. Although Plaintiffs named Nesiamotu in the Consolidated Third Amended Complaint (CTAC ¶ 71), they also concede it was not incorporated until February 2018—after nearly all alleged events in the complaint purportedly occurred. No specific factual allegations plausibly link the entity to any wrongful act. Defendants address the company's legal and factual irrelevance in the body of this motion, but its inclusion in the caption would be premature and misleading.

activity sufficient to establish personal jurisdiction or venue. Plaintiffs assert claims under the TVPRA (18 U.S.C. §§ 1591, 1595) and various state laws, yet fail to allege facts that meet the required elements, warranting dismissal under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) (International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); 28 U.S.C. § 1391(b)).

Google's corporate presence in California (CTAC ¶¶ 72–73) cannot be imputed to the Jacksons and does not cure jurisdictional or venue defects (Bristol-Myers Squibb Co. v. Superior Ct., 137 S. Ct. 1773, 1781 (2017)). The CTAC further joins unrelated claims from Sarah and Regina Alonso in violation of Rule 20, and this misjoinder requires severance under Rule 21 (Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990)).

In support of this motion, Defendants submit Exhibits 1 through 69, which directly contradict Plaintiffs' claims and are integral to the allegations made in the CTAC. These include Plaintiffs' own prior statements, admissions, and third-party confirmations demonstrating lack of coercion, consent as adults, and financial or retaliatory motives behind their shifting narratives. Defendants respectfully request that the Court take judicial notice of Exhibits 1–69 pursuant to Federal Rule of Evidence 201. Dismissal or, alternatively, severance and transfer to the Western District of Washington, is warranted.

**STATEMENT OF RELEVANT FACTS AND PROCEDURAL BACKGROUND**

The CTAC, filed in 2021 and amended three times despite court warnings (Doc. 193), alleges conduct solely in Washington by residents James and Lucas Jackson. Plaintiff Sarah voluntarily traveled to Washington, while Regina was denied travel by Lucas (CTAC ¶¶ 51–58, 69–70; Exhibit 1, 8). The Jacksons have no relevant ties to California beyond YouTube usage

U ni te

(CTAC ¶¶ 69–70). Regina admits she never met James, and her online contact with Lucas led to no meeting or exploitation (CTAC ¶¶ 413–416; Exhibits 2, 10, 59). Sarah made repeated public and police statements that no crimes occurred, only changing her story after financial incentives from Google settlement promises by Lisa Haba were introduced (Exhibits 33). She also violated a 2019 Washington NDA/anti-defamation agreement (Exhibit 27), which she admitted included her own sexually exploitative terms, violating the Jacksons' rights (Exhibits 11–16).

The CTAC improperly adds Nesiamotu, Inc., a Washington entity (CTAC ¶ 71), without service or leave, and joins unrelated claims against Google and YouTube (Fed. R. Civ. P. 20(a)(2)). This further underscores that Washington is the proper jurisdiction. All parties and events are tied to Washington, and Google has offices there, reinforcing the state's relevance.

**SUMMARY OF ARGUMENT**

**Regina Alonso's Allegations:** Regina Alonso has never had a conversation with James Jackson and has never met either James or Lucas Jackson in person (Exhibit 1, 2, 8). **The alleged interactions between Alonso and Lucas Jackson began when <u>both parties were minors, with a three-year age difference between them, they could have gone to the same High School.</u>** Alonso's claims in the Consolidated Third Amended Complaint ("CTAC") lack personal jurisdiction, proper venue, and legal plausibility, and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

Alonso alleges no conduct by the Jacksons that was directed at California. All alleged interactions occurred entirely within Washington State, where the Jacksons reside (CTAC ¶¶ 51–54, 69–70). Substantively, Alonso's allegations are implausible under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). **<u>She concedes she never met James Jackson, and her online exchanges with</u>**

**<u>Lucas Jackson never resulted in any meeting or exploitation</u>** (CTAC ¶¶ 413–416; Exhibits 1, 10). **Her own contemporaneous written praise of Lucas (Exhibits 3, 4, 9) contradicts the current narrative, undermining the credibility of her claims.**

Furthermore, Alonso previously acknowledged that the screenshots now presented as evidence were jokes taken out of context—not indicators of coercion or misconduct. Statements from the relevant time period, as well as corroborating testimony, confirm that no grooming or trafficking occurred between Regina and Lucas, 3 years her senior. Her inconsistent narrative and shifting characterizations render her claims facially deficient. Accordingly, Alonso's allegations fail as a matter of law and should be dismissed in their entirety.

**Sarah's Allegations:** Sarah's claims are patently meritless, failing jurisdictionally and substantively, justifying dismissal under Rules 12(b)(2), 12(b)(3), and 12(b)(6). Her Washington-based allegations (CTAC ¶¶ 55-58, 69-70) lack any California nexus, violating due process (International Shoe, 326 U.S. at 316) and venue requirements (§ 1391(b)). Her claims are implausible: James kept her at a distance during her minority, the Plaintiff's outright confess this reality in that they use a supposed screenshot where James openly states he was rude and kept Sarah at a distance when she was a minor, and Sarah admitted to police and publicly that no crimes occurred, also repeatedly confessing to blackmailing the Jacksons after rejection (Exhibits 11-13). Her consensual adult interactions (Exhibits 15, 16, 19, 21, 22) and violation of a Washington Non-Disclosure Agreement negate her trafficking and coercion claims (Exhibit 27) (CTAC ¶¶ 492-494, 588-592; Iqbal, 556 U.S. at 678).

## I. THE JACKSONS ARE NOT SUBJECT TO SPECIFIC JURISDICTION IN CALIFORNIA

The Northern District of California lacks specific jurisdiction over James and Lucas Jackson, as plaintiffs fail to satisfy the Ninth Circuit's three-part test: **(1) purposeful direction or availment, (2) claims arising from forum-related activities, and (3) reasonableness** (Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)). First, the Jacksons, Washington residents, engaged in no California-directed conduct; all alleged acts occurred in Washington (CTAC ¶¶ 51-58, 69-70), and their passive YouTube use lacks forum-specific targeting (CTAC ¶¶ 21-26; Boschetto v. Hansing, 539 F.3d 1011, 1018 (9th Cir. 2008)). Second, the claims arise solely from Washington events, with no California nexus (CTAC ¶¶ 51-58; Bristol-Myers Squibb Co. v. Superior Ct., 137 S. Ct. 1773, 1781 (2017)). Third, exercising jurisdiction is unreasonable, as it burdens the Jacksons while California has no interest in this dispute (Asahi Metal Indus. Co. v. Superior Ct., 480 U.S. 102, 113 (1987)). The Court should dismiss all claims under Rule 12(b)(2). The CTAC alleges no California-directed conduct via YouTube, as most interactions occurred through Twitter and text messages (CTAC ¶¶ 51-58, 413-416; Exhibit 1), unrelated to YouTube's platform or services. This fails to show purposeful direction under the first prong of the Ninth Circuit's test (Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)), as passive YouTube use does not target California (Boschetto v. Hansing, 539 F.3d 1011, 1018 (9th Cir. 2008)).

**Plaintiffs' reliance on James Jackson's YouTube Partner Program (YPP) participation (CTAC ¶¶ 21-26) does not establish jurisdiction (Exhibit 69), as it involves no California-specific conduct. The YPP is a global revenue-sharing agreement, not a contract targeting California residents or activities, and lacks the 'substantial connection' required for purposeful availment (Exhibit 69) (Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985)). Ninth Circuit precedent holds that operating a website accessible nationwide,**



U ni te

**like YouTube content creation, does not confer jurisdiction absent evidence of forum-directed intent** (Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1229 (9th Cir. 2011)). The CTAC alleges no such intent, only Washington-based interactions (CTAC ¶¶ 51-58), further negating jurisdiction under Rule 12(b)(2)."

Nor does the CTAC establish jurisdiction under the Calder effects test, as no intentional conduct by the Jacksons expressly targeted California or caused foreseeable harm there (Calder v. Jones, 465 U.S. 783, 789-90 (1984)). All alleged actions and effects occurred in Washington (CTAC ¶¶ 51-58, 69-70; Exhibits 1-70), and any alleged reputational harm to Plaintiffs stems from their own Washington-based interactions, not California-directed acts (Walden v. Fiore, 571 U.S. 277, 290 (2014)).

## II. PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM UNDER FEDERAL LAW (RULE 12(b)(6))

Plaintiffs' federal claims under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. §§ 1591 and 1595, and 18 U.S.C. §§ 2255 and 2422 lack the factual allegations required to survive dismissal under Federal Rule of Civil Procedure 12(b)(6) (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). **The CTAC fails to allege a trafficking venture or knowing benefit under the TVPRA** (Doe v. Red Roof Inns, Inc., 21 F.4th 714, 723-24 (11th Cir. 2021)), as Regina's claims involve no travel or exploitation (CTAC ¶¶ 413-416) and Sarah's involve **Sarah's consensual adult conduct per her own repeat admissions to police** (CTAC ¶¶ 55-58; Exhibit 28-29). Similarly, the §§ 2255 and 2422 claims lack a predicate violation, as no enticement occurred (CTAC ¶ 587; Exhibit 40, 58b, 61, 68; United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007)). Plaintiffs' contradictory statements—Regina's praise of Lucas (Exhibits 3, 4, 9, 52) and Sarah's exoneration (Exhibit 11, 14, 15, 28, 29, 30, 35, 37, 38, 39, 43, 44, 44a, 45a,

50, 50a, 58b, 60, 61, 63, 68) —further render their claims implausible, justifying dismissal.

**III. JURISDICTIONAL DISTINCTION AND IMPROPER JOINDER**

Plaintiffs' attempt to anchor jurisdiction in California through Google's presence (CTAC ¶¶ 72-73, 85) cannot extend to James and Lucas Jackson, Washington residents with no California ties, as their conduct occurred solely in Washington (CTAC ¶¶ 51-58, 69-70), **lacking the "minimum contacts" required by the Due Process Clause** (International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). **The improper joinder of the Jacksons with Google and YouTube violates Bristol-Myers Squibb Co. v. Superior Ct., 137 S. Ct. 1773, 1781 (2017),** as the Jacksons' Washington-based claims bear no nexus to Google's California presence (CTAC ¶¶ 51-58, 72-73) and they bear no duties under 18 U.S.C. § 2258A, unlike Google (CTAC ¶¶ 579-583). **This consolidation imposes an unjust burden on the Jacksons, violating fair play and substantial justice** (World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)). The Court should dismiss under Rules 12(b)(2) and 12(b)(3).

**IV. EXTREME PREJUDICE AND HARDSHIP TO INDIVIDUAL DEFENDANTS**

Exercising jurisdiction over James and Lucas Jackson, Washington residents, is unreasonable under the Ninth Circuit's test (Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)), as it imposes a severe burden with no California interest in this dispute. All alleged acts occurred in Washington (CTAC ¶¶ 51-58, 69-70), where evidence and witnesses reside, while litigation in California costs the Jacksons over $1,000 per appearance in travel and related expenses, far exceeding their means compared to Google and YouTube (CTAC ¶¶ 72-73). This violates fair play and substantial justice (Asahi Metal Indus. Co. v. Superior Ct., 480 U.S. 102, 114 (1987)), supporting dismissal under Rule 12(b)(2)."

**V. PLAINTIFFS CANNOT ESTABLISH JURISDICTION OVER INDIVIDUAL DEFENDANTS THROUGH GOOGLE OR YOUTUBE**

Plaintiffs attempt to manufacture jurisdiction over Washington residents James and Lucas Jackson by relying on Google and YouTube's California presence (CTAC ¶¶ 72–73). This tactic fails. **Jurisdiction must be established individually for each defendant—"not as to a defendant in the abstract"** (Calder v. Jones, 465 U.S. 783, 790 (1984); Walden v. Fiore, 571 U.S. 277, 284 (2014)).

**The Jacksons are not employees, agents, or conspirators of Google or YouTube. They merely used a public platform—activity the Ninth Circuit has repeatedly held does not establish purposeful direction** (Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (9th Cir. 2006)). Plaintiffs allege no direct collaboration or benefit-sharing between the Jacksons and Google. The Trafficking Victims Protection Reauthorization Act (TVPRA) does not support vicarious liability through passive platform use. **Courts require actual knowledge and direct participation in a trafficking venture** (Doe v. Red Roof Inns, 21 F.4th 714, 724 (11th Cir. 2021)), which the CTAC fails to allege.

**This improper attempt to bootstrap jurisdiction using another defendant's forum contacts was flatly rejected by the Supreme Court in Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773 (2017). Plaintiffs' venue strategy is improper, and all claims against the Jacksons must be dismissed under Rules 12(b)(2) and 12(b)(3).**

**VI. IMPROPER VENUE UNDER 28 U.S.C. § 1391(b)**

**Venue is improper under 28 U.S.C. § 1391(b), requiring dismissal or transfer under Rule 12(b)(3). Section 1391(b) allows suit only where all defendants reside or where substantial events occurred.** The Jacksons reside in Washington, not California (CTAC ¶¶ 69-

70), and **<u>all alleged acts are claimed by Plaintiffs to have occurred in Washington</u>** (CTAC ¶¶ 51-58), with no California events, rendering § 1391(b)(1) and (2) inapplicable (Leroy v. Great Western United Corp., 443 U.S. 173, 183-84 (1979)). Google's California presence (CTAC ¶¶ 72-73) cannot establish venue for the Jacksons (Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960)). The Western District of Washington is the proper venue.

**VII. PLAINTIFFS' CONTRADICTORY STATEMENTS DEFEAT THEIR CLAIMS AND UNDERMINE VENUE**

Sarah's statements (Exhibit 11, 14, 15, 28, 29, 30, 35, 37, 38, 39, 43, 44, 44a, 45a, 50, 50a, 58b, 60, 61, 63, 68) and Washington law enforcement records (Exhibits 28-29) contradict the CTAC's trafficking claims (CTAC ¶¶ 51-58), showing no crimes by the Jacksons and Sarah's consensual adult conduct, rendering them implausible under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Her repeated admissions of rejection as a minor and later consent (Exhibit 11, 14, 15, 28, 29, 30, 35, 37, 38, 39, 43, 44, 44a, 45a, 50, 50a, 58b, 60, 61, 63, 68) negate coercion required for trafficking (United States v. Jungers, 702 F.3d 1066, 1072 (8th Cir. 2012)). This justifies dismissal under Rule 12(b)(6).

**VIII. FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

Plaintiffs' claims against James and Lucas Jackson fail to meet the pleading standards set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The TVPRA claims (18 U.S.C. § 1595) lack the required elements of a trafficking venture or knowing benefit. Regina Alonso alleges no travel or in-person interaction with James or Lucas Jackson (CTAC ¶ 415; Exhibit 1, 2, 3. 8, 9), and her claims fail to establish any conduct supporting a trafficking or abuse claim. Sarah's allegations, meanwhile, involve only consensual

adult conduct that began well after she reached the age of majority (CTAC ¶¶ 55–58; Exhibit 11, 14, 15, 28, 29, 30, 35, 37, 38, 39, 43, 44, 44a, 45a, 50, 50a, 58b, 60, 61, 63, 68).

**Sarah's 2019 statements repeatedly affirmed she was not a victim (Exhibit 11, 14, 15, 28, 29, 30, 35, 37, 38, 39, 43, 44, 44a, 45a, 50, 50a, 58b, 60, 61, 63, 68), contradicting her later CTAC claims of trafficking and coercion (CTAC ¶¶ 492-494). Only after substantial financial incentives emerged did she drastically alter her narrative, a shift unsupported by the CTAC's allegations and inconsistent with her prior public and police statements (Exhibits 11, 14, 15, 28, 29, 30, 35, 37, 38, 39, 43, 44, 44a, 45a, 50, 50a, 58b, 60, 61, 63, 68). This renders her claims implausible under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), warranting dismissal."**

According to Sarah's own prior statements, she was offered financial compensation by Lisa Haba to participate in this lawsuit and threats of financial loss if she withdrew from it (Exhibit 33). These facts call into question both the credibility and motivations underlying Sarah's claims and strongly support dismissal under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), for failure to plausibly state a claim. These admissions, made well into adulthood, undermine the credibility and legal viability of her claims (see Doe v. Red Roof Inns, Inc., 21 F.4th 714, 724 (11th Cir. 2021)). Sarah's defamation claim under Cal. Civ. Code § 46 similarly fails. The alleged defamatory statements by James Jackson are consistent with Sarah's own admissions and public declarations (Exhibit 19, 21, 22, 23, 26, 43, 44, 44a, 45, 45a, 58a) that no criminal conduct occurred by the Jacksons (CTAC ¶¶ 570–575; Exhibits 28, 29). As such, the statements lack both falsity and malice, which are required elements under Khawar v. Globe Int'l, Inc., 19 Cal. 4th 254, 262 (1998). Lucas & James Jackson always had a consistent story, while Sarah's has changed repeatedly, revealing her own blatant criminality.

U ni te

Her sexual abuse claim under Cal. Penal Code §§ 243.4 and 340.16 is also jurisdictionally and substantively defective. All alleged acts supposedly occurred in Washington according to Sarah, not California, and involved conduct Sarah previously described as consensual (CTAC ¶¶ 55–58, 587; Exhibit 11, 14, 15, 28, 29, 30, 35, 37, 38, 39, 43, 44, 44a, 45a, 50, 50a, 58b, 60, 61, 63, 68). These claims fail under the jurisdictional and factual standards articulated in People v. Betts, 34 Cal. 4th 1039, 1047 (2005).

Accordingly, all claims against the Jacksons must be dismissed for failure to state a claim.

**IX. INADEQUATE ALLEGATIONS UNDER THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT (TVPRA)**

Regina Alonso's TVPRA claim (18 U.S.C. §§ 1591(a)(1), 1595(a)) fails to allege a trafficking venture, knowing benefit, or knowledge of illicit activity (Doe v. Red Roof Inns, Inc., 21 F.4th 714, 724 (11th Cir. 2021)), necessitating dismissal under Federal Rule of Civil Procedure 12(b)(6) (Exhibit 28, 29). The CTAC shows no predicate acts—**Regina admits Lucas Jackson refused to assist her travel** (CTAC ¶¶ 413-416; Exhibit 1, 8, 59) **and she had no coversations with James** (Exhibit 2). **Her 2019 praise of Lucas (Exhibits 3, 4, 9) contradicts her allegations, rendering them implausible** (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Washington-based conduct (CTAC ¶¶ 413-416) further lacks a California nexus, undermining venue under 28 U.S.C. § 1391(b)(2).

**X. FAILURE TO STATE A CLAIM UNDER 18 U.S.C. §§ 2255 AND 2422**

Regina Alonso's claims under 18 U.S.C. §§ 2255 and 2422 lack factual support, requiring dismissal under Federal Rule of Civil Procedure 12(b)(6). Section 2422(b) requires intent to entice a minor into unlawful sexual activity with an overt act (United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007)), **but Regina admits Lucas Jackson refused to arrange travel**

(CTAC ¶¶ 413-416; Exhibit 1, 8, 59) and she remained a stranger to James who was busy working constantly and had no interest in this person he was not even familiar with (Exhibit 2). Section 2255 fails without a predicate violation (Doe v. United States, 58 F.4th 1313, 1324 (9th Cir. 2023)). Regina's 2019 praise of Lucas and promotion of Sarah & Lucas dating in 2019 (Exhibits 3, 4, 9, 52) contradicts her coercion narrative, rendering her claims implausible (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**XI. PLAINTIFFS' FRAUD-BASED ALLEGATIONS FAIL UNDER RULE 9(b)**

To the extent the CTAC's claims of coercion, trafficking, and enticement (CTAC ¶¶ 413-416, 492-494, 587) rely on allegations of fraudulent conduct—such as misrepresentation or deceit by the Jacksons—they fail to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that fraud be pled with particularity, specifying the "who, what, when, where, and how" of the alleged misconduct (Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). The CTAC offers only vague assertions of 'grooming' and 'enticement' without identifying specific false statements, their timing, or their manner of delivery (CTAC ¶¶ 413-416, 489-494). The evidence in Exhibits 1-70 thoroughly establish both Sarah and Regina Alonso lack of specific deceit allegations (CTAC ¶¶ 492-494) fall far short of Rule 9(b)'s demands. Ninth Circuit precedent applies this standard to TVPRA claims sounding in fraud (A.B. v. Hilton Worldwide Holdings Inc., 484 F. Supp. 3d 921, 936 (D. Or. 2020)), and the CTAC's conclusory pleading justifies dismissal of these claims under Rule 12(b)(6).

**XII. LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Plaintiffs fail to establish personal jurisdiction over James and Lucas Jackson. Their reliance on James's YouTube Partner Program participation (CTAC ¶¶ 21–26) involves no California-targeted conduct and does not satisfy due process (Walden v. Fiore, 571 U.S. 277, 284

(2014); Boschetto v. Hansing, 539 F.3d 1011, 1018 (9th Cir. 2008)). All alleged acts occurred in Washington, where the Jacksons reside (CTAC ¶¶ 51–58, 69–70). Google's California location (CTAC ¶¶ 72–73) cannot establish jurisdiction over them (Rush v. Savchuk, 444 U.S. 320, 332 (1980)). Dismissal under Rule 12(b)(2) is proper.

Venue is also improper under 28 U.S.C. § 1391(b), as no relevant conduct occurred in this District (Leroy v. Great Western United Corp., 443 U.S. 173, 183–84 (1979)). All witnesses and evidence are located in Washington, furthermore, Sarah, the plaintiff, called Washington State her "other home" as recent as 2021 (Exhibit 70), and requiring litigation in California imposes undue burden on all relevant parties. Under Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981), and Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09 (1947), forum non conveniens supports dismissal or transfer under Rule 12(b)(3) to the Western District of Washington.

## XIII. ABUSE OF PROCESS, RULE 11 VIOLATIONS, AND SANCTIONS JUSTIFICATION

The CTAC's claims, contradicted by plaintiffs' prior statements (Exhibits 1-70; CTAC ¶¶ 55-58, 413-416), suggest bad faith under Rule 11(b). Evidence of counsel's improper pressure on Sarah to pursue this suit (Exhibit 33) further supports this, violating standards in Barquis v. Merchants Collection Ass'n, 7 Cal. 3d 94, 104 (1972). This forum-shopping burdens the Jacksons and the Court (Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980)), justifying dismissal with prejudice (Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991)) and consideration of sanctions under Rule 11(c) and 28 U.S.C. § 1927. **The Jacksons respectfully request that the Court issue an Order to Show Cause why Plaintiffs and their counsel should not be sanctioned or referred for disciplinary review.**

## CONCLUSION

**The CTAC's bad-faith attempt to misuse this Court's jurisdiction and venue to harass Washington residents James and Lucas Jackson, with all events allegedly occurring in Washington** (CTAC ¶¶ 51-58, 69-70) and no California contacts (Walden v. Fiore, 571 U.S. 277, 284 (2014)), violates due process and venue standards (28 U.S.C. § 1391(b)). The claims fail plausibility under the TVPRA and §§ 2255, 2422, contradicted by Regina and Sarah's statements (Exhibits 1-70; CTAC ¶¶ 55-58, 413-416) (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Counsel's misconduct—extortion, coercion, and manipulation (Exhibits 32-34)—further taints the CTAC (Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991)). The CTAC's filing in this District is a transparent attempt to exploit Google's presence, dragging the Jacksons into a forum where they do not belong, in violation of traditional notions of fair play and substantial justice (Asahi, 480 U.S. at 113). As pro se litigants, the Jacksons respectfully request the Court's leniency in construing this motion, given their limited resources and plaintiffs' bad-faith tactics (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). **The Jacksons respectfully request that the Court: Dismiss all claims against them for lack of personal jurisdiction under Rule 12(b)(2); Dismiss for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1391(b); Dismiss for failure to state a claim under Rule 12(b)(6);** Or, in the alternative, sever the claims under Federal Rule of Civil Procedure 21 and transfer them to the United States District Court for the Western District of Washington, **where venue and jurisdiction are proper and just**. Additionally, the Jacksons request that the Court consider sanctions under Rule 11(c) and 28 U.S.C. § 1927, including suffered direct costs (over $20,000), to deter further abuse of process.

**For the foregoing reasons, Defendants James Jackson and Lucas Jackson respectfully request that this Court:**

1. Dismiss all claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2);
2. Dismiss for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1391(b);
3. Dismiss for failure to state a claim pursuant to Rule 12(b)(6);
4. In the alternative, sever the improperly joined claims under Rule 21 and transfer the matter to the United States District Court for the Western District of Washington; and
5. Consider imposing sanctions on Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 11(c) and 28 U.S.C. § 1927, in an amount the Court deems just and appropriate, for abuse of process and the prosecution of frivolous claims. These baseless allegations have caused Defendants severe and irreparable harm—including reputational damage, personal and professional hardship, and the loss of their primary ability to provide for their families—following the widespread dissemination of false accusations by Plaintiffs Sarah and Regina Alonso.

Respectfully submitted,

*/s/ Lucas Jackson*
Lucas Jackson (Pro se)
8702 123rd St E
Puyallup, WA 98373
Telephone: (253) 286-8311
Email: complexnucleus@gmail.com
Date: 4/5/25

*/s/ James Jackson*
James Jackson (Pro se)
8702 123rd St E
Puyallup, WA 98373
Telephone: (253) 286-8311
Email: complexnucleus@gmail.com
Date: 4/5/25