James Jackson & Lucas Jackson
8702 123rd St E, Puyallup, WA 98373
253-286-8311
complexnucleus@gmail.com
*Pro Se*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **Sarah and Regina Alonso**<br>**Plaintiffs,**<br>**vs.**<br>**Google LLC, YouTube LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"**<br>**Defendants.** | **Case Number: 3:23-cv-05523-JD**<br><br>**REPLY IN SUPPORT OF DEFENDANTS JAMES JACKSON AND LUCAS JACKSON'S MOTION TO DISMISS THE CONSOLIDATED THIRD AMENDED COMPLAINT**<br><br>**Hon. James Donato** |

## I. INTRODUCTION

Plaintiffs' Opposition (Dkt. 197) to Defendants' Motion to Dismiss (Dkt. 194) fails to cure the Consolidated Third Amended Complaint's (CTAC, Dkt. 193) fatal defects: lack of personal jurisdiction, improper venue, implausible claims, and Plaintiff Sarah's unverified participation. Defendants James and Lucas Jackson, Washington residents, face no California-directed allegations. Plaintiffs' reliance on YouTube's forum selection clause misstates law, as jurisdiction requires individual contacts (Bristol-Myers Squibb Co. v. Superior Ct., 137 S. Ct. 1773, 1781 (2017)). The Ninth Circuit rejects passive platform use, like YPP (Ex. 69) [1], for purposeful

[1] All references to "Exhibits" (1 through 70) correspond to the document titled "EXHIBITS FOR DEFENDANTS JAMES JACKSON AND LUCAS JACKSON'S MOTION TO DISMISS THE CONSOLIDATED THIRD AMENDED COMPLAINT" filed April 5, 2025 (Dkt. 194-1).

availment (Boschetto v. Hansing, 539 F.3d 1011, 1018 (9th Cir. 2008)). Venue is improper, as all events occurred in Washington (28 U.S.C. § 1391(b); Leroy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979)).

Sarah's lack of a sworn affidavit (Ex. G) [2], despite her denials ("I don't know anything about that," Ex. E; "never really wanted to file," Ex. C) and coercion fears (Ex. C, D), violates standing, due process, and Rule 11(b)(3) (Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Fuentes v. Shevin, 407 U.S. 67, 80 (1972); Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002)). Counsel's unsworn assurances (Ex. A) after Defendants' verification request (Exs. I, J) confirm bad faith (Trulis v. Barton, 107 F.3d 685, 692 (9th Cir. 1995)). The CTAC's Masha's Law (18 U.S.C. § 2255) and TVPRA (18 U.S.C. §§ 1591, 1595) claims are implausible, contradicted by Plaintiffs' admissions **(Dkt 194-1, Exs. 1, 2, 3, 4, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27a, 28, 29, 30, 31, 32, 33, 33a, 33b, 35, 35a, 36, 36c, 37, 38, 39, 40, 41, 43, 44, 45, 48, 49, 50, 50a, 51a, 56, 57, 58, 58a, 58b, 58c, 60, 63, 64, 67, 68)**(Iqbal, 556 U.S. 662, 678 (2009); Doe v. Red Roof Inns, Inc., 21 F.4th 714, 724 (11th Cir. 2021)).

As pro se litigants facing <$20,000 in costs to date and <$1,000 per California appearance (Mot. at 14), Defendants request a paper ruling (Local Rule 7-1(b); Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The Court should dismiss with prejudice under Rules 12(b)(2), (3), and (6) and impose sanctions under Rule 11(c) for counsel's vexatious conduct demonstrated in dkt 194-1 (Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991)).

## II. PLAINTIFFS FAIL TO ESTABLISH PERSONAL JURISDICTION

**Plaintiffs' Opposition (Dkt. 197 at 5) fails the Ninth Circuit's three-prong test for specific jurisdiction: purposeful direction, claims arising from forum-related activities, and**

[2] All references to "Exhibits" (A through H) correspond to the document titled "Exhibits A-H - Evidence Supporting Concern for Sarah's Representation" filed April 10, 2025 (Dkt. 195-1).

**reasonableness (Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)).** First, Defendants James and Lucas Jackson, Washington residents, engaged in no California-directed conduct. Their YouTube Partner Program participation (Ex. 69) is a global agreement, not a California-specific act (Boschetto v. Hansing, 539 F.3d 1011, 1018 (9th Cir. 2008)). **YouTube's forum selection clause does not bind Defendants, as jurisdiction requires individual contacts (Bristol-Myers Squibb Co. v. Superior Ct., 137 S. Ct. 1773, 1781 (2017)).** Second, prior Florida and Michigan transfers, based on YouTube's clause, did not adjudicate Defendants' contacts and are not law of the case (Walden v. Fiore, 571 U.S. 277, 283 (2014)). The Calder effects test fails, as Plaintiffs' alleged harm in California lacks intentional targeting (Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1070 (9th Cir. 2017)). Third, jurisdiction is unreasonable, imposing $1,000 per-appearance costs on pro se Defendants without California interest (Asahi Metal Indus. Co. v. Superior Ct., 480 U.S. 102, 113 (1987)). Sarah's claims (Ex. E) further negate jurisdiction (Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Dismissal under Rule 12(b)(2) is required.

**III. IMPROPER VENUE MANDATES DISMISSAL**

Plaintiffs' Opposition fails to establish venue under 28 U.S.C. § 1391(b), requiring dismissal under Fed. R. Civ. P. 12(b)(3). Venue demands defendants' residence, substantial forum events, or no alternative forum (§ 1391(b)). Defendants James and Lucas Jackson, Washington residents, have no California contacts, mandating dismissal under Rules 12(b)(2) and (3). The CTAC alleges no California acts by the Jacksons. **A fair trial for the Jacksons in California is not possible considering the evidence locations, witness locations, financial and logistical facts.** Sarah's interactions with Defendants occurred solely in Washington, and Regina never met either Defendant in any state per her own admissions **(Dkt 194-1, Exs. 1, 2, 8, 59). YouTube's forum selection clause binds only YouTube, not Defendants, who are not suing YouTube and thus unsubjected to its terms (Bristol-Myers Squibb Co. v. Superior Ct., 137 S. Ct. 1773, 1781 (2017)).** No party resided in California during the alleged events, severing any

jurisdictional or venue nexus (Walden v. Fiore, 571 U.S. 277, 285 (2014)). **This absolute lack of California ties demands dismissal with prejudice.**

**YouTube's forum selection clause and prior transfers do not bind Defendants, as venue hinges on their conduct (Leroy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979); Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960)). Internet use alone, absent California-targeted acts, fails to establish venue (Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (9th Cir. 2006)). The Western District of Washington, hosting all events, witnesses, and evidence (e.g., Sarah's NDA, police reports; Exs. 28-29), is the only proper venue (Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)). Dismissal is required.**

## IV. SARAH'S UNVERIFIED PARTICIPATION VIOLATES STANDING, RULE 11, AND DUE PROCESS

The CTAC's fatal flaw—Sarah's unverified participation—voids her standing, breaches Rule 11(b)(3), and violates due process, warranting dismissal and sanctions. Sarah's Masha's Law (18 U.S.C. § 2255) and TVPRA (18 U.S.C. §§ 1591, 1595) claims lack her affidavit (Ex. G), despite denials ("I don't know anything about that," Ex. E; "never really wanted to file," Ex. C) and coercion fears from counsel Lisa Haba (Ex. D). Haba's unsworn assurances (Dkt 195-1, Ex. A & Dkt 195-2) after Defendants' verification request (Exs. I, J) are insufficient (Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002)), constituting bad faith (Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1366 (9th Cir. 1991)). This misleads the Court (Trulis v. Barton, 107 F.3d 685, 692 (9th Cir. 1995)), negating standing and due process (Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Fuentes v. Shevin, 407 U.S. 67, 80 (1972)). Regina's & Sarah's combined unverified claims (Ex. G) amplify the CTAC's defects (Dkt. 197). The Court may dismiss Sarah's claims with prejudice, order a Rule 11(c)(3) show-cause hearing,

and impose sanctions, including Defendants' greater than $20,000 costs (Mot. at 14) and overwhelmingly irreparable wrongful reputational damages, under Rule 11(c) and 28 U.S.C. § 1927 (Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991)).

**V. COUNSEL'S ABUSE OF PROCESS WARRANTS DISMISSAL AND SANCTIONS**

The Court's inherent authority to curb bad faith conduct (Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991)) compels dismissal with prejudice. Counsel Lisa Haba's unverified prosecution of what is only allegedly Sarah's claims due to her lack of specific confirmation (Ex. G), and with her denials considered ("I don't know anything about that," Ex. E; "never really wanted to file," Ex. C) and defensive refusal to supply even basic documentation (Ex. A), misrepresents her participation, abusing judicial process (Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980)). This bad faith, costing Defendants $20,000 (Mot. at 14), justifies sanctions to deter further abuse.

**VI. PLAINTIFFS' CONTRADICTORY ADMISSIONS BAR CLAIMS UNDER RULE 12(b)(6)**

Plaintiffs' Masha's Law (18 U.S.C. § 2255) and TVPRA (18 U.S.C. §§ 1591, 1595) claims (Dkt. 197) are implausible under Iqbal, 556 U.S. 662, 678 (2009). Sarah's admissions that led to police concluding no crimes occurred (Dkt. 194-1, Exs. 28-29) and consensual conduct (Dkt 194-1, Exs. 1, 2, 3, 4, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27a, 28, 29, 30, 31, 32, 33, 33a, 33b, 35, 35a, 36, 36c, 37, 38, 39, 40, 41, 43, 44, 45, 48, 49, 50, 50a, 51a, 56, 57, 58, 58a, 58b, 58c, 60, 63, 64, 67, 68) negate coercion (Doe v. Red Roof Inns, Inc., 21 F.4th 714, 724 (11th Cir. 2021)). Regina's praise of Lucas and complete contradiction of the CTAC's claims (Exs. 3, 4, 9) implode the CTAC's blatantly defamatory narrative (Sprewell v.

Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)). The CTAC's unverified allegations (Ex. G), despite Sarah's denials (Exs. C, D, E), lack evidentiary support (Fed. R. Civ. P. 11(b)(3); Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002)**). Dismissal with prejudice is warranted, as further amendment would be futile. Plaintiffs have already filed <u>many failed complaints across three jurisdictions</u>—Florida, Michigan, and California, which have resulted in yet the frivolous and irredeemable CTAC. This pattern reflects both futility and a misuse of judicial resources, causing significant harm to the innocent Defendants. <u>Enough is enough.</u>** (Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**VII. COUNSEL'S BAD FAITH JUSTIFIES SANCTIONS UNDER RULE 11 AND § 1927**

Counsel Lisa Haba's continued prosecution of what is **<u>allegedly</u>** Sarah's claims in the CTAC (Ex. G), despite Sarah's recorded denial of knowledge of the lawsuit (Ex. E), expressed fears of coercion (Exs. C, D), and Defendants' formal request for verification, constitutes a clear violation of Rule 11(b)(3). <u>Rather than provide a basic notarized confirmation of Sarah's voluntary participation—free from past or present financial and legal threats by Ms. Haba or her associates, as Sarah herself recently suggested had occurred in early 2023 to the Jacksons directly—Ms. Haba instead responded to the basic request with a defensive, defamatory and unsubstantiated accusation against Defendant James Jackson (Exs. A, I). This evasive response not only failed to address the verification request but also further undermines the legitimacy of her filings, revealing a willingness to deflect scrutiny with knowingly false claims rather than cure a critical procedural defect.</u> Her defamatory statements against James Jackson (Ex. I) constitute bad faith (Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1366 (9th Cir. 1991)), Considering the reoccurring unethical documented behavior by Plaintiff's alleged counsel over the filings to date, the Court should issue a Rule 11(c)(3) show-cause order and impose sanctions

under Rule 11(c) and 28 U.S.C. § 1927 to deter further abuse, protecting pro se Defendants' from further needless and unwarranted financial losses (Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991)).

**VIII. FURTHER AMENDMENT OR DISCOVERY IS FUTILE**

The CTAC's defects—no California contacts, Sarah's unverified claims (Exs. C, E, G), and Regina's contradictory/vindicating admissions (Exs. 2, 3, 4, 8, 9, 48, 49, 55, 59)—are incurable (Bristol-Myers Squibb Co. v. Superior Ct., 137 S. Ct. 1773, 1781 (2017); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). **Three+ amendments and Plaintiffs' failure to address these issues confirm futility (Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)).** Jurisdictional discovery is baseless, as Defendants' global YouTube activities (Ex. 69) lack California targeting (Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006)). Dismissal with prejudice prevents further bad faith litigation, sparing Defendants' having to endure more than the <$20,000 costs lost thus far as well as further irreparable wrongful reputational harm and defamatory damages (Mot. at 14) (Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991)).

**CONCLUSION**

Plaintiffs' Opposition (Dkt. 197) cannot salvage the fatally defective CTAC (Dkt. 193), which collapses under Rules 12(b)(2), (3), and (6). Defendants James and Lucas Jackson, Washington residents, face no California contacts, rendering jurisdiction and venue improper (Bristol-Myers Squibb Co. v. Superior Ct., 137 S. Ct. 1773, 1781 (2017); Leroy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979)). The CTAC's Masha's Law (18 U.S.C. § 2255) and TVPRA (18 U.S.C. §§ 1591, 1595) claims, unverified (Ex. G) and contradicted by admissions

(Dkt 194-1, most exhibits), fail Rule 9(b)'s particularity standard (Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). Sarah's denials ("I don't know anything about that," Ex. E), Haba's outright refusal to comply with basic requests for confirmation of Sarah's actual will participation, defensive accusatory reaction and reported coercion by Sarah regarding counsel Lisa Haba (Ex. C, D) void her standing (Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Haba's egregious misconduct—unverified filings (Ex. G), coercive pressure on Sarah (Exs. C, D, E), and blatantly defamatory accusations against the Jacksons (All Exhibits, Dkt. 194-1), constitutes bad faith, demanding sanctions under Rule 11(c) and 28 U.S.C. § 1927 (Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1366 (9th Cir. 1991)). Multiple failed amendments, unremedied despite Defendants' evidence (Dkt. 194-1), confirm the CTAC's futility, barring further leave to amend (Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)). Her vexatious litigation, costing Defendants in excess of $20,000 (Mot. at 14), compels dismissal with prejudice and a Rule 11(c)(3) show-cause hearing (Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991)).

As pro se litigants burdened with more than $20,000 in costs and facing <$1,000 per California appearance (Mot. at 14), Defendants respectfully request a paper ruling (Local Rule 7-1(b); Haines v. Kerner, 404 U.S. 519, 520-21 (1972)) to:

- Dismiss all claims with prejudice under Fed. R. Civ. P. 12(b)(2), (3), and (6) for lack of jurisdiction, improper venue, and failure to state a claim, including Rule 9(b)'s particularity standard (Bristol-Myers Squibb Co. v. Superior Ct., 137 S. Ct. 1773, 1781 (2017); Iqbal, 556 U.S. 662, 678 (2009));
- Dismiss Sarah's claims with prejudice for lack of Article III standing, given her unverified participation and denials (Exs. C, D, E; Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992));

- Deny leave to amend, as three failed amendments, inability to remedy severe issues with Lisa Haba's frivolous complaint and Plaintiffs' contradictions confirm futility (Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000));
- Deny jurisdictional discovery, as Defendants James and Lucas Jackson, Washington residents, have no California contacts, and all alleged events, evidence, and witnesses are Washington-based, rendering discovery futile and California litigation unfair (Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006); Asahi Metal Indus. Co. v. Superior Ct., 480 U.S. 102, 113 (1987)).
- Issue a Rule 11(c)(3) show-cause order to probe counsel Lisa Haba's bad faith in filing unverified claims (Dkt. 194-1, All Exhibits, Dkt. 195-1 All Exhibits, Dkt. 195-2; Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002));
- Impose sanctions under Rule 11(c) and 28 U.S.C. § 1927, including Defendants' greater than $20,000 in costs/prior attorney's fees, due to Haba's vexatious litigation (Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1366 (9th Cir. 1991); Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991)).

Respectfully,

*<u>/s/ Lucas Jackson</u>*
Lucas Jackson (Pro se)
8702 123rd St E
Puyallup, WA 98373
Telephone: (253) 286-8311
Email: complexnucleus@gmail.com
Date: 4/22/25

*<u>/s/ James Jackson</u>*
James Jackson (Pro se)
8702 123rd St E
Puyallup, WA 98373
Telephone: (253) 286-8311
Email: complexnucleus@gmail.com
Date: 4/22/25